# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| ROBERT K. HUDNALL, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action No. 3:22-cv-00036-CM |
| § | | |
| STATE OF TEXAS, *et al.*, § | | |
| *Defendants.* § | | |
| § | | |

## JUDGE SERGIO ENRIQUEZ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE KATHLEEN CARDONE:

NOW COMES Defendant Judge Sergio Enriquez, and files this Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings, pursuant to FED. R. CIV. P. 12(c).

## I.
## INTRODUCTION

Robert Hudnall ("Plaintiff") files this lawsuit against a large number of people, including Judge Enriquez, related to a contract dispute over roofing that occurred in 2014. (Doc 1-3, p. 65, ¶ 4). This lawsuit is one of many initiated by Plaintiff to protest the arbitration of his contract dispute. *See Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00293-CV, 2020 WL 401841 (Tex. App.- El Paso, Jan. 24, 2020); *Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00217-CV, 2019 WL 4668508 (Tex.App.—El Paso Sept. 25, 2019, no pet.)(mem. op.). Plaintiff already has a federal lawsuit in the Western District regarding his dislike for the arbitration order. *See Robert K. Hudnall and Sharon Elias Hudnall v. Ty Smith, et al.*, No. EP-21-

CV-00106-FM, In the United States District Court for the Western District of Texas, El Paso Division.

Here, Plaintiff brings claims against the State of Texas for denial of his rights under the U.S. Constitution, Title II of the Americans with Disabilities Act, and the ADA Amendments Act of 2008. (Doc. 1-3, page 76). He also complains of violation of the Human Resources Code and "Elder abuse" and causing "Legal Abuse Syndrome" which are not private causes of action. (Doc. 1-3, pages 81-82). The vehicle for vindication of constitutional guarantees is 42 U.S.C. § 1983.

Judge Enriquez filed a Motion for Judgment on the Pleadings in which he demonstrates that Plaintiff lacks Standing to bring claims against Judge Enriquez, Judge Enriquez has Judicial and Sovereign Immunity from Plaintiff's claims, and Plaintiff fails to state a claim upon which relief may be granted. (Doc. 7).

Other defendants, the State of Texas, Evanston Insurance Company, the American Arbitration Association and Guy M. Bluff each filed motions to dismiss (Docs. 6, 8, and 10) that are pending before the Court and are ripe for a decision.

Plaintiff has now filed his own Motion for Judgment on the Pleadings (Doc. 16).

For the reasons stated below, this Court should deny Plaintiff's motion.

## II.
## STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) also uses the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *See Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010), *citing Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "[T]he central issue is whether, in the light most favorable to the [non-movant], the complaint states a valid claim for relief." *Id*. (*quoting Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th

Cir.2001)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## III.
## ARGUMENT AND AUTHORITIES

Not only is Plaintiff NOT entitled to judgment on the pleadings, but Judge Enriquez should be dismissed from this lawsuit. In his Motion for Judgment on the Pleadings, Plaintiff suggests that Judge Enriquez has never disputed that Plaintiff's allegations are true. (Doc. 16, ¶ 25). However, Judge Enriquez did deny Plaintiff's factual allegations. (Doc. 1-3, page 108). Moreover, Judge Enriquez has already presented and fully briefed the reasons why Plaintiff cannot prevail on any of his claims against Judge Enriquez. (Doc. 7). Plaintiff has not overcome the immunities of Judge Enriquez, nor has he established his own standing to bring such claims, or even alleged facts from which the Court could infer liability on the part of Judge Enriquez.

A. **Plaintiff lacks Standing to bring claims against Judge Enriquez**

To establish standing "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not

conjectural or hypothetical... there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court… Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (internal quotation marks and citations omitted) *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). In this case, Plaintiff does not meet these requirements.

1. **No Justiciable Controversy**

As an initial matter, Plaintiff does not present a justiciable controversy. "The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests. The requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). Plaintiff's claims against Judge Enriquez are solely based on his actions in a state court proceeding in his adjudicatory capacity. Plaintiff specifically complains of judicial decisions of Judge Enriquez in applying "the legal principles of *res judicata* and collateral estoppel" and ordering the case before him sent to arbitration. (Doc. 1-3, page 82, ¶¶ 57 and 59).

