UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ROBERT K. HUDNALL,** | § § § § | |
| Plaintiff | | |
| v. | § § § | |
| **STATE OF TEXAS, CITY OF EL PASO TEXAS, JUDGE SERGIO ENRQUEZ, ALEJANDRO C. RAMIREZ, TYRONE SMITH dba SMITH AND RAMIREZ RESTORATION LLC, GUY BLUFF, THE AMERICAN ARBITRATION ASSOCIATION AND EVANSTON INSURANCE COMPANY,** | § § § § § § § § § § § § § | Civil Action No.: 3:22-cv-00036-KC |
| Defendants. | § | |

## RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT

Defendant Evanston Insurance Company ("Evanston") files this Response to Plaintiff's Motion for Judgment on the Pleadings[1], and in support, respectfully shows the following:

### I.

### Factual and Procedural Background

This case arises from a dispute between Plaintiff Robert Hudnall and Defendant Smith & Ramirez Restoration, LLC ("Smith and Ramirez") concerning the replacement of a roof on Plaintiff's house.[2] Plaintiff was unhappy with the roof installation, leading to a breach of contract lawsuit in the 448th District Court in El Paso, Texas.[3] In a separate action, the bonding company

---

[1] By filing his motion for judgment on the pleadings, Plaintiff appears to have abandoned his challenge to the Court's subject matter jurisdiction.

[2] Plaintiff's First Amended Petition, ¶17. A copy of the pleading is contained within Exhibit 1 to Defendant's Notice of Removal, Dkt.# 1-3.

[3] *Id*. at ¶28.

for Smith and Ramirez, Old Republic Surety Company, interpleaded bond funds with the El Paso County Court at Law No. 3.[4] The lawsuit between the Hudnalls and Smith and Ramirez was referred to arbitration.[5]

Plaintiff and his wife previously sued many of the current Defendants in a state court case styled *Robert K. Hudnall and Sharon Elia Hudnall v. Ty Smith, et al.*, Cause No. 2021DCV1187, filed in the County Court at Law number 6, El Paso County, Texas. That lawsuit was characterized as a RICO case against all defendants. That action was removed to federal court on May 12, 2021 (Judge Frank Montalvo presiding).[6] The Defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6), and the court granted those motions by orders dated July 9, 2021, August 10, 2021, and December 20, 2021.[7] Plaintiff filed essentially the same lawsuit again in state court, this time asserting claims under the Americans with Disabilities Act, and other various claims, arising out of the same facts.[8]

Evanston removed this case on January 26, 2022 and filed a motion to dismiss on February 8, 2022. Plaintiff did not file a response to Evanston's motion to dismiss. Evanston has not yet filed an answer, pending disposition of its motion to dismiss.

---

[4] *Id*. at ¶27.

[5] *Id*. at ¶14, 19.

[6] Cause No. EP-21-CV-00196-FM.

[7] See Cause No. EP-21-CV-00196-FM, Dkt. #48 (granting dismissal of Kurt Pazson, Garret Yancy, James Martinez, and Mounce, Green, Myers, Safi, Paxson & Galatzen), Dkt. #68 (granting dismissal of Gary Bluff), and Dkt. #77 (granting dismissal of Evanston). Plaintiff filed an appeal on some of those dismissals, and the Fifth Circuit Court of Appeals dismissed the appeal on December 23, 2021.

[8] While the Defendants are not identical to the prior lawsuit, Defendants common to the prior lawsuit are: Ty Smith, Alejandro Ramirez, Smith & Ramirez Restoration, LLC, Guy Bluff, and Evanston.

## II.

## Argument and Authorities

### A. Legal Standards for a Motion for Judgment on the Pleadings

Courts analyze a motion for judgment on the pleadings under Rule 12(c) under the same standard as a motion to dismiss under Rule 12(b)(6). *Phillips v. City of Dallas*, 781 F.3d 772, 775 (5th Cir. 2015). A motion for judgment on the pleadings is intended to dispose of a case where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Allegations that are conclusory in nature need not be accepted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 739 (1983).

### B. Plaintiff's Motion Fails as a Matter of Law Because the Pleadings Are Not Closed with Respect to Evanston

Rule 12(c) states that "[a]fter the pleadings are closed-but early enough not to delay trial- a party may move for judgment on the pleadings." In this case, Evanston filed a motion to dismiss on February 8, 2022, and has not yet filed an answer. As a result, a Rule 12(c) motion is premature with respect to Evanston. As the standards for analyzing a motion for judgment under Rule 12(c) are similar to those under Rule 12(b)(6), the court must look to the pleading of the party resisting the motion. If the pleadings were closed, the court would liberally construe the pleadings of Evanston—the party opposing the motion for judgment. Here, that is not possible, since Evanston has not yet answered Plaintiff's complaint. Even if one were to consider Evanston's Rule 12(b)(6) motion the relevant responsive pleading, the motion refutes all of Plaintiff's causes of action with respect to Evanston.

### C. Plaintiff's Motion Fails to Establish Facts Supporting His Claims, and Fails to Properly State Claims on Which Relief Can be Granted

Plaintiff's sole reference to Evanston in the motion for judgment on the pleadings is in paragraph 29, in which Plaintiff alleges Evanston "held themselves out as the liability insurance company for Defendant Roofers as required under the Contractor Registration Requirements … of the City of El Paso." Plaintiff further states he was a third-party beneficiary to that insurance policy. Plaintiff does not offer any additional factual allegations regarding Evanston that are not set forth in the amended petition filed in state court. Evanston addressed Plaintiff's failure to state a claim in its motion to dismiss pursuant to Rule 12(b)6). Specifically, Plaintiff failed to allege facts sufficient to support his claims against Evanston for fraud, breach of contract, conspiracy, or denial of rights as a third-party beneficiary.[9] For the reasons set forth in Evanston's motion to dismiss, Plaintiff's conclusory allegations against Evanston are not supported by established facts and are not legally viable.

### CONCLUSION

Evanston requests that Plaintiff's motion be denied, and that Evanston be awarded any further relief to which it be entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi — Attorney in Charge
Texas Bar No. 24041468
*stephenm@tbmmlaw.com*
Frank M. Kennedy
Texas Bar No. 00787820
*frankk@tbmmlaw.com*
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile: 214-665-0199

---

[9] See Evanston's Motion to Dismiss, Dkt.#8.

**ATTORNEYS FOR DEFENDANT
EVANSTON INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to all counsel of record. Plaintiff was also served via email and regular mail as follows:

Mr. Robert K. Hudnall
5823 N. Mesa, #839
El Paso, Texas 79912
kenhudnall0@gmail.com
**Plaintiff Pro Se**

                                              */s/ Frank M. Kennedy*
                                              Frank M. Kennedy