IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERT K. HUDNALL | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:22-CV-00036-KC |
| | § | |
| STATE OF TEXAS, CITY OF EL PASO, | § | |
| TEXAS, JUDGE SERGIO ENRIQUEZ, | § | |
| ALEJANDRO C. RAMIREZ, TYRONE | § | |
| SMITH dba SMITH AND RAMIREZ | § | |
| RESTORARION LLC, GUY BLUFF, | § | |
| THE AMERICAN ARBITRATION | § | |
| ASSOCIATION, AND EVANSTON | § | |
| INSURANCE COMPANY | § | |
| Defendants. | § | |

## DEFENDANT CITY OF EL PASO'S RESPONSE TO
## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the CITY OF EL PASO ("the City"), Defendant in the above entitled and numbered cause, and hereby files its Response to Plaintiff's Motion for Judgment on the Pleadings and would respectfully show the Court as follows:

## I. PROCEDURAL HISTORY

1. Robert K. Hudnall ("Plaintiff") filed his Original Petition against the City and others on December 2, 2021 in the County Court at Law Number Six of El Paso County, Texas under Cause Number 2021DCV4135, related to a contract dispute over roofing that occurred in 2014. [ECF No. 1-3].

2. The City filed its Original Answer, Special Exceptions, and Affirmative Defenses to Plaintiff's Original Petition on January 10, 2022 in the County Court at Law Number Six of El Paso County, Texas denying Plaintiff's allegations. [ECF No. 1-3].

3. Defendant Evanston Insurance Company ("Evanston") timely filed its Notice of Removal in federal court on January 26, 2022 [ECF No. 1].

4. Plaintiff filed his Motion for Judgment on the Pleadings on February 18, 2022. [ECF No. 16].

5. Defendants have fourteen days to respond to motions. Western District of Texas Local Rules CV-7(D)(2).

## II. LEGAL STANDARD

6. A motion for judgment on the pleadings under Rule 12(c) also uses the same standard as a motion to dismiss under Rule 12(b)(6) for a failure to state a claim. *See Gentiello v. Rage*, 627 F.3d 540, 543-44 (5th Cir. 2010), *citing Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "[T]he central issue is whether, in the light most favorable to the [non-movant], the complaint states a valid claim for relief." *Id. (quoting Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

7. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### III. ARGUMENT

8.   Plaintiff is not entitled to judgment on the pleadings.  In his Motion for Judgment on the Pleadings, Plaintiff states that "[n]one of the defendants have submitted anything to show that any of the documents supporting Plaintiff's allegations are incorrect, invalid or wrongfully interpreted." [ECF No. 1-3].  This is patently untrue, as the City has filed an answer denying all of Plaintiff's claims against it.  [ECF No. 1-3].

9.   As far as the City can tell, the only factual allegation the Plaintiff has made against it in its Original Petition is that "there was no evidence that a [City] inspector had set foot on [his] property" when it allegedly inspected and approved the work that had been done on his roof in violation of local ordinance.  [ECF 1-3].  This is further supported by Plaintiff's Motion for Judgment on the Pleadings wherein once again, this is the only factual allegation made against the City.  [ECF 16].  In no way does the information provided in Plaintiff's pleadings give the City notice of the legal allegations made against it in Plaintiff's Original Petition, let alone entitle him to judgment against the City.  [ECF No. 1-3].

10.   Plaintiff's pleadings are vague, conclusory in nature, and lack the specificity required of him. *Ashcroft*, 129 S. Ct. 1937.

### IV. CONCLUSION

11. **WHEREFORE, PREMISES CONSIDERED**, the City prays that this Court deny Plaintiff's Motion for Judgment on the Pleadings and for any other relief to which the City may be justly entitled in law or equity.

Respectfully submitted,

**KARLA M. NIEMAN, City Attorney**
State Bar No.: 24048542
P.O. Box 1890
El Paso, Texas 79950-1890
Tel.: (915) 212-0033
Fax: (915) 212-0034

Date: March 4, 2022          By:     _/s/_ Nicole J. Anchondo
                                     **Nicole J. Anchondo**
                                     Assistant City Attorney
                                     State Bar No. 24073208
                                     AnchondoNJ@elpasotexas.gov

                                     Attorneys for Defendant City of El Paso

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Motion to Remand has been filed through the CM/ECF system on this 4th day of March, 2022. A copy of this Response has also been forwarded via mail, to the following party:

Robert K. Hudnall
5823 N. Mesa, #839
El Paso, Texas 79912
Tel.: (915) 478-1114
Plaintiff

                                     _/s/_ Nicole J. Anchondo
                                     **Nicole J. Anchondo**