UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERT K. HUDNALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00036-KC |
| | § | |
| STATE OF TEXAS, CITY OF EL PASO, | § | |
| TEXAS, JUDGE SERGIO ENRIQUEZ, | § | |
| ALEJANDRO C. RAMIREZ, TYRONE | § | |
| SMITH, dba as SMITH AND RAMIREZ | § | |
| RESTORATION LLC, GUY BLUFF, THE | § | |
| AMERICAN ARBITRATION | § | |
| ASSOCIATION, AND EVANSTON | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS ALEJANDRO C. RAMIREZ, TYRONE SMITH AND
SMITH AND RAMIREZ RESTORATION, LLC'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **Alejandro C. Ramirez, Tyrone Smith and Smith and Ramirez Restoration LLC**, (hereinafter collectively referred to as the "Defendants"), and, file this Response to Plaintiff's Motion for Judgment on the Pleadings, and, in the alternative, Response to Plaintiff's Motion for Summary Judgment and, in support thereof, would respectfully show the Court as follows:

**I.
Introduction**

1.      This lawsuit is the latest iteration in a string of similar lawsuits filed by Plaintiff. *See Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-17-00293-CV, 2020 WL 401840

(Tex.App.—El Paso, Jan. 24, 2020); *Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00217-CV, 2019 WL 4668508 (Tex.App.—El Paso, Sept. 25, 2019, no pet.)(mem. op.); *Robert K. Hudnall and Sharon Elias Hudnall v. Ty Smith, et al.*, No. EP-21-CV-00106-FM, 2021 WL 3744580 (W.D. Tex. Aug. 10, 2021)(notice of appeal filed).

2. Plaintiff filed this lawsuit in state court asserting claims under, inter alia, the U.S. Constitution, the Americans with Disabilities Act ("ADA"), and the ADA Amendments Act of 2008 ("ADAAA"). *See* Pl.'s Orig. Pet.

3. Plaintiff then filed his first Amended Petition on December 20, 2021. Although cited to within the text of the Amended Petition, no exhibits were attached to Plaintiff's Amended Petition. *See* Pl.'s Am. Pet.

4. Next, Plaintiff filed his Motion for Judgment on the Pleadings. *See* Doc. 16.

5. For the reasons stated below, this Court should deny Plaintiff's motion.

## II.
## Standard of Review

6. A motion for judgment on the pleadings under Rule 12(c) uses the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *See Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir.2010), *citing Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.2008). "[T]he central issue is whether, in the light most favorable to the [non-movant], the complaint states a valid claim for relief." *Id.* (quoting Cir.2001)). To avoid dismissal, a plaintiff must plead sufficient facts to "state claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "We do not accept as true conclusory allegation, unwarranted factual inferences, or legal conclusion." *Plotkin v. IP Axess*

*Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegation"). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). **A judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain**. *United States v. 0.073 acres of land ,more or less, situate in Pars. Of Orleans & Jefferson*, 705 F.3d 540, 543 (5th Cir. 2013).

### III.
### Argument and Authorities

7. Plaintiff's Motion for Judgment on the Pleadings ("Plaintiff's Motion) is defective on its face. In support of Plaintiff's Motion, Plaintiff cites, and incorporates, the Original Petition. Doc. 16 at ¶ 2. However, Plaintiff has already filed an Amended Petition. *See* Pl.'s Am. Pet. Consequently, Plaintiff's Original Petition is no longer Plaintiff's live pleading and Plaintiff has cited and incorporated a document which is no longer in effect or of any consequence for purposes of Plaintiff's Motion. Plaintiff's Motion should be denied on these grounds alone.

8. Alternatively, as outlined above, a judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain. Defendants filed a general denial in state court before this matter was removed to this Court. *See* Doc. 1, Ex. 1, Defendants Alejandro C. Ramirez, Tyrone Smith and Smith and Ramirez Restoration LLC's Original Answer. Pursuant to Fed. R. Civ. P. 81(c)(2), repleading is unnecessary unless the court orders it. Here, this Court has not ordered, nor is there any standing order requiring, Defendants to replead upon removal of a state court action to this Court. As a result, Defendants' general denial is Defendants live pleading. *See* Doc. 1, Ex. 1, Defendants Alejandro C. Ramirez, Tyrone Smith and Smith and Ramirez Restoration LLC's Original Answer. It is well established law that a general denial puts

the plaintiff on proof of every fact essential to his case and issue is joined on all material facts asserted by plaintiff, except those which are required to be denied under oath. *Shell Chem. Co v. Lamb*, 493 S.W.2d 742, 744 (Tex.1973). Stated differently, Defendants have denied each and every claim by Plaintiff and burden is now on Plaintiff to prove the same. As a result, every single issue of material fact asserted by Plaintiff is currently in dispute. Therefore, Plaintiff's Motion for Judgment on the Pleadings should be denied. Alternatively, if the Court does not accept Defendants' General Denial, Defendants would ask the Court grant Defendants time to file an Answer in this Court that complies with the Federal Rules of Civil Procedure before ruling on Plaintiff's Motion.

