# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| ROBERT K. HUDNALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 3:22-cv-00036-KC |
| STATE OF TEXAS, CITY OF EL | § | |
| PASO TEXAS, JUDGE SERGIO | § | |
| ENRQUEZ, ALEJANDRO C. | § | |
| RAMIREZ, TYRONE SMITH dba | § | |
| SMITH AND RAMIREZ | § | |
| RESTORATION LLC, GUY BLUFF, | § | |
| THE AMERICAN ARBITRATION | § | |
| ASSOCIATION AND EVANSTON | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS AAA AND GUY M. BLUFF'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants AMERICAN ARBITRATION ASSOCIATION, INC. ("AAA") and Guy Bluff ("Bluff"), file this Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings, pursuant to FED. R. CIV. P. 12(c).

## I. BACKGROUND

According to Plaintiff's most recent state court petition filed in state court,[1] Plaintiff Robert K. Hudnall contracted with Defendants Ty Smith, Alejandro C. Ramirez and Smith & Ramirez Restoration, LLC for a new roof on the Hudnall's home.[2] Plaintiff was unhappy with the roofing

---

[1] Plaintiff's First Amended Petition, ¶17. A copy of the pleading is contained within Exhibit 1 to Defendant Evanston's Notice of Removal along with Defendants AAA and Bluff's consent to removal, Doc. 1-3.
[2] *Id.*, Doc. 1, Ex. 1, p. 7 ¶24.

1

work, which resulted in litigation between the Plaintiff and Smith & Ramirez as well as a claim by the Plaintiff on Smith and Ramirez's blanket contractor's bond filed with the City of El Paso.[3] The suit between the Plaintiff and Smith & Ramirez[4] was referred by Defendant Judge Enriquez to arbitration according to the contract which required the parties to arbitrate their disputes.[5] Defendant Bluff was selected as the Arbitrator and AAA administered the arbitration.

The Plaintiff filed this suit against the State of Texas (Plaintiff states he made complaints to several departments), the City of El Paso who regulates roofing permits, the contractor who did the roof (Smith & Ramirez), Judge Sergio Enriquez who presided over the original court case referring the matter to arbitration, the Arbitrator (Defendant Guy Bluff) who presided over the arbitration through award, AAA the arbitration administrator, and Smith and Ramirez's insurance company (Evanston Insurance).[6]

At all times, Plaintiff's allegations against Defendants Bluff and AAA arise from and are inextricably tied to decisions Defendant Bluff made within the course and scope of his duties as a AAA Arbitrator in the now-concluded arbitration[7]. As stated in his petition, Plaintiff previously filed same and similar allegations in a lawsuit asserting RICO claims as well as claims asserting fraud, bias, and conspiracy against a similar group of defendants, including Defendant Guy Bluff. The court in that case granted Defendant Bluff's motion to dismiss based on arbitral immunity.[8]

---

[3] *Id.*, p. 8, ¶25.
[4] Cause No. 2015 DCV 1113 pending in the 448th District Court of El Paso County, Texas
[5] Doc. 1, Ex. 1, p.19, ¶59.
[6] Doc. 1, Ex. 1.
[7] This lawsuit is a repeat of many initiated by Plaintiff to protest the arbitration of the same contract dispute. *See Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00293-CV, 2020 WL 401841 (Tex. App.- El Paso, Jan. 24, 2020); *Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00217-CV, 2019 WL 4668508 (Tex.App.—El Paso Sept. 25, 2019, no pet.)(mem. op.).
[8] Id., p. 31, ¶104.

The allegations Plaintiff asserts in this new case against Arbitrator Bluff and now AAA are similarly subject to arbitral immunity.[9]

This case was removed to federal court on January 27, 2022.[10]

Plaintiff filed a motion for remand on February 1, 2022.[11] Defendants AAA and Bluff filed their response to Plaintiff's Motion to Remand on February 15, 2022.[12]

Defendants AAA and Bluff filed their Motion to Dismiss pursuant to Fed. R. P. 12(b)6 based on arbitral immunity and other bases on February 14, 2022.[13] Other Defendants, such as the State of Texas, Evanston Insurance Company and Judge Enriquez also filed motions for dismissal, all of which are pending before the Court and are ripe for a decision.[14] To date, Plaintiff has not filed a response to the AAA and Bluff's dismissal motion.

