IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROBERT K. HUDNALL, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Case No. 3:22-cv-00036-KC <br> STATE OF TEXAS, CITY OF EL § <br> PASO TEXAS, JUDGE SERGIO § <br> ENRQUEZ, ALEJANDRO C. § <br> RAMIREZ, TYRONE SMITH dba § <br> SMITH AND RAMIREZ § <br> RESTORATION LLC, GUY BLUFF, § <br> THE AMERICAN ARBITRATION § <br> ASSOCIATION AND EVANSTON § <br> INSURANCE COMPANY, § <br> § <br> Defendants. § | |

**DEFENDANTS AAA AND GUY W. BLUFF'S OPPOSITION TO
PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants AMERICAN ARBITRATION ASSOCIATION, INC. ("AAA") and GUY BLUFF ("Bluff"), file this Opposition to Plaintiff's Motion for Declaratory Judgment under Federal Rule of Civil Procedure 57, as follows:

**I. BACKGROUND**

According to Plaintiff's most recent petition filed in state court,[1] Plaintiff Robert K. Hudnall contracted with Defendants Ty Smith, Alejandro C. Ramirez and Smith & Ramirez Restoration, LLC for a new roof on the Hudnall's home.[2] Plaintiff was unhappy with the roofing

---

[1] Plaintiff's First Amended Petition, ¶17. A copy of the pleading is contained within Exhibit 1 to Defendant Evanston's Notice of Removal along with Defendants AAA and Bluff's consent to removal, Doc. 1-3.
[2] *Id*., Doc. 1, Ex. 1, p. 7 ¶24. *See also* Exhibit 2 of this Opposition.

1

work, which resulted in litigation between the Plaintiff and Smith & Ramirez as well as a claim by the Plaintiff on Smith and Ramirez's blanket contractor's bond filed with the City of El Paso.[3] The suit between the Plaintiff and Smith & Ramirez[4] was referred by Defendant Judge Enriquez to arbitration pursuant to the parties' =contract.[5] Defendant Bluff was selected as the Arbitrator and AAA administered the arbitration.

The Plaintiff filed this suit against the State of Texas (Plaintiff states he made complaints to several departments), the City of El Paso who regulates roofing permits, the contractor who did the roof (Smith & Ramirez), Judge Sergio Enriquez who presided over the original court case referring the matter to arbitration, the Arbitrator (Defendant Guy Bluff) who presided over the arbitration through award, AAA the arbitration administrator, and Smith and Ramirez's insurance company (Evanston Insurance).[6]

At all times, Plaintiff's allegations against Defendants Bluff and AAA arise from and are inextricably tied to decisions Defendant Bluff made within the course and scope of his duties as a AAA Arbitrator in the now-concluded arbitration[7]. As stated in his First Amended Petition, Plaintiff previously filed same and similar allegations in a lawsuit asserting RICO claims as well as claims asserting fraud, bias, and conspiracy against a similar group of defendants, including Defendant Guy Bluff. The Court in that case granted Defendant Bluff's Motion to Dismiss based

---

[3] *Id.*, p. 8, ¶25.
[4] Cause No. 2015 DCV 1113 adjudicated in the 448th District Court of El Paso County, Texas
[5] Doc. 1, Ex. 1, p.19, ¶59.
[6] Doc. 1, Ex. 1.
[7] This lawsuit is a repeat of many initiated by Plaintiff to protest the arbitration of the same contract dispute. *See Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00293-CV, 2020 WL 401841 (Tex. App.- El Paso, Jan. 24, 2020); *Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00217-CV, 2019 WL 4668508 (Tex.App.—El Paso Sept. 25, 2019, no pet.)(mem. op.).

on arbitral immunity.[8] The allegations Plaintiff asserts in this new case against Arbitrator Bluff and now AAA are similarly subject to arbitral immunity.[9]

This case was removed to federal court on January 27, 2022.[10]

Plaintiff filed a Motion for Remand on February 1, 2022.[11] Defendants AAA and Bluff filed their Response to Plaintiff's Motion to Remand on February 15, 2022.[12]

Defendants AAA and Bluff filed their Motion to Dismiss pursuant to Fed. R. P. 12(b)6 based on arbitral immunity and other bases on February 14, 2022.[13] Other Defendants, such as the State of Texas, Evanston Insurance Company and Judge Enriquez also filed motions for dismissal, all of which are pending before the Court and are ripe for a decision.[14] To date, Plaintiff has not filed a response to the AAA and Bluff's dismissal motion.