Moreover, as the Supreme Court recently reaffirmed, judges are not generally subject to injunctions from federal courts as "those individuals do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties. If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to this Court, not the entry of an *ex ante* injunction preventing the state court from hearing cases. As *Ex parte Young* put it, "an injunction against a state court" or its 'machinery' 'would be a violation of the whole scheme of our Government.' " *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021), citing *Ex parte Young*, 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Judge Enriquez is simply not the right party for Plaintiff to seek relief from.

2. **No Injury Traceable to Conduct of Judge Enriquez**

Plaintiff does not identify any particular injury that was caused by (or fairly traceable to) the actions of Judge Enriquez. Arbitration is not an "injury." An adverse ruling on legal issues like *res judicata* are not "injuries." Plaintiff complains that he was not allowed to represent himself in state court (Doc. 1-3, page 83, ¶ 61), but he judicially admits that he did represent himself. Plaintiff admits he presented his arguments to Judge Enriquez in court. (Doc. 1-3, page 87, ¶ 73). Plaintiff just doesn't like Judge Enriquez's decision.

3. **No Redressability**

Further, relief is not available against Judge Enriquez. Monetary damages are unavailable because of judicial and sovereign immunity, as discussed *infra*. Injunctive relief is not available "because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See LaBranche v. Becnel*, 559 F Fed. Appx. 290, 291 (5th Cir.2014).

As a result, Plaintiff does not establish his own standing to bring claims against Judge Enriquez, and this deprives the Court of jurisdiction over any such claims. The claims against Judge Enriquez should be dismissed as a matter of law. FED. R. CIV. P. 12(b)(6) and 12(c).

B. **Plaintiff's claims are barred by the Eleventh Amendment**

Plaintiff fails to meet his burden to show that an exception to sovereign immunity applies with respect to his claims against Judge Enriquez. Instead, he misrepresents the burden as if it applied to Judge Enriquez, instead of Plaintiff. The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas, its agencies, or its officials acting in their official capacities, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984). "[U]nless the state has

waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), citing *AT&T Commc'ns v. Bellsouth Telecomms. Inc.*, 238 F.3d 636, 644-45 (5th Cir. 2001).

Thus, once invoked, the burden is on the Plaintiff to prove that it is some factual dispute regarding the waiver or abrogation of immunity.

Even after removal to this Court, Judge Enriquez retains immunity from liability regarding Plaintiff's claims against him in his official capacity. *See Meyers ex rel. Benzing v. Texas*, 454 F.3d 503, 504 (5th Cir. 2006). Plaintiff has not provided facts from which this Court could find an exception to sovereign immunity applies.

Because of Eleventh Amendment and state sovereign immunity, Plaintiff is not entitled to judgment on the pleadings and Judge Enriquez in his official capacity is entitled to dismissal of those claims because he retains immunity from liability and those claims must be dismissed. FED. R. CIV. P. 12(b)(6) and 12(c).

1. **§ 1983 Claims**

It is well established that the State of Texas and its officials are immune from Constitutional claims brought under 42 U.S.C. § 1983. *See Howlett v. Rose*, 496 U.S. 356, 364 (1990); *see also Fox v. Mississippi*, 551 F. App'x 772, 774–75 (5th Cir.2014) (per curiam) (holding Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities).

Plaintiff has actual knowledge that his Constitutional claims are barred, because he has already brought claims against a state agency which were dismissed on this basis. *See Hundall v. Univ. of Texas at El Paso*, No. EP-13-CV-00365-DCG, 2014 WL 12496895, at *6 (W.D. Tex.

Feb. 21, 2014) ("As Section 1983 is inapplicable to UTEP and Defendants acting in their official capacities, Plaintiff's Section 1983 claims must be dismissed").