9. In addition, the very facts as stated by Plaintiff in his Original Petition and Amended Petition are contradictory and create fact issues in and of themselves. *See* Pl.'s Orig. Pet. and Pl.'s Am. Pet. For example, Plaintiff claims that Defendants did not properly repair his roof and he suffered damages as a result. *Id.* However, Plaintiff explicitly states in both petitions that the roof passed inspection, albeit by an alleged conspiracy. *Id.* at ¶ 88. Furthermore, the evidence cited by Plaintiff in his Original Petition, as cited by Plaintiff, creates fact issues sufficient to deny Plaintiff's Motion. For example, Exhibit D to Plaintiff's Original Petition explicitly states, "October 30, 2014: An inspection was conducted by Inspector Wells. The inspection was passed." Ex. D to Pl.'s Orig. Pet. As a result, the very evidence cited by Plaintiff in his Original Petition creates fact issues. As a result, Plaintiff's Motion for Judgment on the Pleadings should be denied.

10. Lastly, attached to Plaintiff's Motion as Exhibit A is a Property Inspection Report. *See* Ex. A to Doc. 16. This exhibit was not attached to Plaintiff's Original Petition or Plaintiff's Amended Petition and, consequently, it constitutes extrinsic evidence. A court has discretion whether to consider other factual matters outside the pleadings when ruling on a motion for judgment on the

pleadings. *See Hurd v. District of Columbia*, 864 F.3d 671, 687 (D.C.Cir.2017). However, if the court does consider factual matters outside the pleadings, the court ***must*** convert the motion for judgment on the pleadings into a motion for summary judgment, with attendant procedural protections. *Id.*; *see also* Fed. R. Civ. P. 12(d). Here, Defendants would ask the Court to deny considering Ex. A to Plaintiff's Motion pursuant to its discretion to do so. In the alternative, if the Court does consider Ex. A to Plaintiff's Motion, and subsequently converts Plaintiff's Motion to motion for summary judgment, Defendants would ask the Court allow parties time to engage in discovery before considering such motion.

## IV.
## Conclusion

11. Plaintiff's Motion should be denied because each and every issue of material fact is in dispute in this matter because Defendants' have filed a general denial. Furthermore, Plaintiff's own live pleading creates issues of material fact. Plaintiff's Motion should therefore be denied.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Alejandro C. Ramirez, Tyrone Smith, and Smith and Ramirez Restoration LLC respectfully pray that the Court deny Plaintiff's Motion for Judgment on the Pleadings.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Box 1977
El Paso, Texas 79999-1977
(915) 532-2000
(915) 541-1597 (fax)

By: */s/ James A. Martinez*
**James A. Martinez**
State Bar No. 00791192
**martinezja@jmeplaw.com**

*Attorneys for Defendants Alejandro C. Ramirez, Tyrone Smith and Smith and Ramirez Restoration, LLC*

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **James A. Martinez**, hereby certify that on the 4th day of March, 2022, a true and correct copy of the foregoing document was sent via ECF to the following parties or attorney(s,) to: Nicole J. Anchondo, AnchondoNJ@elpasotexas.gov, P.O. Box 1890, El Paso, Texas 79950-1890; Scot Graydon, Assistant Attorney General, Scot.Graydon@oag.texas.gov, Office of the Attorney General, PO Box 12548, Capitol Station, Austin, Texas 78711-2548, and Raymond D. Martinez, raymond@martinezlawyers.com; Martinez & Martinez Law Firm, PLLC, 2110 E. Yandell Dr., El Paso, Texas 79903.

and

Sent via certified mail to:

Robert K. Hudnall
5823 N. Mesa, #839
El Paso, Texas 79912
# 7021 0350 0001 9904 6734

on this the 4th day of March, 2022.

*/s/ James A. Martinez*
**James A. Martinez**