Instead, Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Fed. R. P. 12(c) on February 18, 2022.[15]

For the reasons stated below, this Court should deny Plaintiff's 12 (c) Motion.

## II. ARGUMENT AND AUTHORITIES

A motion for judgment on the pleadings under Rule 12(c) uses the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *See Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010), *citing Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "[T]he central issue is whether, in the light most favorable to the [non-movant], the complaint states a

---

[9] Plaintiff currently has a pending federal lawsuit in the Western District regarding his dislike for the same arbitration orders for this roofing dispute. *See Robert K. Hudnall and Sharon Elias Hudnall v. Ty Smith, et al.*, No. EP-21-CV-00106-FM, Doc. 68 (Order dismissing claims against Arbitrator Bluff) in the United States District Court for the Western District of Texas, El Paso Division. *See* Exhibit A.
[10] Doc. 1.
[11] Doc. 4.
[12] Doc. 12.
[13] Doc. 10.
[14] Docs. 6 – 8.
[15] Doc. 16.

3

valid claim for relief." *Id.* (*quoting Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001)). To avoid the Court's granting a defendant's Rule 12(c) motion, a Plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570, (2007)).

Additionally, when a Plaintiff alleges fraud or fraudulent concealment, as Plaintiff has done here, the Complaint must meet a heightened pleading standard under Rule 9(b). *Fed.R.Civ.P. 9(b).* At a minimum, Rule 9(b) requires the Plaintiff to state particulars of "time place and contents of the false representations as well as the identity of the person making the misrepresentation and what he [she] obtained thereby." *Tel-Phonic Services, Inc. v TBS International, Inc.,* 975 F.2d 1134, 1139 (5th Cir. 1992).

### A. AAA and ARBITRATOR IMMUNITY

#### 1. Doctrine of Arbitral Immunity – AAA and Defendant Bluff are Immune from Suit

Arbitral immunity, an immunity related to judicial immunity, applies to arbitrators because their role is functionally equivalent to a judge's role. It applies to individual arbitrators as well as to organizations that sponsor arbitration such as the AAA to immunize both the decisionmaker and the administrator of the arbitral process.[16] All of the Federal Courts of Appeal that have considered the question have found that arbitrators and arbitral institutions enjoy arbitral immunity from a broad range of claims."[17]

---

[16] *Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.*, 149 F.3d 330, 332 (5th Cir. 1998) (per curiam); *Jason v. American Arbitration Association, Inc.*, No. Civ. A 02-474, 2002 U.S. Dist. LEXIS 9645, *2 (E.D. La. May 23, 2002), *affirmed*, 62 Fed. Appx.557 (5th Cir. Mar. 7, 2003) (No. 02-30615) (dismissing state and federal claims); *New England Cleaning Serv., Inc. v. American Arbitration Association*, 199 F.3d 542,545 (1st Cir. 1999)."

[17] *Jason*, 2002 U.S. Dist. LEXIS 9645 at *2 and n. 5. *See also Jason*, 62 Fed. Appx. 557 ("Judicial immunity has been adapted to protect the arbiter in the dispute resolution process in this Circuit, as well as in all other federal courts of appeal that have considered the question."); *Brandon, Jones, Sandall, Zeide, Kohn, Chalal &Musso, P.A. v.*

4

The doctrine of arbitral immunity has been consistently, and recently, upheld by the Fifth Circuit. For example, in a suit brought against two arbitrators and AAA for alleged conflicts of interest and appealing decisions of the arbitrators, the Court for the Eastern District of Louisiana granted the Defendants' motions for judgment on the pleadings because Defendants' arbitral immunity barred the suit against them. The Fifth Circuit Court of Appeals affirmed that dismissal.[18]