Before filing the Motion at issue, Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Fed. R. P. 12(c).[15] Defendants' AAA and Bluff filed their Response to that motion, with exhibits.[16]

For the reasons stated below, this Court should deny Plaintiff's Motion for Declaratory Judgment.

---

[8] Id., p. 31, ¶104.
[9] Plaintiff currently has a pending federal lawsuit in the Western District regarding his dislike for the same arbitration orders for this roofing dispute. *See Robert K. Hudnall and Sharon Elias Hudnall v. Ty Smith, et al.*, No. EP-21-CV-00106-FM, Doc. 68 (Order dismissing claims against Arbitrator Bluff) in the United States District Court for the Western District of Texas, El Paso Division. *See* Exhibit A.
[10] Doc. 1.
[11] Doc. 4.
[12] Doc. 12.
[13] Doc. 10.
[14] Docs. 6 – 8.
[15] Doc. 16.
[16] Docs. 25, 25-1.

## II. STANDARD FOR DECLARATORY JUDGMENT

A district court considering a declaratory judgment action "must engage in a three-step inquiry." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The "district court must determine: (1) whether the declaratory judgment action is justiciable; (2) whether the court has the authority to grant the declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin—Williams Co. v. Holmes Cnty.,* 343 F.3d 383, 387 (5th Cir. 2003). Dismissal of a declaratory judgment action is reviewed for abuse of discretion. *Orix*, 212 F.3d at 895.

Defendants AAA and Bluff submit that, to the extent Plaintiff's motion for declaratory judgment is directed to them, Plaintiff fails to meet all three elements as against them under the doctrine of arbitral immunity.

**AAA and ARBITRATOR IMMUNITY**

> **1. Doctrine of Arbitral Immunity – AAA and Defendant Bluff are Immune from Suit**

As set forth in AAA's and Bluff's Motion to Dismiss, arbitral immunity, an immunity related to judicial immunity, applies to arbitrators because their role is functionally equivalent to a judge's role. It applies to individual arbitrators as well as to organizations that sponsor arbitration such as the AAA to immunize both the decisionmaker and the administrator of the arbitral process.[17] All of the Federal Courts of Appeal that have considered the question have found that

---

[17] *Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.*, 149 F.3d 330, 332 (5th Cir. 1998) (per curiam); *Jason v. American Arbitration Association, Inc.*, No. Civ. A 02-474, 2002 U.S. Dist. LEXIS 9645, *2 (E.D. La. May 23, 2002), *affirmed*, 62 Fed. Appx.557 (5th Cir. Mar. 7, 2003) (No. 02-30615) (dismissing state and federal claims); *New England Cleaning Serv., Inc. v. American Arbitration Association*, 199 F.3d 542,545 (1st Cir. 1999)."

arbitrators and arbitral institutions enjoy arbitral immunity from a broad range of claims including all of those brought by Plaintiff.[18]

The doctrine of arbitral immunity has been consistently, and recently, upheld by the Fifth Circuit.  For example, in *Texas Brine Co., LLC v. Am. Arbitration Ass'n, Inc*., No. 18-6610, 2018 U.S. Dist. LEXIS 187972 (E.D. La. 2018), *affirmed*, 2020 U.S. App. LEXIS 10849 (5th Cir. La., Apr. 7, 2020). The plaintiff sued two arbitrators and AAA for alleged conflicts of interest and to challenge decisions of the arbitrators. The Court for the Eastern District of Louisiana granted the Defendants' motions for judgment on the pleadings because Defendants' arbitral immunity barred the suit against them.  The Fifth Circuit Court of Appeals affirmed that dismissal. *Id.*

Courts have identified a broad range of public policy reasons for providing immunity to arbitrators and arbitral institutions like AAA and Defendant Bluff:

- Arbitral immunity is necessary to shield arbitrators and sponsoring organizations from bias or intimidation caused by the fear of a lawsuit arising out of the exercise of official functions. *Galuska v. New York Stock Exchange,* No. 99-3522, 2000 WL 347851 at *2 (7th Cir. April 3, 2000); *New England,* 199 F.3d at 545; *Corey v. New York Stock Exchange,* 691 F.2d 1205, 1211 (6th Cir. 1982).
- "As with judicial and quasi-judicial, arbitral immunity is essential to protect the decision-maker from undue influence and [to] protect the decision-making process from reprisals by dissatisfied litigants." *Corey,* 691 F.2d at 1211; *New England,* 199 F.3d at 545; *Wasyl, Inc. v. First Boston Corp.,* 813 F.2d 1579, 1582 (91 Cir. 1987).
- "The functional comparability of the arbitrators' decision-making process and judgments to those of judges and agency hearing examiners generates the same need for independent judgment, free from the threat of lawsuits. Immunity furthers that need." *Corey,* 691 F.2d at 1211; *Austern v. Chicago Board Options Exchange,* 898 F.2d 882, 886 (2nd Cir. 1990).
- "[I]ndividuals... cannot be expected to volunteer to arbitrate disputes if they can be caught up in the struggle between the litigants and saddled with the burdens of