2. **Title II of the ADA/ ADAAA**

In *United States v. Georgia*, 546 U.S. 151, 159-60 (2006), the Supreme Court held that Title II validly abrogates state sovereign immunity for conduct that violates the Constitution. The Court established a three-part test for determining whether this abrogation of state sovereign immunity applies in a particular case: a court must (1) "consider 'which aspects of the State's alleged conduct violated Title II' "; (2) "determine 'to what extent such misconduct also violated the Fourteenth Amendment.' "; and (3), if it finds that the conduct violated Title II but not the Fourteenth Amendment, "the court must then determine 'whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.' " *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting *Georgia*, 546 U.S. at 159).

Here, Plaintiff does not allege any facts from which the Court could conclude that Judge Enriquez's conduct violated Title II of the ADA or ADAAA. No valid abrogation of Judge Enriquez's immunity in his official capacity occurred.

3. **State Torts**

To the extent that Plaintiff intended to bring state tort claims, no waiver or abrogation of sovereign immunity is presented. The Texas Tort Claims Act contains a limited waiver of sovereign immunity, but that waiver only applies in state court. *Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996) (holding the Texas Tort Claims Act "waives sovereign immunity in state court only"). Moreover, the Texas Torts Claim Act does not waive Texas' sovereign immunity for intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2) ("This chapter does not apply to a claim ... arising out of assault, battery, false imprisonment, or any other

intentional tort...."); *see also Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009) ("Furthermore, the TTCA does not apply to claims arising out of an intentional tort."). Abuse of Process is an intentional tort. *See Duffie v. Wichita Cty.*, 990 F. Supp. 2d 695, 716 (N.D. Tex. 2013) (abuse of process is an "intentional tort" under the Texas Tort Claims Act).

Even if the TTCA waived immunity for the tort claims Plaintiff might intend to bring, that waiver could not be applied to Judge Enriquez as a matter of law, as the statute expressly states:

```
JUDICIAL.  (a)  This chapter does not apply to a claim
based on an act or omission of a court of this state or
any member of a court of this state acting in his
official capacity or to a judicial function of a
governmental unit. "Official capacity" means all duties
of office and includes administrative decisions or
actions.
```

TEX. CIV. PRAC. & REM. CODE § 101.053 (emphasis added).

**4. Other Potential Claims**

To the extent that Plaintiff wanted to bring any other claims, no waiver or abrogation of sovereign immunity is presented. Plaintiff complains of "violation of the Human Resources Code" and causing "Legal Abuse Syndrome" (Doc. 1-3, pages 81-82), but those are not causes of action[1] at all and are not causes of action for which sovereign immunity has been waived or abrogated in federal court.

**C.   Judicial Immunity**

"The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Hicks v. Bexar Cty.*, Tex., 973 F.Supp. 653, 667-72 (W.D. Tex. 1997), citing *Bogney*

---

[1] *See e.g., Reeves v. Wells Fargo Bank, NA*, No. EP-14-CV-00187-DCG, 2014 WL 12493287, at *8 (W.D. Tex. Dec. 18, 2014) ("Legal Abuse Syndrome" is not a recognized cause of action).

*v. Jones*, 904 F.2d 272, 274 (5th Cir.1990). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12, (1991). This immunity is so pervasive that it bars suit for claims far more significant than the allegations raised in this litigation, applying even when a judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). This immunity can be overcome only by demonstrating that the conduct complained of was non-judicial or by showing that the conduct was "in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Judge Enriquez is entitled to judicial immunity. Sergio Enriquez is the presiding judge of the 448th District Court of El Paso County, Texas. The 448th District Court of El Paso County, Texas is a state district court of general jurisdiction, established by statute. GOV'T CODE § 24.592.

Plaintiff has alleged no actions taken by Judge Enriquez that are non-judicial acts or acts taken in the clear absence of all jurisdiction. *See Boyd*, 31 F.3d at 284. To the extent that Plaintiff might be unhappy with some court proceedings presided over by Judge Enriquez (Doc. 1-3, pages 81-88), there is no factual allegation that would divest Judge Enriquez of judicial immunity. Plaintiff's opinion that a court order regarding arbitration, issued in a court case presided over by Judge Enriquez, is an administrative act, rather than a judicial act (Doc. 1-3, page 82, ¶ 59), is unsupported by any legal authority and is simply incorrect. Listening to Plaintiff's legal arguments on res judicata and collateral estoppel and making a ruling on those arguments, as Plaintiff admits happened (Doc. 1-3, page 82, ¶ 57 and page 83-84, ¶ 60), are judicial actions, even if Plaintiff is displeased with the outcome.