Courts have identified a broad range of public policy reasons for providing immunity to arbitrators and arbitral institutions like AAA and Defendant Bluff:

- Arbitral immunity is necessary to shield arbitrators and sponsoring organizations from bias or intimidation caused by the fear of a lawsuit arising out of the exercise of official functions. *Galuska v. New York Stock Exchange,* No. 99-3522, 2000 WL 347851 at *2 (7th Cir. April 3, 2000); *New England,* 199 F.3d at 545; *Corey v. New York Stock Exchange,* 691 F.2d 1205, 1211 (6th Cir. 1982).
- "As with judicial and quasi-judicial, arbitral immunity is essential to protect the decision-maker from undue influence and [to] protect the decision-making process from reprisals by dissatisfied litigants." *Corey,* 691 F.2d at 1211; *New England,* 199 F.3d at 545; *Wasyl, Inc. v. First Boston Corp.,* 813 F.2d 1579, 1582 (91 Cir. 1987).
- "The functional comparability of the arbitrators' decision-making process and judgments to those of judges and agency hearing examiners generates the same need for independent judgment, free from the threat of lawsuits. Immunity furthers that need." *Corey,* 691 F.2d at 1211; *Austern v. Chicago Board Options Exchange,* 898 F.2d 882, 886 (2nd Cir. 1990).
- "[I]ndividuals... cannot be expected to volunteer to arbitrate disputes if they can be caught up in the struggle between the litigants and saddled with the burdens of defending a lawsuit. Defendants have no interest in the outcome of the dispute between [the parties], and they should not be compelled to become parties to that dispute." *Tamari v. Conrad,* 552 F.2d 778, 781 (7th Cir. 1977).
- "Federal policy, as manifested in the Arbitration Act and case law, favors final adjudication of differences by a means selected by the parties. Because federal policy encourages arbitration and arbitrators are essential actors in furtherance of that policy, it is appropriate that immunity be extended to arbitrators for acts within

---

*MedPartners, Inc*., 203 F.R.D. 677,688 (S.D. Fla. 2001) ("All of the federal courts of appeals that have considered this question have found that arbitrators enjoy strict arbitral immunity from precisely the sort of lawsuit MedPartners filed against them in state court ....").

[18] *Tex. Brine Co., LLC v. Am. Arbitration Ass'n, Inc*., No. 18-6610, 2018 U.S. Dist. LEXIS 187972 (E.D. La. 2018), *affirmed*, 2020 U.S. App. LEXIS 10849 (5th Cir. La., Apr. 7, 2020).

- the scope of their duties and within their jurisdiction. The extension of immunity to arbitrators where arbitration is pursuant to a private agreement between the parties is especially compelling because arbitration is the means selected by the parties themselves for disposing of controversies between them." *Corey,* 691 F.2d at 1211.
- "[F]ailure to extend immunity to the AAA in these circumstances could discourage it from sponsoring future Arbitrations. Reluctance by the AAA or similar organizations to arrange arbitrations would impede the implementation of federal policy favoring arbitration of labor disputes." *New England,* 199 F.3d at 546 (internal citations omitted).
- "[A]rbitral immunity extends beyond arbitrators themselves to organizations that sponsor arbitrations. Without this extension, arbitral immunity would be almost meaningless because liability would simply be shifted from individual arbitrators to the sponsoring organizations. Arbitral immunity protects all acts within the scope of the arbitral process." *Olson v. Nat'l Ass'n of Sec. Dealers,* 85 F.3d 381, 382-383 (8th Cir. 1996).

Arbitral immunity is broad enough to apply even if the alleged conduct arises from the sponsoring organization's violation of its own rules or from the bias or wrongdoing of the arbitrator or sponsoring organization[19]. In this case, however, Plaintiff has not alleged a violation of any applicable arbitration rules.