---

[18] *Jason*, 2002 U.S. Dist. LEXIS 9645 at *2 and n. 5.  *See also Jason*, 62 Fed. Appx. 557 ("Judicial immunity has been adapted to protect the arbiter in the dispute resolution process in this Circuit,  as well as in all other federal courts of appeal that have considered the question."); *Brandon, Jones, Sandall, Zeide, Kohn, Chalal &Musso, P.A. v. MedPartners, Inc*., 203 F.R.D. 677,688 (S.D. Fla. 2001) ("All of the federal courts of appeals that have considered this question have found that arbitrators enjoy strict arbitral immunity from precisely the sort of lawsuit MedPartners filed against them in state court ....").

        defending a lawsuit.  Defendants have no interest in the outcome of the dispute between [the parties], and they should not be compelled to become parties to that dispute." *Tamari v. Conrad,* 552 F.2d 778, 781 (7th Cir. 1977).

- "Federal policy, as manifested in the Arbitration Act and case law, favors final adjudication of differences by a means selected by the parties.  Because federal policy encourages arbitration and arbitrators are essential actors in furtherance of that policy, it is appropriate that immunity be extended to arbitrators for acts within the scope of their duties and within their jurisdiction.  The extension of immunity to arbitrators where arbitration is pursuant to a private agreement between the parties is especially compelling because arbitration is the means selected by the parties themselves for disposing of controversies between them." *Corey,* 691 F.2d at 1211.

- "[F]ailure to extend immunity to the AAA in these circumstances could discourage it from sponsoring future Arbitrations. Reluctance by the AAA or similar organizations to arrange arbitrations would impede the implementation of federal policy favoring arbitration of labor disputes." *New England,* 199 F.3d at 546 (internal citations omitted).

- "[A]rbitral immunity extends beyond arbitrators themselves to organizations that sponsor arbitrations.  Without this extension, arbitral immunity would be almost meaningless because liability would simply be shifted from individual arbitrators to the sponsoring organizations.  Arbitral immunity protects all acts within the scope of the arbitral process." *Olson v. Nat'l Ass'n of Sec. Dealers,* 85 F.3d 381, 382-383 (8th Cir. 1996).

Arbitral immunity is broad enough to apply even if the alleged conduct arises from the sponsoring organization's violation of its own rules or from the bias or wrongdoing of the arbitrator or sponsoring organization[19].  In this case, however, Plaintiff has not alleged a violation of any applicable arbitration rules.

---

[19] Here, there is no allegation of violation of any rules, including those of AAA.  Plaintiff is suing Defendants Bluff and AAA for not ruling in their favor on the affirmative claims of res judicata and/or collateral estoppel before the hearing on the merits. *Corey,* 691 F.2d at 1208-11 (holding that arbitral immunity applied to allegations of bias and wrongdoing of the arbitrator and the sponsoring organization); *Olson v. Nat'l Ass'n of Sec. Dealers,* 85 F.3d at 382-383 (holding that a sponsoring organization is immune from civil liability for improperly selecting an arbitration panel, even when the selection violates the organization's own rules); *MH. Alexander v. American Arbitration Association,* C014461 PJH, 2001 WL 868823 at *3-4 (N.D. Cal. July 27, 2001) (holding that the expansive scope of arbitral immunity protects any violations made by the AAA of its own internal rules); *Honn v. Nat'l Ass'n of Sec. Dealers, Inc.,* 182 F.3d 1014, 1018 (8th Cir. 1998) (holding that even if the NASD carried out its functions improperly, it is still protected by arbitral immunity because the acts upon which the Plaintiff's claims were based were taken while the NASD was carrying out its normal administrative functions); *Austern v. Chicago Board Options Exchange,* 898 F.2d 882, 886 (2nd Cir. 1990) (holding that arbitral immunity applied to the alleged improper selection of an arbitration panel); *Galuska,* 2000 WL 347851, *2.