Judge Enriquez was not rendering his decisions "in the absence of all jurisdiction" either. In the context of judicial immunity, the "absence of jurisdiction" exception refers to situations where a judge acts purely in a private and non-judicial capacity, rather than when the judge

incorrectly exercises authority over a matter outside of the jurisdiction of the court brought in his or her court. *See Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir.1979); *see also Brown v. United States Postal Inspection Serv.,* 206 F. Supp. 3d 1234, 1249 (S.D. Tex. 2016). "In determining whether there is a complete absence of jurisdiction in the context of judicial immunity, "the scope of the judge's jurisdiction must be construed broadly." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017), quoting *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). In this lawsuit, it is uncontested that Judge Enriquez was presiding over Cause No. 2015DCV 1113, a case brought in Judge Enriquez's court, the 448th District Court. (Doc. 1-3, page 61). Judge Enriquez's decisions would still be within the scope of judicial immunity because they do not reflect Judge Enriquez acting purely in a private and non-judicial capacity. *See Henzel v*, 608 F.2d at 658.

Because Plaintiff's claims against Judge Enriquez are barred by Judicial Immunity, Plaintiff is not entitled to judgment on the pleadings, and Judge Enriquez is entitled to dismissal.

**D.     Plaintiff fails to state a claim upon which relief may be granted**

Plaintiff is not entitled to judgment on the pleadings because he has failed to state a claim against Judge Enriquez. At most, Plaintiff's allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level" with respect to the State of Texas. *Iqbal*, 129 S.Ct. at 1949. These claims must be dismissed, pursuant to FED. R. CIV. P. 12(b)(6) and 12(c).

**1. No *prima facie* case**

Plaintiff has not sufficiently pled facts from which the Court could infer liability on the part of Judge Enriquez. Plaintiff has not alleged specific actions taken by Judge Enriquez that actually deprived Plaintiff of any rights. Plaintiff's "conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d at 284.

### a. Constitutional violation – Due Process

Plaintiff alleges no facts to suggest that Judge Enriquez violated Plaintiff's right to due process. (Doc. 1-3, pages 76-78). In fact, Plaintiff does not present facts to suggest that anyone violated his right to due process. Although Plaintiff makes the conclusory suggestion that his right to due process was violated, it is indisputable that he participated in extensive litigation, and the state court ordered the matter to arbitration. The due process clause of the Constitution does not guarantee the outcome Plaintiff prefers. Arbitration does not violate due process if it allows parties to be to be heard at a meaningful time and in a meaningful manner. *See OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 500 (5th Cir. 2020).

### b. Constitutional violation – Equal Protection

Plaintiff alleges no facts to suggest that Judge Enriquez violated Plaintiff's right to equal protection. (Doc. 1-3, pages 76-78). To state a claim under the Equal Protection Clause, Plaintiff must allege facts from which the Court could conclude that Judge Enriquez intentionally discriminated against the plaintiff because of membership in a protected class. *See Wheeler v. Miller*, 168 F.3d 241, 242 (5th Cir. 1999) (equal protection claim requires proof that similarly situated individuals were treated differently); *Washington v. Davis*, 426 U.S. 229, 247-48 (1976).

Plaintiff does not allege facts to show that he is a member of a protected class. Plaintiff does not allege any individuals were treated differently from himself.