In his Complaint, Plaintiff alleged that the arbitrator presiding over his dispute in the underlying arbitration allegedly was wrongfully "supported" by the other named Defendants leading to Arbitrator Bluff's "refusal" to accept the "decision"[20] in 2015DCV3677 and the

---

[19] Here, there is no allegation of violation of any rules, including those of AAA. Plaintiff is suing Defendants Bluff and AAA for not ruling in their favor on the affirmative claims of res judicata and/or collateral estoppel before the hearing on the merits. *Corey,* 691 F.2d at 1208-11 (holding that arbitral immunity applied to allegations of bias and wrongdoing of the arbitrator and the sponsoring organization); *Olson v. Nat'l Ass'n of Sec. Dealers,* 85 F.3d at 382-383 (holding that a sponsoring organization is immune from civil liability for improperly selecting an arbitration panel, even when the selection violates the organization's own rules); *MH. Alexander v. American Arbitration Association,* C014461 PJH, 2001 WL 868823 at *3-4 (N.D. Cal. July 27, 2001) (holding that the expansive scope of arbitral immunity protects any violations made by the AAA of its own internal rules); *Honn v. Nat'l Ass'n of Sec. Dealers, Inc.,* 182 F.3d 1014, 1018 (8th Cir. 1998) (holding that even if the NASD carried out its functions improperly, it is still protected by arbitral immunity because the acts upon which the Plaintiff's claims were based were taken while the NASD was carrying out its normal administrative functions); *Austern v. Chicago Board Options Exchange,* 898 F.2d 882, 886 (2nd Cir. 1990) (holding that arbitral immunity applied to the alleged improper selection of an arbitration panel); *Galuska,* 2000 WL 347851, *2.

[20] There is no state court decision on res judicata or collateral estoppel.

letters from the City of El Paso Department of Planning and Inspection. Plaintiff argues that arbitral immunity does not apply in this case because Arbitrator Bluff failed to accept Plaintiff's arguments about his affirmative defenses based on res judicata and/or estoppel.

Arbitral immunity (which is derived from judicial immunity)[21] is not overcome by the "misconduct" Plaintiff alleges as to Defendants AAA and Bluff: not granting Plaintiff's dispositive motions and not ruling in Plaintiff's favor in the arbitration. Indeed, courts including the Fifth Circuit have employed arbitral immunity to consistently dismiss all forms of legal claims against arbitrators and arbitral institutions, including intentional misconduct, fraud and bias.[22]

For example, in *Hawkins,* the Plaintiff employee instituted arbitration proceedings against his former employer alleging claims of libel and slander. After an arbitration panel ruled against him, Plaintiff filed suit in Texas state court re-alleging his original claims against his former employer and also naming the arbitration provider, NASD, as a Defendant. In his state court complaint, Plaintiff alleged that "the NASD was biased against him, failed to properly administer the arbitration proceeding, and conspired with Prudential to harm him and deprive him of a fair arbitration." *Id.* The NASD removed the case to federal court and moved to dismiss the lawsuit. The district court granted the NASD's Rule 12(b)(6) motion to dismiss.

---

[21] *See e.g. Jason v. American Arbitration Association, Inc*., No. Civ. A. 02-474, 2002 WL 1059005, *2 (E.D. La. May 23, 2002) ("The doctrine of judicial immunity is applicable to the arbitration process and extends to associations such as the AAA.").

[22] *Hawkins,* 149 F.3d at 331 (dismissing claims against the NASD for bias, misadministration and conspiracy to harm the Plaintiff); *Olson,* 85 F.3d at 382 (dismissing claims against the NASD for breach of contract, fraudulent misrepresentation, negligent processing of arbitration, gross negligence, breach of warranty and intentional infliction of emotional distress); *Corey v. New York Stock Exchange,* 493 F. Supp. 51, 53 (W.D. Mich. 1980) (dismissing claims against the NYSE for negligence and malfeasance, and a request for punitive damages); *M H Alexander,* 2001 WL 868823 at *4 (dismissing claims against the AAA for fraud, violation of the California Consumers Legal Remedies Act, violation of the California Unfair Business Practices Act and negligence); *Galuska,* 2000 WL 347851 at *1 (dismissing claims against the NYSE for conspiracy to defraud, negligence, breach of fiduciary duty and breach of contract).