Plaintiff's Motion for Declaratory Judgment implicitly seeks to challenge or appeal Arbitrator Bluff's decisions on Plaintiff's res judicata and/or estoppel affirmative defenses. Even if Plaintiff's alleged facts and law were correct — and AAA and Bluff deny that he is correct — arbitral immunity bars Plaintiffs' claims against AAA and Arbitrator Bluff.

Arbitral immunity (which is derived from judicial immunity)[20] is not overcome by the "misconduct" Plaintiff alleges as to Defendants AAA and Bluff by not granting Plaintiff's dispositive motions and not ruling in Plaintiff's favor in the arbitration. Indeed, courts including the Fifth Circuit have employed arbitral immunity to consistently dismiss all forms of legal claims against arbitrators and arbitral institutions, including intentional misconduct, fraud and bias.[21]

For example, in *Hawkins,* the Plaintiff employee instituted arbitration proceedings against his former employer alleging claims of libel and slander. After an arbitration panel ruled against him, Plaintiff filed suit in Texas state court re-alleging his original claims against his former employer and also naming the arbitration provider, NASD, as a Defendant. In his state court complaint, Plaintiff alleged that "the NASD was biased against him, failed to properly administer the arbitration proceeding, and conspired with Prudential to harm him and deprive him of a fair arbitration." *Id.* The NASD[22] removed the case to federal court and moved to dismiss the lawsuit. The district court granted the NASD's Rule 12(b)(6) motion to dismiss.

---

[20] *See e.g. Jason v. American Arbitration Association, Inc*., No. Civ. A. 02-474, 2002 WL 1059005, *2 (E.D. La. May 23, 2002) ("The doctrine of judicial immunity is applicable to the arbitration process and extends to associations such as the AAA.").

[21] *Hawkins,* 149 F.3d at 331 (dismissing claims against the NASD for bias, misadministration and conspiracy to harm the Plaintiff); *Olson,* 85 F.3d at 382 (dismissing claims against the NASD for breach of contract, fraudulent misrepresentation, negligent processing of arbitration, gross negligence, breach of warranty and intentional infliction of emotional distress); *Corey v. New York Stock Exchange,* 493 F. Supp. 51, 53 (W.D. Mich. 1980) (dismissing claims against the NYSE for negligence and malfeasance, and a request for punitive damages); *M H Alexander,* 2001 WL 868823 at *4 (dismissing claims against the AAA for fraud, violation of the California Consumers Legal Remedies Act, violation of the California Unfair Business Practices Act and negligence); *Galuska,* 2000 WL 347851 at *1 (dismissing claims against the NYSE for conspiracy to defraud, negligence, breach of fiduciary duty and breach of contract).

[22] The NASD is the arbitration administrator for securities arbitrations. *See generally*, www.sec.gov.

On plaintiff's appeal, the Fifth Circuit affirmed the district court's dismissal of the claims against the NASD, stating:

> The NASD enjoys arbitral immunity from civil liability for the acts of its arbitrators in the course of conducting contractually agreed-upon arbitration proceedings. Because the NASD is immune from civil liability arising from its actions taken in the course of conducting arbitration proceedings, Hawkins has failed to state a claim against the NASD.

*Id.* at 332 (internal citations omitted); *see also Corey,* 691 F.2d at 1208-11 (cited favorably by the Fifth Circuit in *Hawkins).*

In *Corey, Corey v. New York Stock Exchange,* 691 F.2d 1205, 1211 (6th Cir. 1982*)*, the Sixth Circuit addressed the arbitral immunity of the New York Stock Exchange ("NYSE"). In that case, the losing arbitration claimant alleged that both the NYSE, acting as arbitration administrator, and the NYSE's arbitration director were biased against the claimant and deprived him of a fair arbitration hearing. The district court dismissed the plaintiff's complaint, and the Plaintiff appealed. On appeal, the Sixth Circuit, like the other circuits including the Fifth Circuit, found that arbitral immunity protected the NYSE and its director from plaintiff's claims of intentional or negligent conduct in the administration of the arbitration.

Here, Plaintiff's argument for res judicata and/or collateral estoppel does not overcome Defendants AAA and Bluff's arbitral immunity and accordingly Plaintiff's Motion for Declaratory Judgment fails as against them.