### c. Title II of the ADA and ADAAA

For Title II of the ADA, "a plaintiff raises a viable claim under either by alleging that (1) he has a qualifying disability; (2) he is being denied the benefits of services, programs, or activities

for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) he is being discriminated against by reason of his disability." *Back v. Texas Dep't of Criminal Justice Institutional Div.,* 684 F. App'x 356, 358 (5th Cir. 2017), citing *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

As a threshold matter, Plaintiff does not identify a qualifying disability. Even assuming a qualifying disability arguenndo, Plaintiff does not provide facts to show he was discriminated against or denied access to the courts or any other "benefits of services, programs, or activities for which Judge Enriquez is responsible.

Most significantly, Plaintiff alleged no facts from which the Court could determine that he was denied any benefits "by reason of his disability." Plaintiff tells the Court in no uncertain terms that Judge Enriquez denied "Judge Sergio Enriquez refused to listen to Plaintiffs points since he was representing himself *as a pro se litigant*." (Doc. 1-3, page 87, ¶ 73) (emphasis added). Although Judge Enriquez denies that he treated Plaitniff different from any other litigant, Plaintiff's statement conclusively disproves any suggestion of discrimination "by reason of his disability." No facts have been alleged from which this Court could conclude that Plaintiff was intentionally discriminated against on the basis of his disability.

**2. Limitations**

There is a two year statute of limitations for each of Plaintiff's claims. *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (in Texas, a two year limitations period applies to Title II of the ADA); *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008) (§ 1983 limitations period in Texas is two years).

Plaintiff's primary complaint is that Judge Enriquez ordered arbitration in one of Plaintiff's lawsuits. (Exhibit 1-3, page 68, ¶ 19). This happened, at the latest, in September of 2019, because

Plaintiff tried to appeal the arbitration order, and the Eighth Court of Appeals dismissed that appeal (for the first time) in September of 2019. *Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00217-CV, 2019 WL 4668508 (Tex.App.—El Paso Sept. 25, 2019, no pet.)(mem. op.). Plaintiff could not have appealed the order if it had not occurred on or before September 25, 2019, the date of the appellate opinion.

Plaintiff filed this lawsuit on December 2, 2021. (Exhibit 1-3, page 2). This is more than 2 years after the order for arbitration and any events that led up to that order. Plaintiff does not complain of any action by the State of Texas (or any party) that allegedly occurred within the two-year limitations period.

### 3. Relief against Judge Enriquez is Unavailable under § 1983

"States and their officials are not 'persons' under Section 1983." *Daves v. Dallas Cty., Texas,* 22 F.4th 522, 532 (5th Cir. 2022), citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Accordingly, Plaintiff's due process and equal protection claims cannot apply to Judge Enriquez in his official capacity.

In addition, injunctive relief is not available against Judge Enriquez under § 1983 as a matter of law. Plaintiff "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See LaBranche v. Becnel*, 559 Fed.Appx. 290, 291 (5th Cir.2014).

Moreover, to the extent that Plaintiff complains of any Constitutional violations, those claims would be actionable under 42 U.S.C. § 1983, which explicitly does not allow for injunctive relief against judges. That statute, in pertinent part, reads:

> except that in any action brought *against a judicial officer* for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not he granted unless a declaratory decree was violated or declaratory relief was unavailable*.

42 U.S.C. § 1983) (emphasis added). Plaintiff has not alleged that a decree was violated or alleged facts to suggest that declaratory relief was unavailable.

## IV.
## CONCLUSION

This Court should deny Plaintiff's motion for judgment on the pleadings and dismiss Plaintiff's claims against Judge Enriquez as described hereinabove. The claims in this litigation are prohibited by judicial immunity, state sovereign immunity, Plaintiff's own lack of standing, and for failure to state a claim on which relief may be granted.

WHEREFORE, Defendant Judge Sergio Enriquez prays Plaintiff takes nothing by his suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT JUDGE SERGIO ENRIQUEZ*

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Judge Enriquez's Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings* was served on the February 28, 2022, upon all parties who have entered an appearance, using the CM/ECF system and upon the following individual by Certified Mail, Return Receipt Requested and via regular mail:

Robert K. Hudnall                                              *Pro Se Plaintiff*
5823 N. Mesa, #839
El Paso, Texas 79912

Via Certified Mail: 7018 2290 0001 4288 2994

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General