On plaintiff's appeal, the Fifth Circuit affirmed the district court's dismissal of the claims against the NASD, stating:

> The NASD enjoys arbitral immunity from civil liability for the acts of its arbitrators in the course of conducting contractually agreed-upon arbitration proceedings. Because the NASD is immune from civil liability arising from its actions taken in the course of conducting arbitration proceedings, Hawkins has failed to state a claim against the NASD.

*Id.* at 332 (internal citations omitted); *see also Corey,* 691 F.2d at 1208-11 (cited favorably by the Fifth Circuit in *Hawkins).*

In *Corey, Corey v. New York Stock Exchange,* 691 F.2d 1205, 1211 (6th Cir. 1982*)*, the Sixth Circuit addressed the arbitral immunity of the New York Stock Exchange ("NYSE"). In that case, the losing arbitration claimant alleged that both the NYSE, acting as arbitration administrator, and the NYSE's arbitration director were biased against the claimant and deprived him of a fair arbitration hearing. The district court dismissed the plaintiff's complaint, and the Plaintiff appealed. On appeal, the Sixth Circuit, like the other circuits including the Fifth Circuit, found that arbitral immunity protected the NYSE and its director from plaintiff's claims of intentional or negligent conduct in the administration of the arbitration.

Here, Plaintiff's barebone allegations of intentional wrongdoing or bias in the decisionmaking process do not overcome Defendants AAA's and Bluff's arbitral immunity and accordingly Plaintiff's motion for on the pleadings fails as to these Defendants.

**2. AAA rules and the parties' arbitration agreement incorporate immunity**

Defendants AAA and Bluff's immunity from suit is also provided for in the AAA's Rules, which are incorporated into the parties' arbitration agreement through Rule l(a) which provides:

> The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Construction Industry Arbitration

Rules or whenever they have provided for arbitration of a construction dispute pursuant to the Rules of the AAA without designating particular AAA Rules.[23]

Courts have consistently upheld this incorporation of the AAA arbitration rules into the parties' arbitration agreement.[24] Here, Plaintiff's construction agreement, Exhibit 3, incorporated the "rules of the American Arbitration Association" at paragraph 13:

> 13. Settlement of disputes: In the event any dispute shall arise between the parties to this contract, Customer and Contractor agree that final and binding arbitration under the rules of the American Arbitration Association shall be the sole and exclusive means of resolving such dispute with all expenses of such arbitration divided equally between Customer and Contractor. A single arbitrator shall be selected by agreement between parties from among a list of qualified arbitrators provided by the AAA and if the parties cannot agree upon a single individual shall ask the AAA to nominate the arbitrator, which choice shall be final…

The AAA Construction Industry Arbitration Rules and Mediation Procedures that governed the underlying arbitration specifically provide for the AAA's and Arbitrator Bluff's immunity. Specifically, the Construction Rules state, in relevant part:

> R-54. Applications to Court and Exclusion of Liability
>
> * * *
> (b) Neither the AAA nor any arbitrator in a proceeding under these Rules is a necessary or proper party in judicial proceedings relating to the arbitration.
> * * *
> (d) <u>Parties to an arbitration under these Rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages, injunctive or declaratory relief for any act or omission in connection with any arbitration under these rules.</u>.[25]

The expense and disruption of defending collateral suits relating to an arbitration make it difficult, if not impossible, for arbitrators or the AAA to perform their arbitration-related functions.

---

[23] The AAA Construction Rules, which are incorporated into the parties' construction Agreement to Plaintiffs' Complaint can be found at the AAA's website, adr.org and an excerpt is attached as Exhibit 2.
[24] *See P&P Industries, Inc. v. Sutter Corp.,* 179 F.3d 861, 867-68 (10th Cir. 1999); *Commonwealth Edison Co. v. Gulf Oil Corp.,* 541 F.2d 1263, 1272 (7th Cir. 1976).
[25] *See* Exhibit 2. (emphasis added).