**2. AAA rules and the parties' arbitration agreement incorporate immunity**

Defendants AAA and Bluff's immunity from suit and Plaintiff's Motion for Declaratory Judgment is also provided for in the AAA's Rules, which were incorporated into the parties' arbitration agreement through Rule l(a) which provides:

> The parties shall be deemed to have made these Rules a part of their arbitration

8

> agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Construction Industry Arbitration Rules or whenever they have provided for arbitration of a construction dispute pursuant to the Rules of the AAA without designating particular AAA Rules.[23]

Courts have consistently upheld this incorporation of the AAA arbitration rules into the parties' arbitration agreement.[24]  Here, Plaintiff's construction agreement with his contractor, Exhibit 3, is incorporated the "rules of the American Arbitration Association" in paragraph 13:

> 13.     Settlement of disputes: In the event any dispute shall arise between the parties to this contract, Customer and Contractor agree that final and binding arbitration under the rules of the American Arbitration Association shall be the sole and exclusive means of resolving such dispute with all expenses of such arbitration divided equally between Customer and Contractor.  A single arbitrator shall be selected by agreement between parties from among a list of qualified arbitrators provided by the AAA and if the parties cannot agree upon a single individual shall ask the AAA to nominate the arbitrator, which choice shall be final…

The AAA Construction Industry Arbitration Rules and Mediation Procedures that governed the underlying arbitration specifically provide for the AAA's and Arbitrator Bluff's immunity. Specifically, the Construction Rules state, in relevant part:

> R-54. Applications to Court and Exclusion of Liability
>
> \* \* \*
> (b) Neither the AAA nor any arbitrator in a proceeding under these Rules is a necessary or proper party in judicial proceedings relating to the arbitration.
> \* \* \*
> (d) <u>Parties to an arbitration under these Rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages, injunctive or declaratory relief for any act or omission in connection with any arbitration under these rules.</u>.[25]

---

[23] The AAA Construction Rules, which are incorporated into the parties' construction agreement relied upon by Plaintiff's First Amended Petition can be found at the AAA's website, adr.org and an excerpt is attached as Exhibit 2.
[24] *See P&P Industries, Inc. v. Sutter Corp.,* 179 F.3d 861, 867-68 (10th Cir. 1999); *Commonwealth Edison Co. v. Gulf Oil Corp.,* 541 F.2d 1263, 1272 (7th Cir. 1976).
[25] *See* Exhibit 2. (emphasis added).

The expense and disruption of defending collateral suits relating to an arbitration make it difficult, if not impossible, for arbitrators or the AAA to perform their arbitration-related functions. Such "cost and delay to the arbitral process"[26] is inconsistent with "the basic policy of conducting arbitration [which] is to offer a means of deciding disputes expeditiously and at lower costs."[27]

Because Plaintiff, through his contract with Defendant Smith & Ramirez expressly incorporating the AAA rules, agreed not only that Defendants AAA and Bluff are not necessary or proper parties to court proceedings relating to the arbitration but also that Defendants AAA and Bluff will not "be liable to any party in any action for damages, injunctive or declaratory relief for any act or omission in connection with any arbitration under these rules."[28]  Plaintiff's Motion for Declaratory Judgment fails against Defendants AAA and Bluff.

### III.  PRAYER

Defendants AAA and Guy W. Bluff request that the Court enter an order denying Plaintiff's Motion for Declaratory Judgment and dismissing all claims against Defendants AAA and Bluff. Defendants request other relief to which they may be entitled.

---

[26] *New England*, 199 F.3d at 546. *See also*, 9 U.S.C. § 1, *et seq.; Corey v. New York Stock Exchange,* 691 F.2d 1205, 1212 (6th Cir. 1982); *Jason v. American Arbitration Association, Inc.,* No. Civ. A. 02-474, 2002 WL 1059005, *2 (E.D. La. May 23, 2002).
[27] *Robbins*, 954 F.2d at 68.
[28] *See* Exhibit 2, R-54 (d).

>*/s/ Raymond D. Martinez*
>**RAYMOND D. MARTINEZ**
>State Bar No. 24002537
>raymond@martinezlawyers.com
>
>**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
>*Attorneys for Defendants AAA and Guy W. Bluff*
>2110 E. Yandell Dr.
>El Paso, Texas 79903
>(915) 5414000 phone
>(915) 5414002 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March 2022, a true and correct copy of the foregoing document was served via electronic service on all parties through their respective counsels of record including Plaintiff.

Mr. Robert K. Hudnall
297 Puesta Del Sol
El Paso, Texas 79912
kenhudnall0@gmail.com
*Plaintiff*

>*/s/ Raymond D. Martinez*
>**RAYMOND D. MARTINEZ**