Such "cost and delay to the arbitral process"[26] is inconsistent with "the basic policy of conducting arbitration [which] is to offer a means of deciding disputes expeditiously and at lower costs."[27]

Because Plaintiff, through his contract with Defendant Smith & Ramirez and its incorporation of the AAA rules, agreed not only that Defendants AAA and Bluff are not necessary or proper parties to court proceedings relating to the arbitration but also that Defendants AAA and Bluff will not "be liable to any party in any action for damages, injunctive or declaratory relief for any act or omission in connection with any arbitration under these rules," Plaintiff's Rule 12(c) motion fails against these Defendants.

### B. ALLEGATIONS AGAINST ARBITRATOR BLUFF AND AAA

In his complaint, Plaintiff alleges conspiracy, violation of due process, violation of Title II of the ADA and the ADAAA, the invasion of privacy, [28] and conflict of interest against Defendant Bluff.[29] Plaintiff also alleges that AAA violated Title II of the ADA and the ADAAA, conspiracy and fraud.[30] Plaintiff, however, fails to allege any actual facts supporting those claims, and Defendants deny these allegations and claims set forth against them in paragraphs 99 through 123 of the first amended petition. In addition to failing based on arbitral immunity, Plaintiff's claims against AAA and Arbitrator Bluff are legally and factually deficient.

#### 1. Due process, Equal Protection and Conflict of Interest

---

[26] *New England*, 199 F.3d at 546. *See also*, 9 U.S.C. § 1, *et seq.; Corey v. New York Stock Exchange,* 691 F.2d 1205, 1212 (6th Cir. 1982); *Jason v. American Arbitration Association, Inc.,* No. Civ. A. 02-474, 2002 WL 1059005, *2 (E.D. La. May 23, 2002).
[27] *Robbins*, 954 F.2d at 68.
[28] Although Plaintiff alleges invasion of privacy in a subheading, there is no reference, argument or facts alleged within the amended petition regarding privacy. Defendants AAA and Bluff deny any invasion of privacy and Plaintiff fails to allege any facts supporting an invasion of privacy claim.
[29] Doc. 1, Ex. 1, p.31.
[30] Doc. 1, Ex. 1, p. 34.

Plaintiff alleges no actual facts to support his claim that Defendants AAA and Bluff violated Plaintiff's right to Due Process, Equal Protection or any alleged conflict of interest theory. Plaintiff's allegations that Defendant Bluff, in not ruling in Plaintiff's favor, ignored Plaintiff's "rights" when Arbitrator Bluff "fully sided with the roofers and their attorneys…" are insufficient to support the asserted causes of action.[31] Additionally, Plaintiff's conclusory allegations are just that – mere conclusions unsupported by specific factual allegations. Plaintiff's claims should be denied.

At the heart of Plaintiff's claim is his disagreement with the fact that Arbitrator Bluff ultimately ruled in the favor of the roofers. While Plaintiff makes conclusory statements that his rights to due process were violated, it is indisputable that he participated in extensive litigation in state court and then arbitration, Plaintiff lost the arbitrator after an evidentiary hearing. Plaintiff may disagree with the outcome, but arbitration does not violate due process of it allows the parties to be heard in a meaningful time and in a meaningful manner. *See OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 500 (5th Cir. 2020).

Plaintiff alleges no facts that Defendants AAA and Bluff violated Plaintiff's right to Equal Protection.[32] To state a claim under the Equal Protection Clause, Plaintiff must allege facts from which the court can conclude that Defendant Bluff and AAA intentionally discriminated against Plaintiff because of membership in a protected class. *See Wheeler v. Miller*, 168 F.3d 241, 242 (5th Cir. 1999) (equal protection claim requires proof that similarly situated individuals were treated differently); *Washington v. Davis*, 426 U.S. 229, 247-48 (1976). Plaintiff does not allege facts to show that he is a member of a protected class. Nor does Plaintiff allege facts showing that

---

[31] Doc. 1, Ex. 1, p. 12, ¶ 34.
[32] Doc. 1, Ex. 1, p. 32 – 33, ¶ 105.

AAA or Arbitrator Bluff discriminated against Plaintiff or treated him differently as a result of his being a member of a protected class.

Plaintiff also alleges a conflict of interest – even assuming that is a viable claim -- when arbitrator Guy Bluff proceeded to "sit in judgment or rule on the Plaintiff". Without citation to any law or rule, Plaintiff states it is a conflict of interest for arbitrator Bluff to make a decision in the arbitration and that "Defendant, American arbitration Association, who appointed Guy Bluff [sic] if used to obey Texas law vis-à-vis conflict of interest." Arbitrator Bluff's role in the case was to issue decisions based on the facts and arguments as presented to him. These allegations, along with being untrue, are unsupported by any facts, and Plaintiff's claim should be denied.

2. **Title II of the ADA/ADAAA an elderly abuse**

Plaintiff alleges that Defendant Bluff violated Title II of the ADA and the ADA when he scheduled the evidentiary hearing on days that the arbitrator knew Plaintiff was unable to take part in order to favor the roofers.[33] Plaintiff also alleges that Defendant Bluff billed for the arbitration to study the issues which allegedly resulted in "exploitation of the elderly".[34]

For the ADA and the ADAAA, Title II applies only to governmental entities, and in subtitle A, protects only qualified individuals with disabilities from discrimination by state and local government. 42 U.S.C. 12131(1)(A)-(B), 12132. Title II extends the prohibition of discrimination under section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794.

As a threshold matter, Plaintiff does not allege Defendants Bluff or AAA are public governmental entities or even private contractors for a governmental entity in connection with the underlying arbitration.[35] At most, Plaintiff alleges that AAA was aware of Plaintiff's alleged

---

[33] Doc. 1, Ex. 1, p. 34, ¶ 112.
[34]
[35] Doc. 1, Ex. 1, p. 31 – 36.

disability or medical condition and that Arbitrator Bluff and the AAA allowed the arbitration to continue over "objections of Plaintiff's position." Plaintiff also alleges that the arbitration process and arbitration costs "sponsored and approved by the AAA" ignored Plaintiff's status as a disabled veteran, although Plaintiff does not assert that he sought relief from the AAA for any alleged financial hardship.[36]

Even assuming a qualifying disability or elderly status, Plaintiff does not provide facts in his complaint to show that he was discriminated against or denied access to arbitration by AAA Arbitrator Bluff as a result of any alleged disability or elderly status. Plaintiff does not allege that he was treated differently from any other arbitration party because of any asserted disability. Instead, he contends that he was treated differently because he represented his wife and himself in the arbitration,[37] but proceeding *pro* se in an arbitration is not a disability. Plaintiff's mere disagreement with the results obtained in the arbitration, however, is not factual support for or evidence of a disability-based discrimination claim, even if the ADA applied here. Plaintiff has alleged no facts from which this Court could conclude that the AAA and Arbitrator Bluff intentionally discriminated against Plaintiff on the basis of his alleged disability or elderly status.

### 3. Civil Conspiracy

An action for civil conspiracy in Texas has five elements: (one) a combination of two or more persons; (two) the person seek to accomplish an object or course of action; (three) the person's reach a meeting of the minds on the object or course of action; (four) one or more unlawful, overt acts are taking the pursuance of the object or course of action; and (five) damages occur as a proximate result. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d

---

[36] Doc. 1, Ex. 1, p. 36, ¶ 123.
[37] Doc. 1, Ex. 1, p. 31, ¶ 101.

214 (Tex. 2017). The complaint, as a whole, states in conclusory allegations nothing more than a dispute over the quality of roofing work which resulted in the underlying breach of contract arbitration which ultimately was resolved against Plaintiff and his wife. The specific allegation against Defendants AAA and Bluff is that the arbitrator denied summary judgment motions, continued the arbitration and eventually ruled against Plaintiff's arguments for res judicata and collateral estoppel multiple times in arbitration.

    a. **Civil Conspiracy Claims against Defendant Bluff Fail**

Plaintiff alleges civil conspiracy by Defendant Bluff when he did not decide the case in Plaintiff's favor – specifically when he did not "accept a final decision on the issue of the roof meeting code."[38] Plaintiff also alleges that Defendant arbitrator Bluff exploited Plaintiff when he "charged Plaintiff a large sum of money for him to study the issues [related to the arbitration]".[39] These allegations, even if true, which they are not, do not support any claim that Arbirator Bluff was involved in a conspiracy with other; instead, they show that Arbitrator Bluff did what he was appointed to do – make rulings in the case and decide the issues before him, in favor of one party or the other. While Plaintiff may disagree with Arbirator Bluff's decisions, the mere fact that the Arbitrator ruled against Plaintiff does not make Arbitrator Bluff a conspirator with the other party. Plaintiff's claim is unsupported by the facts alleged and the Rule 12(c) motion should be denied as to this claim.

    b. **Civil Conspiracy Claims against Defendant AAA Fail**

Plaintiff's civil conspiracy against AAA similarly fails to assert a valid claim. Plaintiff. alleges that AAA "cooperated with [Defendants'] attorneys to damage a pro se litigant and also

---

[38] Doc. 1, Ex. 1, p. 33 – 34, ¶ 109.
[39] Doc. 1, Ex. 1, p. 34, ¶ 112.

supported a conflict of interest which amounted to fraud on of the arbitrator".[40] But Plaintiff alleges nothing more than AAA's denial of his request to remove Arbitrator Bluff as the arbitrator (after Plaintiff filed his first lawsuit against Arbitrator Bluff and others).[41] Plaintiff also alleges that AAA did not respond favorably to objections to arbitration, although Plaintiff does not specifically state what objections were made or how AAA's "unfavorable" response was somehow a conspiracy with others.[42]

Plaintiff's complaint provides no factual support of any his conclusory allegations. Consequently, Plaintiff fails to meet his obligation to provide more than labels, conclusions or "a formulaic recitation of the elements of the cause of action". *Twombly*, 550 U.S. at 555. Because his civil conspiracy claim against AAA is unsupoorted by properly alleged facts, Plaintiff's Rule 12(c) motion should be denied.

### 4. Invasion of privacy

To prove invasion of privacy, Plaintiff must establish: (1) that [Defendant's] intensely intruded, physically or otherwise of, upon his solitude, seclusion, or private affairs or concerns; (2) that such intrusion would be highly offensive to reasonable person; and (3;) that he suffered injury as a result of the intrusion. *See Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). Plaintiff has not met his burden of proving factual allegations to support an invasion of pricacy claim against either AAA or Arbitrator Bluff. As with his other claims against these Defendants, Plaintiff's motion for judgment on the pleadings should be denied.

---

[40] Doc. 1, Ex. 1, p. 34 – 35, ¶ 114.
[41] Doc. 1, Ex. 1, p. 34, ¶ 116.
[42] Doc. 1, Ex. 1, p. 34, ¶ 117.

### III. PRAYER

Defendants AAA and Guy W. Bluff request that the Court enter an order denying Plaintiff's motion on the pleadings under Fed. R. Proc. 12(c) and dismissing all claims against Defendants AAA and Bluff. Defendants request other relief to which they may be entitled.

*/s/ Raymond D. Martinez*
**RAYMOND D. MARTINEZ**
State Bar No. 24002537
raymond@martinezlawyers.com

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Defendants AAA and Guy W. Bluff*
2110 E. Yandell Dr.
El Paso, Texas 79903
(915) 5414000 phone
(915) 5414002 facsimile

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March 2022, a true and correct copy of the foregoing document was served via electronic service on all parties through their respective counsels of record including Plaintiffs.

Mr. Robert K. Hudnall
297 Puesta Del Sol
El Paso, Texas 79912
kenhudnall0@gmail.com
*Plaintiff*

*/s/ Raymond D. Martinez*
**RAYMOND D. MARTINEZ**