| | | |
|---|---|---|
| ROBERT K. HUDNALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00036-KC |
| | § | |
| STATE OF TEXAS, CITY OF EL PASO, | § | |
| TEXAS, JUDGE SERGIO ENRIQUEZ, | § | |
| ALEJANDRO C. RAMIREZ, TYRONE | § | |
| SMITH, dba as SMITH AND RAMIREZ | § | |
| RESTORATION LLC, GUY BLUFF, THE | § | |
| AMERICAN ARBITRATION | § | |
| ASSOCIATION, AND EVANSTON | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS ALEJANDRO C. RAMIREZ, TYRONE SMITH AND SMITH AND RAMIREZ RESTORATION, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **Alejandro C. Ramirez, Tyrone Smith and Smith and Ramirez Restoration LLC** (hereinafter collectively referred to as the "Defendants") and file this Response to Plaintiff's Motion for Declaratory Judgment would respectfully show the Court as follows:

### I.
### Introduction

1.       This lawsuit is the latest iteration in a string of similar lawsuits filed by Plaintiff. *See Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-17-00293-CV, 2020 WL 401840 (Tex.App.—El Paso, Jan. 24, 2020); *Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00217-CV, 2019 WL 4668508 (Tex.App.—El Paso, Sept. 25, 2019, no pet.)(mem. op.); *Robert K.*

1

*Hudnall and Sharon Elias Hudnall v. Ty Smith, et al.*, No. EP-21-CV-00106-FM, 2021 WL 3744580 (W.D. Tex. Aug. 10, 2021)(notice of appeal filed).

2.      Plaintiff filed this lawsuit in state court asserting claims under, inter alia, the U.S. Constitution, the Americans with Disabilities Act ("ADA"), and the ADA Amendments Act of 2008 ("ADAAA"). *See* Pl.'s Orig. Pet.

3.      Plaintiff then filed his first Amended Petition on December 20, 2021. Although cited to within the text of the Amended Petition, no exhibits were attached to Plaintiff's Amended Petition. *See* Pl.'s Am. Pet.

4.      Next, Plaintiff filed his Motion for Judgment on the Pleadings. *See* Doc. 16.

5.      Defendants filed their Response to that Motion on March 4, 2022.  *See* Doc. 23.

6.      For the reasons stated below, this Court should deny Plaintiff's Motion for Declaratory Judgment.

## II.  LEGAL STANDARD

7.      Under Rule 57, a litigant may bring an action seeking declaratory judgment. An action for a declaratory judgment is "an ordinary civil action." *Int'l Bhd. of Teamsters v. E. Conf. of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) (*citing* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2768 (1983) ("The incidents of pleading, process, discovery, trial, and judgment are the same.") (internal citations omitted)). Because an action for a declaratory judgment is an ordinary civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for declaratory judgment. *Id.* (internal citations omitted).

## III.  ARGUMENT

8.       In his motion, Plaintiff seeks relief for a declaratory judgment "[u]nder the Provisions of Federal Rules of Civil Procedure, Rule 57." [ECF No. 18]. Because Plaintiff seeks a declaratory

10171-127/JMAR/1677111

judgment, and because Rule 57 governs an action for a declaratory judgment, Plaintiff must comply with Rule 57's requirements. *Int'l Bhd.*, 160 F.R.D. at 455. Because Plaintiff has made a *motion* seeking declaratory relief, Plaintiff's motion should be denied because such a motion is inconsistent with the Federal Rules. Because Plaintiff's claim for declaratory judgment is a claim for affirmative relief, he bears the burden of proof. Plaintiff is required to present evidence at trial or via a Motion for Summary Judgment to be entitled to that relief. Because he has not presented that evidence in via the appropriate procedural vehicle, the Court should deny the motion.

9.      To the extent Plaintiff's Motion for Declaratory Judgment is interpreted as a Motion for Summary Judgment, it should be denied because disputed issues of material fact preclude summary judgment in favor of Plaintiff. Defendants filed a general denial in state court before this matter was removed to this Court. *See* Doc. 1, Ex. 1, Defendants Alejandro C. Ramirez, Tyrone Smith and Smith and Ramirez Restoration LLC's Original Answer. Pursuant to Fed. R. Civ. P. 81(c)(2), repleading is unnecessary unless the court orders it. Here, this Court has not ordered, nor is there any standing order requiring, Defendants to replead upon removal of a state court action to this Court. As a result, Defendants' general denial is Defendants live pleading. *See* Doc. 1, Ex. 1, Defendants Alejandro C. Ramirez, Tyrone Smith and Smith and Ramirez Restoration LLC's Original Answer. It is well established law that a general denial puts the plaintiff on proof of every fact essential to his case and issue is joined on all material facts asserted by plaintiff, except those which are required to be denied under oath. *Shell Chem. Co v. Lamb*, 493 S.W.2d 742, 744 (Tex.1973). Stated differently, Defendants have denied each and every claim by Plaintiff and burden is now on Plaintiff to prove the same. As a result, every single issue of material fact asserted by Plaintiff is currently in dispute. Therefore, Plaintiff's Motion should be denied. Alternatively, if the Court does not accept Defendants' General Denial, Defendants would ask the Court grant

Defendants time to file an Answer in this Court that complies with the Federal Rules of Civil Procedure before ruling on Plaintiff's Motion.

10.     In addition, the very facts as stated by Plaintiff in his Original Petition and Amended Petition are contradictory and create fact issues in and of themselves. *See* Pl.'s Orig. Pet. and Pl.'s Am. Pet. For example, Plaintiff claims that Defendants did not properly repair his roof and he suffered damages as a result. *Id.* However, Plaintiff explicitly states in both petitions that the roof passed inspection, albeit by an alleged conspiracy. *Id.* at ¶ 88. Furthermore, the evidence cited by Plaintiff in his Original Petition, as cited by Plaintiff, creates fact issues sufficient to deny Plaintiff's Motion. For example, Exhibit D to Plaintiff's Original Petition explicitly states, "October 30, 2014: An inspection was conducted by Inspector Wells. The inspection was passed." Ex. D to Pl.'s Orig. Pet. As a result, the very evidence cited by Plaintiff in his Original Petition creates fact issues. As a result, Plaintiff's Motion for Judgment on the Pleadings should be denied.

11.     Pleading in the alternative, Defendants would show Plaintiff's claims are barred by *res judicata* and collateral estoppel.

12.     Every single cause of action brought by Plaintiff in this lawsuit directly arises from Plaintiff's breach of contract claim which he brought against Defendants in the Arbitration Proceeding. *See* Plaintiff's Original Petition and Ex. K. As more thoroughly outlined above, this cause of action was already decided on the merits in favor of Defendants. *See* Ex. O. Therefore, the evidence has shown that there is no probability that Plaintiff will prevail on these same claims in the instant lawsuit. *See* Ex. O.

### *Plaintiff is attempting to relitigate issues that were determined adversely against him.*

13.     Each of the issues alleged by Plaintiff arise from the contract entered into by Plaintiff and S&R back in 2015. These issues were actually litigated in the Arbitration proceeding and decided in favor of Defendants. *See* Ex. O. Plaintiffs latest lawsuit, and the myriad of cause of action

4

asserted therein, is merely an attempt to re-frame and re-litigate those same issues that have already been decided against him. *Id.*

14. Defendants Alejandro C. Ramirez and Tyrone Smith collectively own Smith and Ramirez Restoration LLC (sometimes referred to collectively as the "Defendants"). On June 9, 2014 Plaintiff Robert K. Hudnall and his spouse, Sharon Hudnall, entered into an agreement with Defendant Smith and Ramirez Restoration LLC ("S&R") for the repair of Plaintiff's home (the "Contract"). *See* Ex. A. After S&R completed the repairs to Plaintiff's home, Plaintiff refused to pay S&R in accordance with the Contract. As a result, S&R filed suit against Plaintiff on April 3, 2015 in El Paso County, Texas to recover the amount owed to it by Plaintiff in a case styled 2015DCV1113 (the "Original Lawsuit") before the Honorable Judge Sergio Enriquez, who is also a named Defendant herein. This is the first lawsuit in a long string of related lawsuits spanning from April 3, 2015 to present day. The Original Lawsuit, along with each and every subsequent lawsuit, appeal, and arbitration proceeding directly arises from the above facts.

15. The second related lawsuit was filed by Old Republic Surety Company ("ORSC") on October 30, 2015, cause number 2015DCV3677 (the "Interpleader Lawsuit") before the Honorable Judge Javier Alvarez. *See* Ex. B. This lawsuit was an interpleader action by ORSC. *Id.* ORSC sought to deposit the amount of S&R's performance bond, $25,000.00, into the registry of the Court. *Id.* The Interpleader Lawsuit was never joined with the Original Lawsuit. As a result, S&R filed a Petition in Intervention in the Interpleader Lawsuit in order to advise Judge Alvarez of the pending Original Lawsuit. *See* Ex. C. On June 17, 2016, Judge Alvarez issued an Order Granting ORSC interpleader, awarded ORSC its attorneys fees, and then **directed the remaining parties (including Plaintiff and S&R, among others) to proceed on the merits of their respective claims and defenses**. *See* Ex. D. Specifically, the Order stated**, "this claim shall continue on the merits between Robert Hudnall, Benjamin Stevens, and Smith and Ramirez Restoration, LLC to determine their respective rights to any remaining funds on deposit in the registry**

5

**of the Court." ** *Id.* The language of the above order clearly indicates that, at that time, there had been no decision on the merits. Subsequently, on February 22, 2018, following more than 20 months of inactivity, Judge Alvarez issued an Order Setting a Dismissal Hearing. No objection was filed by any of the remaining parties and **the Interpleader Case was dismissed without prejudice on March 26, 2018 without there ever being a final decision on the merits.** *See* Ex. E.

16.    Roughly 16 months later, and despite the fact that the Interpleader Lawsuit had already been dismissed, Plaintiff filed an Amended Motion for Declaratory Judgment. *See* Ex. F. Plaintiff's Amended Motion for Declaratory Judgment asked for the full amount of the $25,000.00 performance bond that had been deposited into the registry of the Court by ORSC. *Id.* In response to Plaintiff's Amended motion for Declaratory Judgment, Judge Alvarez conducted a hearing at which time attorney Michael J. Zimprich and Plaintiff appeared. S&R did not appear at this hearing due to lack of notice. *See* Ex. G. The Court's Order Setting Hearing dated July 2, 2019 reflects service only on Kendal B. Reed (attorney for ORSC), Richard Deck (former attorney for Plaintiff), and Michael J. Zimprich (Attorney for Benjamin Stevens). *Id.* Following the hearing, Plaintiff and Michael J. Zimprich prepared a form Amended Order Returning Cash Bond for presentment to the Court wherein Michael J. Zimprich identified himself as the "Attorney for Old Republic," although he was not in fact ORSC's attorney, and then obtained the "approval" of Plaintiff for the Order. *See* Ex. H. Notably absent on this proposed Order was approval by S&R. *Id.* Mr. Zimprich and Plaintiff then presented the Amended Order Returning Cash Bond to Judge Alvarez for signature. Since the case was previously dismissed for want of prosecution, and having been presented with an "approved" form of Order from the "Attorney for the Plaintiff," Judge Alvarez did exactly that which one would expect and entered an order returning the balance of the interpleaded funds to Mr. Zimprich, the purported attorney for ORSC, on July 17, 2019. *Id.*

17.     In the meantime, after a lengthy period of inactivity, the Court in the Original Lawsuit granted S&R's Motion to Invoke Preemptive Arbitration Clause. *See* Ex. I. This decision was appealed by Plaintiff to the Fifth Court of Appeals in cases No. 08-19-00217-CV and No. 08-19-00293-CV. The lower court's decision to order the parties to arbitration was upheld on both appeals. *Id.* Eventually, the parties attended an arbitration (the "Arbitration") with the American Arbitration Association, a Defendant herein, with Guy Bluff, also a Defendant herein, serving as Arbitrator. Prior to the final arbitration hearing, Plaintiff asserted an Objection to Arbitration wherein he made the same claims he makes in this lawsuit - that S&R's causes of action are barred by the doctrine of res judicata and collateral estoppel, based on the fact that the Court in the Interpleader Lawsuit returned the cash bond to the alleged attorney for ORSC, Mr. Zimprich. *See* Ex. H. Additionally, Plaintiff also counter-claimed for damages to his home and to his person caused by the alleged defective repairs made by S&R. *See* Ex. J.

18.     Plaintiff's Objection to Arbitration was overruled based on the above cited language in Judge Alvarez's Order ("this claim shall continue on the merits…") and on the simple fact that no trial on the merits ever took place in the Interpleader Lawsuit. *See* Ex. J and E. In response to Plaintiff's Objection to Arbitration, the Arbitrator held that, …"Hudnall's arguments that Judge Alvarez has issued a FINAL ruling on the merits thus precluding this Arbitration is not supported by the evidence." *See* Ex. L. The Arbitrator further stated, "Hudnall attempts to now capitalize on what can be nothing less than fraud upon the court and now seeks to avoid an agreed upon and Court Ordered Arbitration based on the principals of res judicata and collateral estoppel." *Id.* Not coincidentally, all of Plaintiff's claims against S&R in the current lawsuit are the same claims, or arise from the same claims, that Plaintiff made in the Arbitration proceeding - that S&R's claims against him are barred by collateral estoppel and res judicata based upon the court's decision to return the interpleaded funds to Mr. Zimprich in the Interpleader Lawsuit. *See* Plaintiff's Original Petition.

19.     With Plaintiff's Objection to Arbitration now thoroughly denied, the Arbitration was scheduled to take place June 16, 2021. However, it was vacated to accommodate Plaintiff filing a subsequent Complaint in the County Court at Law 6, El Paso County, which was them removed to the United States District Court for the Western District of Texas, (the "Third Lawsuit") Cause No. 3:21-CV-00106 before the honorable Judge Montalvo. *See* Ex. M. There, based on the same facts before this Court, Plaintiff alleged an assortment of civil RICO violations, breach of contract, fraud, and conspiracy against, inter alia, the same Defendants who are presently before this Court. *See* Ex. N. and Plaintiff's Original Petition. There, Plaintiff claimed that S&R did not properly repair his roof and that S&R then conspired with the other Defendants to prevent Plaintiff from receiving the justice he believes he deserved. *See* Ex. N. The majority of these claims have already been dismissed.

20.     In the meantime, the Arbitration between Plaintiff and S&R, as ordered in the Original Lawsuit, was held on October 18, 2021. *See* Ex. O. Plaintiff did not bother to attend the Arbitration, despite receiving the required notice. *Id.* During the final Arbitration, the Arbitrator found that "S&R completed all contracted for work in a timely and workmanship manner…" *Id.* Furthermore, the Arbitrator found that Plaintiff materially breached its contractual obligations with S&R by failing to pay the amount it was still owed for the roofing work. *Id.* **All of Plaintiff's counterclaims against S&R, which were again based on alleged roofing defects, the same facts which form the basis of this lawsuit, were denied on the merits.** S&R has filed suit in the County Court at Law 6 to confirm the arbitration award in the case numbered 2021DCV4380. *See* Ex. P.

21.     All of the above lawsuits, appeals, and arbitration have led us to the lawsuit currently before the Court. Here, in Plaintiff's latest attempt to re-litigate issues that have already been decided on the merits, Plaintiff alleges causes of action against S&R, Mr. Smith, and Mr. Ramirez for Fraud, Elder Abuse, Exploitation, Abuse of Process, Invasion of Privacy, Breach of Contract, Forgery,

Conspiracy, Extortion, and Bribery. *See* Plaintiff's Original Petition. Every single one of these claims arises form the same underlying facts which were the basis of Plaintiff's previous lawsuits and counterclaims – the repair of Plaintiff's home by S&R. *See* Plaintiff's Original Lawsuit; Ex. K; Ex. N. In direct contravention to the Arbitrator's findings on the merits, Plaintiff again alleges that S&R did not correctly repair his home and thereby breached its contract with him. *See* Plaintiff's Original Petition; Ex. O. Plaintiff also tries to relitigate his collateral estoppel and res judicata arguments based on the court in the Interpleader Lawsuit returning the interpleaded funds to Mr. Zimprich. *See* Plaintiff's Original Petition. Plaintiff's Motion should be denied.

## IV.
## Conclusion

**WHEREFORE, PREMISES CONSIDERED**, Defendants Alejandro C. Ramirez, Tyrone Smith, and Smith and Ramirez Restoration LLC respectfully pray that the Court deny Plaintiff's Motion for Declaratory Judgment and for such other and further relief, general and special, legal and equitable, to which Defendants may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Box 1977
El Paso, Texas 79999-1977
(915) 532-2000
(915) 541-1597 (fax)

By:     */s/ James A. Martinez*
**James A. Martinez**
State Bar No. 00791192
**martinezja@jmeplaw.com**

*Attorneys for Defendants Alejandro C. Ramirez, Tyrone Smith and Smith and Ramirez Restoration, LLC*

10171-127/JMAR/1677111

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **James A. Martinez**, hereby certify that on the 14th day of March, 2022, a true and correct copy of the foregoing document was sent via ECF to the following parties or attorney(s,) to: Nicole J. Anchondo, AnchondoNJ@elpasotexas.gov, P.O. Box 1890, El Paso, Texas 79950-1890; Scot Graydon, Assistant Attorney General, Scot.Graydon@oag.texas.gov, Office of the Attorney General, PO Box 12548, Capitol Station, Austin, Texas 78711-2548, and Raymond D. Martinez, raymond@martinezlawyers.com; Martinez & Martinez Law Firm, PLLC, 2110 E. Yandell Dr., El Paso, Texas 79903.

and

Sent via certified mail to:

Robert K. Hudnall
5823 N. Mesa, #839
El Paso, Texas 79912
# 7021 2720 0002 6151 7579

on this the 14th day of March, 2022.

*/s/ James A. Martinez*
**James A. Martinez**

Ocwen #
shanavas

**SMITH & RAMIREZ**
RESTORATION LLC

Bonded & Insured

   

Angie's list.

500 Thunderbird Dr., Suite 103, El Paso, Texas 79912 • (915) 600-2866 Office
www.smithandramirezroofing.com • fax (877) 631-1557

PROJECT MANAGER _Luis Stiles_  REP CELL _996-6832_ DATE _6-9-14_

CUSTOMER _Ken Hudnall_  HOME PH. _478-1114_ ALT PH. _____

ADDRESS _297 Puesta Del Sol Lane_  CITY _El Paso_ ST _TX_ ZIP _79912_

☐ Is this a rental property? If yes, please provide billing address

☒ We will obtain necessary permits.
☒ We will provide insurance and worker's comp as required by the state.
☒ We will inspect material and prepare job site for safety.
☐ We will remove and haul away_____ layer(s) of existing roofing.
☒ Slope factor ____4/c+____
☐ 1-story ☒ 2-story ☐ 2-story with 1-story access ☐ 3-story

☐ Garage ☐ Shed ☐ Patio Cover ☐ Other_____
☐ Install_____ squares of _____

☒ We will clean the roof and gutters.
☒ We will clean grounds and haul off debris.
☒ We will sweep the ground with a magnet to pick up nails.
☒ We will haul off excess material.
☒ Final Quality Control Inspection.

**"El Paso's Best Roofing Warranty"**

| Standard | Upgrade | |
|---|---|---|
| 5 YRS | 10 yrs | **Installers Workmanship Coverage** Cost of ALL LABOR, MATERIALS,& DISPOSAL |
| OR | | **Manufacturer's Defect on Material Coverage** Cost of SHINGLES replacement |
| 5 | 10 yrs | Cost of LABOR |
| 5 | 10 yrs | Cost of TEAR-OFF and DISPOSAL |
| FREE | $300 | **Cost of Warranty Package** |

☐ **DECKING**
☐ Inspect decking for fastener adhesion
We will remove and replace up to _____ sheets (☐ as needed) ○ decking
for $_____ per sheet or ☐ remove and replace all decking.
☐ **UNDERLAYMENT**
We will install _____ (#) felt over the entire roof area.
We will add an additional layer of _____ in all valleys.
We will install Ice & Water Leak Proof Shield around chimney, Flashings,
and protrusions as needed for $_____
We will install _____ additional rolls of Ice & Water Leak Proof Shield for
$_____ per roll (☐ as needed).
☐ **SHINGLES**
We will install _____ (y) ☒ Architectual ☐ 3-Tab _____ (brand)
_____ (color) using 6 nails per shingle.
We will double enclose and seal valleys.
We will install factory specific starter. Triple seal eaves and rakes.
We will install matching 3-Tab Ridge or _____ with 4 nails.
per shingle and cost
☐ **FLASHING**
We will step flash around walls, skylights and chimneys as needed.
We will keep / replace all _____ (color) metal edging.
☐ **VENTILATION**
We will cut in / replace ridge vent _____ lineal feet for $_____ /ft.
We will replace _____ (#) wind turbines and/or _____ (#)
low profiles to match roof color.
We will replace _____ 1¼" _____ 2" _____ 3" _____ 4" plumbing vents.
We will paint stacks and vents with matching color paint and seal bases.

☐ See Contract Addendum

TERMS: This is a proposal only and Customer is not obligated unless the Customer's insurer provides an estimate of damage or recovery to the Customer which is acceptable to Smith & Ramirez Restoration LLC. The Customer authorizes Smith & Ramirez Restoration LLC. to pursue the Customer's best interest for the replacement or repair work outlined herein at a price agreeable to the Insurer and to Smith & Ramirez Restoration LLC. with NO ADDITIONAL COST to the Customer except for (i) the deductible, (ii) in the case of an ACV policy, any applicable non-recoverable depreciation, and (iii) any additional work requested by the Customer not covered by insurance. Upon acceptance by Smith & Ramirez Restoration LLC. of the Insurer's estimate this proposal shall be binding and Smith & Ramirez Restoration LLC. shall receive all the insurance proceeds for the work completed.

Customer expressly authorizes his/their insurance company and his/their mortgage company to provide any appropriate information to Smith & Ramirez Restoration LLC. and authorizes Smith & Ramirez Restoration LLC. to communicate directly with such Insurer and mortgagee for the purpose of securing payment or applying for supplemental claims as necessary for work completed.

☒ **WILL DO JOB FOR PRICE DESIGNATED BY YOUR INSURANCE COMPANY** (See Above) OR Contract Amount $_____ _@ S R c c Insurance_

**ACCEPTANCE:** Customer certifies having read and accepted the work specifications, prices and terms and conditions above on the reverse hereof. _State_

X _____ _1-5-2014_  X _____

Owner's Signature      Date           Customer's Signature      Date

_____ _Policy #_         Claim #           Insurance Contact Phone Number
Insurance Company

_____ _Loan Number_      Mortgage Company
Mortgage Company     _6-9-14_
Project Manager      Date

**EXHIBIT**
"A"

**Generated by CamS**

El Paso County - County Court at Law 3

Filed 10/30/2015 1:40:37 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV3677

CAUSE NO._____

| | | |
|---|---|---|
| OLD REPUBLIC SURETY COMPANY, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| ROBERT K. HUDNALL and BENJAMIN | § | |
| STEVENS, | § | |
| | § | |
| *Defendants.* | § | EL PASO COUNTY, TEXAS |

## ORIGINAL PETITION IN INTERPLEADER

TO THE HONORABLE COURT:

Old Republic Surety Company ("ORSC"), files this Original Petition in Interpleader against Robert K. Hudnall and Benjamin Stevens ("Defendants"), and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Pursuant to TEX. R. CIV. P. 190.2., discovery in this action shall be governed by a Level 2 Discovery Control Plan.

### II.
### STATEMENT OF RELIEF SOUGHT

2.     Pursuant to TEX. R. CIV. P. 47, ORSC states that it seeks monetary relief of $100,000.00 or less and non-monetary relief, and demands judgment to all other relief to which it may be entitled.

### III.
### THE PARTIES

3.     Plaintiff Old Republic Surety Company is a foreign corporation doing business in

Texas.

4.     Defendant Robert K. Hudnall ("Hudnall") is an individual residing in El Paso County, Texas, and may be served at his place of residence at 297 Puesta Del Sol, El Paso, Texas 79912 or at 5823 N. Mesa, #839, El Paso, Texas, 79912 or wherever he may be found.

5.     Defendant Benjamin Stevens ("Stevens") in an individual residing in El Paso County, Texas, and may be served at his place of residence at 10905 Walden Pond Lane, El Paso, Texas, 79934 or wherever he may be found.

### IV.
### JURISDICTION & VENUE

6.     The Court has jurisdiction over Defendants because they are residents of the State of Texas.  The Court has jurisdiction over this controversy because the types and amounts of relief sought are within the jurisdictional limits of the Court.

7.     Pursuant to Texas Civil Practice and Remedies Code § 15.002, venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in El Paso County, Texas, and because Defendants reside in El Paso County, Texas.

### V.
### STATEMENT OF FACTS

8.     On May 2, 2015, ORSC entered into contract with Smith and Ramirez Restoration, LLC ("Principal") by which ORSC became bound as surety in the amount of $25,000.00 for any damages caused by Principal's violations of Titles 9, 12, 13, or 18 of the El Paso City Code committed by Principal while engaged in the business of contracting or subcontracting (the "Bond"). The Bond provides an effective period of May 2, 2015 through May 2, 2016. A true and correct copy of the Bond is attached as Exhibit 1 and incorporated for all purposes herein.

9.     On June 23, 2015, Defendant Robert Hudnall asserted a claim against the Bond in the amount of $25,000 (the total amount of the bond) for damages resulting from alleged code violations committed by Principal in the summer of 2014 while replacing the roof on Hudnall's home at 297 Puesta Del Sol, El Paso, Texas 79912. On July 8, 2015, Hudnall's attorney, Richard Deck, clarified by letter that Hudnall's total claim was in excess of the total bond amount of $25,000, and that he therefore requested that the full bond amount be paid to Hudnall. A true and correct copy of this letter is attached as Exhibit 2 and incorporated for all purposes herein. As a result of the asserted claim, ORSC began its investigation of the claim.

10.     On August 11, 2015, Benjamin Stevens asserted a claim via e-mail against the Bond in the amount of $28,160.00 for damages resulting from alleged code violations committed by Principal in the summer of 2014 while replacing the roof of Stevens' home at 10905 Walden Pond Lane, El Paso, Texas 79934. A true and correct copy of this email is attached as Exhibit 3 and incorporated for all purposes herein.

11.     On September 25, 2015, Richard Deck, on behalf of Defendant Hudnall, sent a letter via fax to Kendal Reed, attorney for ORSC, in which he asserted Hudnall's right to the bond at the exclusion of any other claim, stating that "payment to anyone other than Hudnall would breach his rights as a third party beneficiary." A true and correct copy of this letter is attached as Exhibit 4 and incorporated for all purposes herein.

12.     On October 6, 2015, Kendal Reed sent a letter via email to counsel for each Defendant, in which he stated that Defendants' claims appeared to be adverse and conflicting, that ORSC was unable to determine which claimant was entitled to payment from the proceeds of the Bond, and that ORSC was now in the position of an innocent stakeholder faced with the possibility of multiple liability. The letter also advised Defendants of ORSC's intention to file

this interpleader action if Defendants did not indicate to ORSC their willingness to agree on distribution of the Surety Bond proceeds by October 14, 2015. A true and correct copy of this letter is attached as Exhibit 5 and incorporated for all purposes herein.

13.    To date, neither Defendant has responded to the October 6, 2015 letter necessitating the filing of this interpleader action.

## VI.
## PROPERTY AND CLAIMS

14.    The property subject to this Interpleader is the Bond proceeds of $25,000.

15.    Hudnall asserts that he is entitled to receive the full amount of the Bond Proceeds to the exclusion of Stevens.

16.    Stevens asserts that he is entitled to receive the full amount of the Bond Proceeds. Both Stevens and Hudnall have failed to compromise and agree to split the Bond Proceeds.

## VII.
## CAUSE OF ACTION

### INTERPLEADER

**A.    ORSC is or may be Subject to Multiple Liability**

17.    ORSC is facing rival claims as to the proper disposition of the Bond Proceeds. Defendants Hudnall and Stevens each claim the total amount of the Bond by reason of the fact that they claim to have suffered damages in excess of the total amount of the Bond due to alleged violations of the El Paso City Code by the Principal.

**B.    Claims are Adverse and Conflicting**

18.    These claims are adverse and conflicting, and ORSC is unable to determine which defendant is entitled to the proceeds of the Bond. Because each claim on its own is for in excess of the total amount of the Bond, ORSC cannot pay one defendant without excluding the other.

ORSC therefore is in the position of an innocent stakeholder faced with the possibility of multiple liability and incidental costs.

**C.      ORSC Claims No Interest**

19.      ORSC neither has, nor claims, any interest in the proceeds of the Bond, which ORSC at all times, has been willing to deliver to the person or persons entitled to possession.

**D.      ORSC is a Disinterested Stakeholder**

20.      ORSC has in no way colluded with any defendant concerning the matters of this cause. ORSC has not been, and will not be, indemnified in any manner by any defendant.

21.      ORSC timely filed this complaint after receiving notice of multiple claims and attempting to pursue a resolution without resorting to legal remedies.   ORSC is unable to determine whether the claims of Hudnall or Stevens to the Bond Proceeds are valid and filed this pleading to resolve this matter.

**E.      Tender to Court**

22.      In conjunction with the filing of this pleading, ORSC unconditionally offers to and is ready to deposit into the registry of the court the sum of $25,000.00, which represents the entire amount of the proceeds of Bond.  ORSC has actual possession and control of the property in dispute.

**VIII.**
**ATTORNEY'S FEES**

23.      ORSC is entitled to recover reasonable and necessary attorney fees and costs incurred as a result of these proceedings, payable directly from the Bond. *State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 803 (Tex. 2007); *Beneficial Standard Life Ins. Co. v. Trinity Nat. Bank*, 763 S.W.2d 52, 56 (Tex. App.—Dallas 1998, writ denied). *See also Clayton v. Mony Life Ins. Co. of Am.*, 284 S.W.3d 398, 405 (Tex. App.—Beaumont 2009, no pet.).

## PRAYER FOR RELIEF

For the reasons stated, ORSC requests that Defendants be cited to appear and answer, interpleading their claims to the proceeds of the Bond in the amount of $25,000, which ORSC has tendered to the court and that the Court order as follows:

A.   That ORSC be released and discharged from all liability to Defendants on all matters relating to the Bond;

B.   That ORSC have and recover its reasonable fees for the services of its attorneys, together with all costs of court and expenses incurred by ORSC in this suit, with all such fees, costs, and expenses, to be paid out of the $25,000 proceeds of the Bond; and

C.   Such other and further relief to which ORSC may be justly entitled.

Respectfully submitted,

**ANDERSON TOBIN, PLLC**

/s/ Kendal B. Reed
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Telephone: (972) 789-1160
Facsimile: (972) 789-1606
E-Mail: atobin@andersontobin.com
　　　　 kreed@andersontobin.com

ATTORNEYS FOR OLD REPUBLIC
SURETY COMPANY

# EXHIBIT 1



### ENGINEERING & CONSTRUCTION MANAGEMENT
### BLANKET BUILDING & CONSTRUCTION BOND

BOND # _____W150126735_____

**KNOW ALL MEN BY THESE PRESENTS:**

    **THAT WE,** _____Smith and Ramirez Restoration LLC_____, as Principal, and

_____Old Republic Surety Company_____, a Corporation authorized to do business under the laws of the State of Texas with

its principal office in the City of _____Brookfield_____, as Surety, are held and firmly bound unto the City of El Paso, Texas in the

Sum of TWENTY FIVE THOUSAND AND NO/100 DOLLARS ($25,000.00) lawful money of the United States of America, to the payment

of which sum, well and truly to be made, we bind ourselves, our executors, administrators, our successors, and assigns firmly by these

presents.

**SIGNED, SEALED AND DATED THIS** _____2nd_____ **DAY OF** _____May_____, **20_12___.**

    **THE CONDITION OF THE ABOVE OBLIGATION IS SUCH** that, whereas the Principal is engaged or intends to engage in the business of contracting or subcontracting for the erection, alteration, repair, removal, demolition, use and occupancy of buildings, or construction of buildings, structures, and systems, or the installation and maintenance of Electrical, Gas, Mechanical, Plumbing, Irrigation or Fire systems, as provided in Chapter 18.02 of the El Paso City Code, or is engaged or intends to engage in the business of cutting, excavating or drilling of monitoring wells in city right-of-way or on city owned property as provided in Chapter 13.08 of the El Paso City Code, or is engaged or intends to engage in any business within the city right-of-way which impedes or limits the general public from traversing the right-of-way as provided in Chapter 12.30 of the El Paso City Code.

    **NOW THEREFORE,** if the Principal and its agents, employees, and subcontractors shall comply with all provisions, rules and regulations of the El Paso City Code which have been or may be hereafter established by the City of El Paso, and shall pay any damages which are sustained by the City or by the person for whom the work is done which are caused by failure of the Principal, its agents, employees, or subcontractors to comply with Titles 9, 12, 13, or 18 of the El Paso City Code, and shall indemnify the City against all claims arising out of such failure to comply, then this obligation shall be void, otherwise to remain in full force and effect. Provided, however, that any suit against this bond or the Principal shall be filed within two years after completion of the work in connection with which the violation occurred.

    Provided further, that regardless of the number of claims which may be made against this bond in any one annual license period, the aggregate liability of the Surety for any and all claims, suits or actions under this bond in any one annual license period shall not exceed the amount stated above. Any revision of the bond amount shall not be cumulative within any one annual license period.

    **IT IS FURTHER UNDERSTOOD AND AGREED** that the Surety may at any time terminate its liability by giving thirty days written notice to the Building Official, El Paso, Texas, and the Surety shall not be liable for any loss after the expiration of thirty days except for losses occurring while this bond is in full force and effect.

    **THIS BOND** is to remain in force and to be binding for a period commencing on the _____2nd_____ day of _____May_____, 20_12___, and ending on the _____2nd_____ day of _____May_____, 20_13___.

PRINCIPAL'S NAME: Smith and Ramirez Restoration LLC      _____, Principal

ADDRESS & PHONE #: 500 Thunderbird Drive #103

CITY, STATE AND ZIP CODE: El Paso, TX 79912

     By: Name and Title

SURETY COMPANY: Old Republic Surety Company      _____, Surety

SURETY AGENT: Michael B Hill

SURETY TELEPHONE: (800) 217-1792

     By: Name and Title

Revised 10/24/2011 COSB

B

## IMPORTANT NOTICE

To obtain information or make a complaint:

You may call Old Republic Surety Company's and/or Old Republic Insurance Company's toll-free telephone number for information or to make a complaint at:

### 1-(800) 527-9834

You may also write to Old Republic Surety Company and/or Old Republic Insurance Company at:

### PO Box 569480
### Dallas, TX 75356-9480

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

### 1-(800) 252-3439

You may write the Texas Department of Insurance:

P.O. Box 149104
Austin, TX  78714-9104
Fax: (512) 475-1771
Web: http://www.tdi.state.tx.us
E-Mail: ConsumerProtection@tdi.state.tx.us

**PREMIUM OR CLAIM DISPUTES:**
Should you have a dispute concerning your premium or about a claim you should contact the agent or Old Republic Surety Company and/or Old Republic Insurance Company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document.

## AVISO IMPORTANTE

Para obtener informacion o para someter una queja:

Usted puede llamar al numero de telefono gratis de Old Republic Surety Company's / Old Republic Insurance Company's para informacion o para someter una queja al:

### 1-(800) 527-9834

Usted tambien puede escribir a Old Republic Surety Company / Old Republic Insurance Company:

### PO Box 569480
### Dallas, TX 75356-9480

Puede comunicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companies, coberturas, derechos o quejas al:

### 1-(800) 252-3439

Puede escribir al Departamento de Seguros de Texas:

P.O. Box 149104
Austin, TX  78714-9104
Fax: (512) 475-1771
Web: http://www.tdi.state.tx.us
E-Mail: ConsumerProtection(@tdi.state.tx.us

**DISPUTAS SOBRE PRIMAS O RECLAMOS:**
Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el agente o Old Republic Surety Company / Old Republic Insurance Company primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

**UNA ESTE AVISO A SU POLIZA:** Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

# EXHIBIT 2

# Richard Deck

Mediator, Attorney and Counselor at Law
Child Welfare Law Specialist by the NACC and the ABA
521 Texas Avenue
El Paso, Texas 79901

Tel.   (915) 532-1122                                                           email rdecklaw@gmail.com
Fax.  (877) 434-6917

July 8, 2015

*Sent by email:*
Jeff Passafaro
claims@orsurety.com
Old Republic Surety Company
445 South Moorland Road, Suite 200
Brookfield, WI 53201

|  |  |
|---|---|
| Claim No. | 58085 |
| Bond No. | W150126735 |
| Principal: | Smith and Ramirez, LLC |
| Claimant: | Robert K. Hudnall |
| D/L: | 07/01/2014 |

Dear Sir:

I am the retained attorney for Mr. Hudnall. I am responding to your letter dated 29 June, 2015 for the above referenced matter. In your letter you asked the total amount of the claim. We have filed against the Principal in excess of the bond amount. Accordingly, Mr. Hudnall is making a claim for the entire amount for the bond. The roof in question must be completely replaced and the damages to the interior of the home exceeds the amount of the bond. Further, Mr. Hudnall and his wife have lost the quiet enjoyment of their home due to the negligence of the Principal.

I will be happy to provide you with further information on this matter, to include the mold report and other documentation as you may need. Please do not hesitate to ask.

Very truly yours,

Richard Deck

EXHIBIT 3

To whom it may concern,

I am initiating a claim against the above-referenced bond on behalf of my client, Benjamin Stevens. Attached to this email is the petition with factual allegations and causes of action against your principal. This is a claim for violations of the IRC for deficient and defective workmanship. Attachments are as follows:

1. Petition
2. Estimate from A-1 roofing to cure defects in the amount of $28,160.00
3. Photos of some of the deficient work
4. Notice from the City of El Paso confirming continuation of interior leaks on a brand new roof
5. Contract for services
6. Bond copy

Please contact me with any additional questions or concerns.

Thank you,

**Michael J. Zimprich**
*Attorney-Managing Member*
The Law Offices of Michael J. Zimprich, PLLC
7001 Westwind Drive, Suite 205
El Paso, TX 79912
(P) 915-317-1238 ext. 946
(F) 915-613-2881

1



| | § |
|---|---|
| *BENJAMIN M. STEVENS* | § |
| | § |
| *Plaintiff,* | § |
| | § |
| *v.* | § |
| | § |
| *SMITH AND RAMIREZ* | § |
| *RESTORATION, LLC* | § |
| | § |
| *Defendant.* | § |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Benjamin M. Stevens, complains of Defendant, Smith and Ramirez Restoration, LLC, and would show the Court the following:

### A. Discovery-Control Plan

Plaintiff seeks only monetary relief of $100,000 or less including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Therefore Plaintiff intends to conduct discovery under Level 1 of the Texas Rules of Civil Procedure and under the rule of expedited actions.

### B. Parties

Plaintiff is an individual that resides within El Paso County.

Defendant, Smith and Ramirez Restoration, LLC, is a limited liability company registered with the Texas Secretary of State and doing business in El Paso County, Texas.

Defendant may be served with citation by serving its registered agent Ty Smith at 500 Thunderbird, Suite 103, El Paso, TX 79912 or wherever he may be found.

## C. Agency

Whenever in this Plaintiffs' Original petition, it is alleged that the Defendants, Smith and Ramirez Restoration, LLC did any act or thing, it is meant that Smith and Ramirez Restoration, LLC either personally or through their agents, servants, employees, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of or by Defendants, Smith and Ramirez Restoration, LLC, and was done in the normal and routine course and scope of employment and agency of Defendants' agents, servants, employees, or representatives.

## D. Facts

On or about May 10, 2014, Defendant visited Plaintiff's home located at 10905 Walden Pond Lane, El Paso, TX 79934 (the "Property") with the purpose of providing a repair estimate to repair a leaking roof and interior water damage as a result of the leaking roof. Plaintiff had already submitted a claim for the roof damage to his insurance and received an itemization of the work that needed to be completed from Milliken Construction Co., Inc. with a price quoted of $17,168.52. Defendant agreed to do all the work that was listed on this price quote for the same price as was quoted by the insurance and Milliken. Per the terms of the contract for repairs service between Plaintiff and Defendant, Defendant would remove the existing roof and replace with a new roofing system that would be free of leaks and installed in a good workmanlike manner. Additionally, Defendant stated that "the roofing system we install will

perform as we have stated. If you [Plaintiff] are not 100% satisfied with your roofing system, we will remove it and 100% of your investment" assuming that they mean return 100% of the buyers investment.

On or about May 16, 2014, Plaintiff's insurance company issued a check in the amount of $12,325.39 in the name of Plaintiff and Plaintiff's Mortgagee, Pioneer Bank (the "Bank"). Unknown to Plaintiff, Defendant cashed the check without the Banks authorization and used the funds for its own benefit.

On or about June 16, 2014, the Defendant began repair work on the Property and shortly thereafter completed such work. In an effort to cut costs and improve profitability, Defendant knowingly and intentionally cut corners in the work. Immediately after completing the roof work, Plaintiff noticed deficiencies in the work. These deficiencies consisted of the satellite dish was not replaced properly causing Plaintiff having to pay for removal and replacement with new holes in the roof, the cooler was not removed so that the shingles could be placed properly beneath but the shingles were shoved under the mounts causing buckling, damaged siding was not replaced according to the contract but was simply patched and began cracking, and there are numerous deficiencies in the installation of the shingles including gaps and opening thereby compromising the whole roofing system and causing interior leaks. Additionally, numerous contracted items were not completed as agreed by the parties.

Upon notification of the deficiencies by Plaintiff, Defendant began to send worker out to the Property in an **attempt** to fix the deficiencies. Defendant visited the Property and completed additional repairs on July 10, 2014, August 7, 2014, August 12, 2014, August 29, 2014, and again on September 4, 2014. All attempts to fix the deficiencies were mere bandages

on a gaping wound. Each time additional bandage efforts were used to patch holes and gaps on a brand new roof and each time the roof continued to leak causing additional interior damage. Defendant knowingly and intentionally failed to adequately repair the roof under is implied and express warranties in order to maximize profitability on the Plaintiffs roof replacement.

On October 24, 2014, Plaintiff sent to Defendant a DTPA notice letter requesting that Defendant reimburse the Plaintiff for actual damages as a result of Defendant's negligent repair work. Defendant has yet to offer a return of the funds paid according to its express warranty and has failed to offer a sufficient repair method for the roof to ensure that Plaintiff was going to receive what he had paid for – a new roof and interior repairs.

### E. Count –I Breach of the Implied Warranty of Good & Workmanlike Services

Defendant sold services to the Plaintiff consisting of the repair and modification of the Property owned by Plaintiff. Defendant did not perform the services in a good and workmanlike manner resulting in substantial damage to the Property. Plaintiff notified Defendant of the numerous deficiencies in the workmanship and Defendant refused to property repair the deficient work Defendant's breach of warranty directly and proximately caused injury to the Plaintiff, which resulted in substantial actual damages. Plaintiff seeks recovery of his actual damages and exemplary damages for Defendants knowing and intentional acts.

### F. Count –II Breach of Express Warranty

Defendant sold services to the Plaintiff consisting of the repair and modification of the Property owned by Plaintiff whereby the terms of their agreement, Defendant expressly warranted that "[i]f you [Plaintiff] are not 100% satisfied with your roofing system, we will remove it and 100% of your investment." Although Plaintiff notified Defendant on numerous occasions that he was not satisfied with the work and his roof continued to leak, Defendant did not honor this guarantee. Defendant's breach of this express warranty directly and proximately caused injury to the Plaintiff, which resulted in damages. Plaintiff seeks actual and exemplary damages within the jurisdictional limits of the court.

### G. Count III – DTPA Claim

Plaintiff is a consumer under the DTPA because Plaintiff is an individual who acquired services by purchase from Defendant. Defendant is an entity that can be sued under the DTPA. Defendant violated the DTPA when Defendant breached an implied warranty and also breached an express warranty. Specifically, Defendant breached the implied warranty of good and workmanlike services and also the express warranted stated within its contract. Defendant's wrongful conduct was a producing cause of the Plaintiff's injuries, which resulted in damages to Plaintiff's property.

Additionally, Defendant violated Texas Business and Commerce Code Section 17.45(b)(5) by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not.

Defendant's actions were committed knowingly or intentionally and as a result,

Plaintiffs are entitled to recover treble damages from Defendant. Plaintiffs are entitled to recover reasonable and necessary attorney's fees for prosecuting this suit under Texas Business & Commerce Code section 17.50(d).

## H. Count IV – Breach of Contract

Plaintiff and Defendant entered into a valid and enforceable written contract. By this contract the parties agreed that Defendant would repair Plaintiff's property and Plaintiffs would pay for the repairs. Defendant's acts constitute a clear repudiation of the contract because Defendant failed to complete most of the interior repairs that were in the contract and abandoned such repair work. Defendant's breach has caused injury to Plaintiffs, which resulted in damages. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## I. Count V – Negligence

The Defendants owed a legal duty to Plaintiffs to repair the Property in a reasonable manner and free from defects. Defendant breached this duty in repairing the Property incorrectly and improperly – not in conformance with the City of El Paso Building Codes thereby proximately causing damages to Plaintiff.

## J. Request for Disclosure

Under Texas Rule of Civil Procedure 194, Plaintiffs requests that defendant disclose, within the time prescribed, the information or material described in Rule 194.2 and 190.2(b)(6).

## K. Prayer

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## L. Prayer

For these reasons, Plaintiff asks that Defendant be cited to appear and answer and that court render judgment for Plaintiffs and award the following:

a. Actual damages;

b. Treble damages for Defendant's knowing and/ or intentional conduct;

c. Prejudgment and post judgment interest;

d. Court costs;

g. Attorney fees; and

f. All other relief to which Plaintiffs is entitled.

Respectfully submitted,

The Law Offices of Michael J. Zimprich, PLLC
7001 Westwind Drive, Suite 205
El Paso, Texas  79912
Phone (915) 317-1238 ext. 946
Fax (915) 613-2881
Email: mjzimp@mjzlaw-ep.com

By:_____
Michael J. Zimprich
State Bar No. 24090710

ATTORNEY FOR PLAINTIFF

# CITY OF EL PASO



## ENGINEERING & CONSTRUCTION MANAGEMENT

CORRECTION NOTICE ☒
STOP WORK ORDER ☐
DISAPPROVAL NOTICE ☒

Job Address: _10 905 WALDEN Rows_ Permit No. _BRAS-14-015._

BLDG.☒ COMBO☐ C.H.P.☐ ELEC☐ HVAC☐ PLBG☐ SIGNS☐ ZONING☐ FIR

INSPECTION THIS DATE INDICATES THAT THE FOLLOWING ITEMS REQUIRE YOUR IMMEDIATE ATTEN

1. _GOOD ENTIRE HOUSE_
   _HAVE TO BE REPAIRED AT_
   _LIVING ROOM AREA AND_
   _ENTIRE_

CONSTRUCTION MAY ☐ MAY NOT ☐ PROCEED PRIOR TO CORRECTION OF ABO

RE-INSPECTION IS ☒ IS NOT ☐ REQUIRED          RE-INSPECTION FEI

REC'D BY: _____ DATE/TIME: _8-20-14_

INSPECTOR: _____ PHONE: _472-5963_

23

Scanned by CamScanner

OLD REPUBLIC SURETY COMPANY
P O BOX 569480
DALLAS, TX 75356-9480
800-527-9834

## CONTINUATION CERTIFICATE

| BOND NUMBER | PRINCIPAL | PENALTY AMOUNT | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|---|---|
| W150126735 | BLANKET BUILDING & C | 24,000 | 5/02/2014 | 5/02/2015 |

**PRINCIPAL**
SMITH AND RAMIREZ RESTORATION LLC
500 THUNDERBIRD
DRIVE, #103
EL PASO, TX 79912

**OBLIGEE**
EL PASO ENG AND CONS
TWO CIVIC CENTER
PLAZA - 5TH FLOOR
EL PASO, TX 79901

## ORIGINAL FOR BOND RENEWAL

THIS BOND CONTINUES IN FORCE TO THE ABOVE EXPIRATION DATE CONDITIONED AND PROVIDED THAT THE LOSSES OR RECOVERIES ON IT AND ANY AND ALL ENDORSEMENTS SHALL NEVER EXCEED THE PENALTY SET FORTH IN THE BOND AND WHETHER THE LOSSES OR RECOVERIES ARE WITHIN THE FIRST AND/OR SUBSEQUENT OR WITHIN ANY EXTENSION OR RENEWAL PERIOD, PRESENT, PAST OR FUTURE. ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

SIGNED AND DATED THIS ____FIRST____ DAY OF ___MAY, 2014___

89-6069
BALDWIN-COX AGENCY LLC
5930 PRESTON VIEW BLVD.
SUITE 200
DALLAS, TX 75240

972-644-2688

(SEAL)

OLD REPUBLIC SURETY COMPANY
SURETY

By ___Karen M. Clusky___

# A-1 CONSTRUCTION
## REMODELING
## ROOFING
### P.O. BOX 3984   EL PASO TX.79923
### 915-637-2580

### PROPOSAL                    10/06/14

Mr. Ben Stevens
10905 Walden Pond
El Paso TX. 79934

This est. is as follows:

Living rm. Damage above back door was not done correctly. Mold is still present. We must open up area and replace all insulation, and any damaged lumber. Treat area with mold inhibitor. Resheetrock, texature, and repaint entire wall to match. Also at stairway wall. Water damage present on walls and ceiling area. Replace/repair areas, and repaint walls to match.

$ 2575.00

Garage area. Replace ½ sheet on side wall near light. Mold is present, scrape areas of wall. Apply mold inhibiter. Retexture walls. And repaint area. And re-acoustic ceiling area.

$ 975.00

Bed rm.1. Areas around ceiling are not done correctly. Re-shoot entire ceiling with acoustic. Plus wall damage small repair

$ 950.00

Bed dm. 2. Re-shoot ceiling area not done correctly. Missing areas not done. Must re-shoot entirely.

$ 625.00

Upstairs hallway. Replace 3 sheet of sub decking water damaged and all baseboards. As well as install new wood flooring.

$ 1975.00

Master bed rm. Re-shoot ceiling entirely with acoustic.

$ 1400.00

Master bath rm. Drywall damage on wall done improperly, must redo area. And repaint areas entirely.

$ 650.00

Roof areas. The existing roof was not installed properly; there are not enough nails in shingles. Some have 3 some have 2 some have 4 to inconsistent. There is no 90lb. or flashing in valleys, no decking replaced were needed. Shingles are not aligned properly. The whole roof does not meet city and ibc codes. We recommend to replacement of all roofing materials. 26 sq. flat roof is not done correctly. No felt installed. Must replace.

$ 7930.00

Total cost for all repairs. $ 25,010.00 plus taxes and fees. $3150,

$28,160.00

All work will meet all codes. Permits will be provided.

All work will carry 1 yr.warranty on workmenship deffects

Roofs will carry a 15 yr. warranty on workmenship.

David Adams
President
A-1 Construction



Hispanic

Smith & Ramirez

Restoration LLC. and

SIGNATED BYYOUR INSURANCE COMPANY (See Attach) OR Contract Amount $

& Ramirez Restoration LLC  with NO ADDITIONAL

X







31



32

# EXHIBIT 4

# Richard Deck

Mediator, Counselor and Attorney at Law
Child Welfare Law Specialist by the ABA and the NACC
521 Texas Avenue
El Paso, Texas 79901

Tel.  (915) 532-1122                                 email rdecklaw@gmail.com
Fax.  (877) 434-6917

Anderson & Tobin PLLC
Attn: Kendal B. Reed
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240

> RE:  Claim No.:  58085
> Bond No.:  W150126735
> Principal:  Smith and Ramirez Restoration, LLC
> Company:  Old Republic Surety Company
> Claimant:  Robert K. Hudnall

Dear Mr. Reed,

I read your letter with great interest and note several things that puzzle me. You state that the bond expressly conditions payment upon a loss or damage as a result of the principal's failure to comply with Titles 9, 12, 13 or 18 of the El Paso City Code. What puzzles me is that Old Republic was made aware of the fact that the roof in question failed drastically according to the City of El Paso. As I am sure you are well aware, Smith and Ramirez asked a city inspector to pass the roof without ever setting foot on it and he did so. My clients were never made aware of this inspection though Mr. Hudnall was home on the alleged date and time of the inspection. When it was brought to their attention that the leaking roof was alleged to have passed inspection, Mr. Hudnall asked for a second inspection which was done in his presence by a very experienced inspector. The roof not only failed but failed "drastically". Poor installation and an unsuited roofing material were two of the issues noted in the second inspection.

As for Smith and Ramirez contesting the payment of the bond due to their suing of my clients, it is interesting to note that they are suing to be paid for fixing things that they damaged due to their poor installation. Mr. Hudnall has not been compensated for the damages caused by Smith and Ramirez. This probably stems from the need of the Hudnalls to file a second claim with their insurance carrier for interior damage resulting from the shoddy workmanship on roof. Smith and Ramirez referred to the payments from this second claim as "free money" that should be split with them. Additionally, nowhere in the normal terms of a bond such as this is there any language which gives the principal the right to contest payment when the roof in question has failed.

As for a second claimant for the bond in question, payment to anyone other than the Hudnalls would breach their rights as a third party beneficiary. The bond was to pay if there was a loss or damage as a result of the principal's failure in performance of their contract vis a vis the home in question. Well, there has been a

substantial loss and extensive damage, which under the law, requires payment of the bond to the Hudnalls. Failure to honor your obligations under this bond will result in legal action to protect the rights of my client.

I await your response. Please do not hesitate to contact me if you require any further information.

Sincerely,

Richard Deck

EXHIBIT 5



Kendal B. Reed

Attorney at Law

972 789-3778
kreed@andersontobin.com

October 6, 2015

Mr. Richard Deck
Law Office of Richard Deck
521 Texas Avenue
El Paso, Texas 79901

VIA EMAIL: RDECKLAW@GMAIL.COM
CERTIFIED MAIL # 9414 7266 9904 2040 5446 62
RETURN RECEIPT REQUESTED

Mr. Michael J. Zimprich, Esq.
The Law Offices of Michael J. Zimprich
7001 Westwind Drive, Suite 205
El Paso, Texas 79912

VIA EMAIL: MJZIMP@MJZLAW-EP.COM
CERTIFIED MAIL # 9414 7266 9904 2040 5446 79
RETURN RECEIPT REQUESTED

RE:   Claim No.:    58085
      Bond No.:     W150126735
      Principal:    Smith and Ramirez Restoration, LLC
      Company:      Old Republic Surety Company
      Claimants:    Robert K. Hudnall and Benjamin Stevens

Dear Counsel:

As you aware from our previous correspondence, Old Republic Surety Company received two claims against Bond # W150126735 (the "Bond") regarding work performed for your clients by Smith and Ramirez Restoration, LLC. The Bond expressly conditions payments upon a loss or damage as a result of the principal's failure to comply with Titles 9, 12, 13 or 18 of the El Paso City Code.

We have reviewed all of the materials you both have provided to Old Republic Surety Company regarding your clients' claims against the Bond. Both of your clients have claimed damages in excess of the entire amount of the bond. These competing claims each contain failed and passed inspections along with claims for damages alleged to have been caused by a failure of Smith and Ramirez Restoration, LLC to comply with the El Paso City Code.

While we have not received all of the documents requested to date, it does appear from the documents received and the investigation performed by Old Republic Surety Company that your client's claims are adverse and conflicting. At least one party has asserted that it is entitled to the full payment under the bond to the exclusion of the other. Therefore, Old Republic Surety Company is unable to determine which of your clients is entitled to the proceeds from the Bond

and is now an innocent stakeholder faced with the possibility of multiple liability and additional costs which in the aggregate, are well in excess of the penal sum of the bond.

As a result, Old Republic Surety Company intends to interplead and unconditionally deposit the bond proceeds with the Court to allow your clients to resolve their claims to the funds unless your clients can reach a mutual agreement as to the division of the funds and release my client from any further obligation. As you are likely aware, Texas law allows my client to recover its reasonable attorney's fees and costs incurred to proceed with the interpleader action. Should your clients not be able to reach an agreement without the need for us to interplead the funds, Old Republic Surety Company will ask the Court to award its reasonable attorneys' fees.

Please let me know by October 14, 2015, if your clients are willing to agree to a distribution of the Bond proceeds or whether you will require Old Republic Surety Company to proceed with the interpleader action.

If you have any questions, don't hesitate to contact me.

Very truly yours,

Kendal B. Reed

KBR/cdn

cc:   VIA EMAIL: TYSMITH@SMITHANDRAMIREZROOFING.COM
      CERTIFIED MAIL # 9414 7266 9904 2040 5440 13
      RETURN RECEIPT REQUESTED
      Mr. Ty Smith
      Smith & Ramirez Restoration, LLC
      6425 Boeing Dr., Suite B-9
      El Paso, Texas 79925

      VIA EMAIL: GBCR_LAW@ATT.NET
      CERTIFIED MAIL # 9414 7266 9904 2040 5440 20
      RETURN RECEIPT REQUESTED
      Mr. Lane C. Reedman
      Guevara, Baumann, Coldwell & Reedman, L.L.P.
      4171 N. Mesa, Suite B-201
      El Paso, Texas 79902

1362.38

El Paso County - County Court at Law 3

Filed 1/29/2016 4:29:16 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV3677

## IN THE COUNTY COURT AT LAW NUMBER THREE
## COUNTY OF EL PASO, TEXAS

| | |
|---|---|
| OLD REPUBLIC SURETY COMPANY, §<br>    Plaintiff, §<br>  §<br>v. §<br>  §<br>ROBERT K. HUDNALL and §<br>BENJAMIN STEVENS, §<br>    Defendants, §<br>  §<br>and §<br>  §<br>SMITH AND RAMIREZ §<br>RESTORATION, LLC, §<br>    Intervenor. § | CAUSE NUMBER: 2015DCV03677 |

### SMITH AND RAMIREZ RESTORATION, LLC'S ORIGINAL PETITION
### IN INTERVENTION AND REQUEST FOR DISCLOSURE

COMES NOW Intervenor, Smith and Ramirez Restoration, LLC, and files this Petition in

Intervention and request for disclosure as a party-defendant and alleges as follows:

### PARTIES

1. Intervenor is a Limited Liability Corporation who conducts business in El Paso County.

2. Plaintiff is a corporation who conducts business in El Paso County. A copy of this

   petition will be forwarded to Kendal B. Reed, attorney of record for Plaintiff.

3. Defendant Robert K. Hudnall is an individual and has appeared and answered. A copy

   of this petition will be forwarded to Richard Deck, attorney of record for Defendant

   Hudnall.

4. Defendant Benjamin Stevens is an individual and has appeared and answered. A copy

   of this petition will be forwarded to Michael J. Zimprich, attorney for Defendant

   Stevens.

## THE ORIGINAL LAWSUIT

5. On October 30, 2015, Plaintiff filed its Original Petition.

6. On December 17 and 18, 2015, Defendants filed their respective answers.

## TIMELINESS

7. Intervenor is entitled to file this petition because judgment has not been entered.

## INTERVENOR'S INTEREST IN LAWSUIT

8. Intervenor holds Bond #W150126735, from Plaintiff.

9. Intervenor received communication from Plaintiff indicating that Plaintiff deposited funds from the bond in the above-captioned cause.

10. A party has a justiciable interest in a lawsuit when its interests will be affected by the litigation. *In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008); *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). A party may intervene in a suit if it would have been able to defeat all or part of the recovery if the suit had been filed against it. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990); *Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 497 (Tex. App.—San Antonio 1991, writ denied).

11. As it regards the instant case, liability for the underlying bond is still contested in two related causes of action. Therefore, liability must be established before the funds from the bond are released. Until that time, the funds of the bond should remain in the registry of the Court or else returned to Plaintiff or Intervenor.

## INTERVENOR'S CAUSES OF ACTION

12. Intervenor incorporates by reference and attachment, the causes of action listed in its Original Petition, filed in the cause numbered 2015DCV1113, and attaches the same to the instant Petition.

## DAMAGES

13. Intervenor seeks the damages detailed in his Original Petition, filed in the cause numbered 2015DCV1113, and attaches the same to the instant Petition.

14. Intervenor also requests that the bond filed in this Court not be released to any party until and after liability is determined in the underlying causes of action.

## REQUEST FOR DISCLOSURE

15. Under Texas Rule of Civil Procedure 194, intervenor requests that plaintiff and defendant disclose, within 30 days after service of this request, the information or material described in Rule 194.2.

## PRAYER

16. For these reasons, Intervenor asks the Court to render judgment for Intervenor that Defendants take nothing against it and award intervenor the damages requested and all other relief to which is it entitled to in both equity and law.

Respectfully submitted,

VALENZUELA LAW FIRM
Felix Valenzuela
State Bar No. 24076745
221 N. Kansas, Ste. 1200
El Paso, Texas 79901
T: (915) 209-2719
F: (915) 493-2404

By:  /s/ Felix Valenzuela
     Attorney for Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that, on January 29, 2016, I provided a true and correct copy of the foregoing to Richard Deck, via facsimile at 1-877-434-6917; Michael J. Zimprich, via email to mjzimp@mjzlaw-ep.com.

/s/ Felix Valenzuela

El Paso County - 448th District Court

Filed 4/3/2015 7:41:16 AM
Norma L. Favela
District Clerk
El Paso County
2015DCV1113

SMITH AND RAMIREZ )(
RESTORATION, LLC )(
)(
     Plaintiff, )(
)(
vs. )(
)(     Cause No. 2015-
ROBERT K. HUDNALL and )(
SHARON E. HUDNALL, )(
)(
    Defendants. )(

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SMITH AND RAMIREZ RESTORATION, LLC, a limited liability company duly registered in the State of Texas, hereinafter called "Plaintiff," and files this its Original Petition complaining of ROBERT K. HUDNALL and SHARON E. HUDNALL, hereinafter sometimes collectively called "Defendant," or "Defendants," and for cause of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN
I.

Discovery in this case is intended to be conducted under Level 2 of Rule 190, Texas Rules of Civil Procedure.

### CITATION
II.

Defendant, ROBERT K. HUDNALL and Defendant, SHARON E. HUDNALL, each are individual residents of El Paso County, Texas, who may be served with process by serving him and her at 297 Puesta Del Sol Lane, El Paso, Texas, 79912.

# EXHIBIT A

## VENUE
### III.

The Plaintiff's cause of action, or part thereof, arose in El Paso County, Texas. Each Defendant is an individual resident of El Paso County, Texas. El Paso County, Texas is therefore, a proper county for venue of this suit.

## BREACH OF CONTRACT
### IV.

At Defendant's request, Plaintiff provided labor and materials for construction work done at Defendant's residence, 297 Puesta Del Sol Lane, El Paso, Texas, 79912. Attached hereto as Exhibit "A", and incorporated herein by reference, is a Contract signed by Plaintiff and by Defendants which constitutes a contract whereby Plaintiff provided labor and materials for construction work done at Defendants' residence.

### V.

Plaintiff proceeded to perform work at Defendant's residence pursuant to the said Contract, but Defendant failed to make full payment as agreed. Plaintiff provided to Defendant an invoice that describes the amount billed and the amount paid. A copy of this invoice is attached hereto as Exhibit "B" and is incorporated herein by reference.

### VI.

Defendant promised to pay Plaintiff for this account, but still owes the amount of $8,965.68, plus accrued interest on the account at the legal rate from and after thirty days after payment on the said invoice was due. Although often requested to do so, Defendants have failed and refused, and still fail and refuse, to pay the account, all to Plaintiff's damage in the sum of $8,965.68, plus interest and attorney's fees as hereinafter alleged.

## QUANTUM MERUIT
### VII.

In the alternative, Plaintiff provided to Defendants, at Defendants' request, the labor and materials described hereinabove. Defendants received the labor and materials described hereinabove, and Defendants accepted the benefits thereof, and Plaintiff is entitled to recover the reasonable value of the benefits

conferred, all of which Plaintiff alleges to be the sum of at least $8,965.68, plus interest accrued thereon at the legal rate.

### ATTORNEY'S FEES
VIII.

Plaintiff made demand upon Defendant for payment of the account more than thirty (30) days prior to the filing of this suit by the letters attached hereto as Exhibit "C", and pursuant to Tex. Civ. P. & R. Code Section 38.0012, et seq., Plaintiff is entitled to recover a reasonable amount as attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court that Defendant be cited to appear and file answer herein, and on final hearing hereof, that the Plaintiff, SMITH AND RAMIREZ RESTORATION, LLC, does have and recover of and from the Defendant, ROBERT K. HUDNALL, and from the Defendant, SHARON E HUDNALL, judgment, individually, jointly and severally, in the sum of $8,965.68, together with prejudgment interest thereon at the legal rate accruing on the amount due from and after thirty (30) days after such amount was due, and post-judgment interest as allowed by law, reasonable attorney's fees, and all costs of court, and for such other and further relief to which Plaintiff may show himself to be justly entitled.

DATED this _2nd_ day of _April_, 2015.

Respectfully submitted,

GUEVARA, BAUMANN, COLDWELL & REEDMAN, LLP
4171 North Mesa Street, Suite B-201
El Paso, Texas 79902
Tel.:    (915) 544-6646
FAX.:  (915) 544-8305


By: _____
Lane C. Reedman
Texas State Bar No. 16698400

Attorneys for Plaintiff

CAUSE NO. 2015DCV3677

FILED
NORMA L. FAVELA
DISTRICT CLERK
2016 JUN 17 AM 10: 37
EL PASO COUNTY
BY _____
DEPUTY

| | | |
|---|---|---|
| OLD REPUBLIC SURETY COMPANY, | § | IN THE COUNTY COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | AT LAW NUMBER THREE |
| | § | |
| ROBERT K. HUDNALL and BENJAMIN | § | |
| STEVENS, | § | |
| | § | |
| *Defendants.* | § | EL PASO COUNTY, TEXAS |

## ORDER GRANTING OLD REPUBLIC SURETY COMPANY'S
## FIRST AMENDED PETITION IN INTERPLEADER

On this day came on to be considered Old Republic Surety Company's ("Plaintiff") Original Petition in Interpleader (the "Petition"). After review of the Petition, and all replies thereto, the Court finds that Plaintiff's Petition should be GRANTED in its entirety.

IT IS THEREFORE ORDERED as follows:

1.    That Plaintiff is discharged from any and all liability to each of the Defendants herein, Robert K. Hudnall, Benjamin Stevens Smith and Ramirez Restoration, LLC, and their heirs, assigns, and beneficiaries, for the Surety Bond issued by Plaintiff for Smith and Ramirez Restoration, LLC.

2.    That Plaintiff may recover its costs and attorney's fees from the amount tendered to the Registry of the Court, in an amount of $ 12,542. 24/XX.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Old Republic Surety Company is discharged from this suit, and discharged from all liability on its Engineering and Construction Management Blanket Building and Construction Bond No. W150126735.

IT is further ORDERED that Robert Hudnall, Benjamin Stevens, Smith and Ramirez Restoration, LLC, and all other claimants, whether known or unknown are enjoined from pursuing any action on any Bond claims against Old Republic Surety Company.

The Court orders the District Clerk to deliver payment of $12,542.24 to Old Republic Surety Company in care of Kendal B. Reed, Anderson Tobin, PLLC, 13355 Noel Road, Suite 1900, Dallas, Texas 75240, for attorney's fees and costs incurred in the interpleader action.

This case shall continue on the merits between Robert Hudnall, Benjamin Stevens and Smith and Ramirez Restoration, LLC to determine their respective rights to any remaining funds on deposit in the registry of the court.

SIGNED on the 17th day of June, 2016.

_____
JUDGE PRESIDING

IN THE COUNTY COURT AT LAW NUMBER THREE
EL PASO COUNTY, TEXAS

OLD REPUBLIC SURETY COMPANY

v.                                          Cause No.  2015DCV3677

ROBERT K. HUDNALL
AND BENJAMIN STEVENS

## DISMISSAL ORDER FOR WANT OF PROSECUTION

    BE IT REMEMBERED THAT THE COURT, AFTER DUE NOTICE TO ALL
THE PARTIES THROUGH THEIR ATTORNEY(S) OF RECORD AND/OR PRO SE
PARTIES OF RECORD IN THE ABOVE STYLED AND NUMBERED CAUSE,
THAT SAID CAUSE WOULD BE DISMISSED ON **MARCH 23, 2018,** FOR WANT
OF PROSECUTION UNDER RULE 165a, TEXAS RULES OF CIVIL PROCEDURE,
ON THE GROUNDS STATED IN THE NOTICE OF INTENT TO DISMISS FOR
WANT OF PROSECUTION, UNLESS THERE WAS GOOD CAUSE BEING SHOWN
TO RETAIN ON THE COURT'S DOCKET.

    IT IS THE **ORDER** OF THE COURT THAT THE ABOVE STYLED AND
NUMBERED CAUSE BE DISMISSED FOR WANT OF PROSECUTION UNDER
RULE 165a, TEXAS RULES OF CIVIL PROCEDURE.  COURT COSTS ARE
TAXED AGAINST PLAINTIFF.

    SIGNED March 26, 2018.

JAVIER ALVAREZ, Judge Presiding

**ORIGINAL TO BE FILED**



DWOP.ORDER

E

Filed 7/8/2019 8:51 AM
Norma Favela Barceleau
District Clerk
El Paso County
2015DCV3677

## IN THE COUNTY COURT AT LAW NUMBER THREE
## EL PASO COUNTY, TEXAS

**OLD REPUBLIC SURETY COMPANY**

**Cause No. 2015DCV3677**

**V.**

**ROBERT K. HUDNALL and**
**BENJAMIN STEVENS**

**And**

**SMITH AND RAMIREZ RESTORATION LLC**

### AMENDED MOTION FOR A DECLARATORY JUDGMENT

Comes now Robert K. Hudnall, defendant in the above styled action and files,

this, his Motion for a Declaratory Judgment and show this Court as follows:

1. This **MOTION FOR DECLARATORY JUDGMENT** is filed under the

   Provisions of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, Title

   2, Subtitle C, Chapter 37, Section 37.003. Chapter 37 is also known as the

   Texas Uniform Declaratory Judgment Act (hereinafter referred to as TUDJA).

2. Under the provisions of the TUDJA, a court of record within its jurisdiction

   has power to declare rights, status and other legal relations whether or not

   further relief is or could be claimed. An action or proceeding is not open to

   objection on the grounds that a declaratory judgment or decree is prayed for.

1

As found in ***Bonham State Bank v. Beadle, 907 S.W.2d 465 (Tex. 1995)***[1] a trial court has discretion to enter a declaratory judgment so long as it will serve a useful purpose or will terminate a controversy between the parties.

3. This have been said, though the trial courts have discretion with regard to entering declaratory judgements, courts are **obligated** to declare the rights of parties when such judgments will terminate the uncertainty or controversy giving rise to the lawsuit[2].

4. The purpose of this Chapter, as specified in Section 37.002(b) is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations. The stated purpose of the Statute is to grant remedial, not coercive relief[3]. The statute also specifies that this section is to be liberally construed and administered as the TUDJA is intended as a speedy and effective remedy for settling disputes before substantial damages are incurred and was enacted to provide a remedy that is simpler and less harsh than coercive relief if it appears that a declaration might terminate the potential controversy[4].

5. The TUDJA also states that a person interested under a deed, written contract

---

[1] Also see ***United Interests, Inc. v. Brewington, Inc., 729 S.W.2d 897, 905 (Tex. App. – Houston [14th Dist.] 1987, writ ref'd n.r.e.)***

[2] ***Public Util. Comm'n v. City of Austin, 728 S.W.2d 907, 910 (Tex.App. – Austin 1987, writ ref'd n..r.e.)***

[3] Under Texas law coercive relief requires a party to do or omit doing a specific act through injunctive relief or court order of specific performance.

[4] ***Town of Annetta South v. Seadrift Development, L.P., 446 S.W.3d 823 (Tex. Civ. App – Fort Worth 2014, pet. Denied.)***

2

or other writings constituting a contract or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder[5].

6. Under the provisions of Section 37.008 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, the Court may refuse to render or enter a declaratory judgment or decree if the judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding. In this instance, the rendering of the declaratory judgment would terminate the uncertainty or controversy, therefore DEFENDANTS are entitled to the entry of a declaratory judgment in this matter.

7. It is specified in the TUDJA that a Declaratory Judgment is remedial and not coercive in nature, therefore, DEFENDANTS are not asking the Plaintiffs be ordered to do anything or required not to do anything, but merely to have the status of the case determined as it is today, which would be considered remedial in nature.

8. It is also Defendant, Robert K. Hudnall's position that this was not an adversarial proceeding, but rather one where the Plaintiff was required to

---

[5] Texas Civil Practice and Remedies Code, Section 37.004(a) (Vernon 2008).

deposit the bond, for which premiums had been paid with the court for the court to determine dispersal. There was no need for numerous calls, mails and conferences for Plaintiff's attorney and certainly no statutory basis for using the proceeds of the bond to pay Plaintiff's attorney for unnecessary actions.

9. The funds deposited with the Court by Old Republic Surety Company were the proceeds of a bond underwritten by Plaintiff for SMITH AND RAMIREZ RESTORATION, LLC that was required to be posted by El Paso City Ordinance in order for SMITH AND RAMIREZ RESTORATION, LLC to perform as a contractor (See Contractor Registration Requirements sheet at Exhibit A).

10. Under the provisions of Rule 201 of the Texas Rules of Evidence, Defendant Robert K. Hudnall does ask this court to take judicial notice of the fact that local ordinance requires the posting of said bond as part of the Contractor Registration Requirements as said requirement is generally known within the trial court's territorial jurisdiction and it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned (Rule 201(b) of the Texas Rules of Evidence).

11. It is the position of Defendant, Robert K. Hudnall that the Court should have taken judicial notice on its own and had he been made aware of the action and the hearing in question, he would have brought this to the court's attention.

Under the provisions of Rule 201(c), Defendant Robert K. Hudnall would have requested said judicial notice and presented the Court with the necessary information.

12. Defendant Robert K. Hudnall does not ask the court to take judicial notice of the Contractor Registration Requirements as Rule 201(e), a party is entitled to be herd on the propriety of taking judicial notice and the nature of the fact to be noticed at any time in the proceeding (Rule 201(d)).

13. Defendant Robert K. Hudnall does show that the bond, in the amount of $25,000.00 was ordered to be posted as a protection for the prospective customers of SMITH AND RAMIREZ RESTORATION LLC and the Court should have taken judicial notice of local ordinances. The existence of this indisputable fact would have been conclusive under Texas law.

14. Finally, a fact of which judicial notice can be taken is a matter of evidence and knowledge on the part of courts which requires no formal proof[6].

15. Defendant Robert K. Hudnall does further show that that Defendant Robert K. Hudnall was a roofing customer of SMITH AND RAMIREZ RESTORATION LLC and thus one of the class the local ordinance was designed to protect.

---

[6] Harper v. Killion, 162 Tex. 481, 348 S.W.2d 521 (1961) (quoting Burtis v. Butler Bros., 148 Tex. 543 226 S.W.2d 825, 830 (1950)

16. Defendant Robert K. Hudnall does further show that the work of SMITH AND RAMRIEZ RESTORATION LLC and the ultimate product was defective and Defendant Hudnall's property was damaged as a direct result.

17. Defendant Robert K. Hudnall does show that he did call upon Plaintiff to pay said bond to Defendant to partially cover the damages to Defendant's property, but said bond was never paid to Defendant.

18. Defendant Robert K. Hudnall does show that he only became aware of the activities of Kendal B. Reed when Defendant Hudnall filed a notice of appearance to represent himself as a pro se as a result of his counsel of record withdrawing and the District Clerk's Office notifying him of funds being held in regard to this matter..

19. The record does show that Plaintiff did place the funds, in the amount of $25,000.00 with the court with Kendal B. Reed as attorney for the Plaintiff.

20. Defendant Robert K. Hudnall does further show that the bond was not used as required by city ordinance to assist the customers of SMITH AND RAMIREZ RESTORATION LLC, but rather to benefit ATTORNEY KENDAL B. REED at the expense of the intended beneficiaries. By using the bond proceeds to pay costs incurred by the Plaintiff (fees to Kendal B. Reed), Plaintiff in fact did not make available the sum of $25,000.00 required by city

ordinance, but rather used approximately one half of the amount for its own purposes.

21. Defendant Robert K. Hudnall does further show that in his opinion, the court lacked jurisdiction to make the award to Kendal B. Reed as it had no jurisdiction to hear the case or make the award of attorney's fees, nor grant Plaintiff protection from being sued by these Defendants for the following reasons:

- Defendant Robert K. Hudnall has no record nor knowledge of being served with process in this matter and the Sheriff's return of service does not show that Robert K. Hudnall signed said return of service nor is there any indication on the document in question that he ever saw it, and

- Richard Deck, as attorney for Defendant Robert K. Hudnall did file an answer, but this was based on knowledge of the action gained as Defendant's attorney in another action filed against SMITH AND RAMIREZ RESTORATION LLC in another court. The filing of the answer did not cure the failure to properly serve process on defendant as required by the Texas Rules of Civil Procedure.

- In the order setting the hearing dated March 11, 2016, Judge Javier Alvarez did order the requesting party, Kendal B. Reed to give notice

of the setting of the hearing to **all parties and counsel of record or Pro se**. A review of the case file as well as the meticulous billing records submitted by Kendal B. Reed does show that there was a failure to serve Defendant Robert K. Hudnall with notice of said setting, thus he violated the court order and Defendant, Robert K. Hudnall's right to due process of law was also violated.

22. It is also Defendant Robert K. Hudnall's position that even if the court had jurisdiction over this matter, to award almost one half of the total of a bond required by city ordinance for the protection of prospective clients of the contractor to the attorney for the bonding company is beyond understanding, not reasonable or necessary or equitable or just and is a clear violation of local ordinance which made clear the purpose of said bond.

23. Though a court has broad discretion in regard to the award of attorney's fees, there is a standard of review as to whether or not there has been an abuse of said discretion. The attorney's fees must be:

- Reasonable,

- Necessary

- Equitable, and

- Just,

24. To award one half of the total of a bond for attorney's fees for actions not germane to the case in question is not reasonable nor necessary, certainly not equitable or just. It was not for the Plaintiff to defend a claim against the bond as the bond was based on the success or failure of the contactor's work. Once it was determined that the contractor's work failed, the bond was forfeit, it was almost a strict liability situation, not one subject to litigation.

25. As a matter of local ordinance, the bond was to be posted in the amount of $25,000.00 to be used for the protection of the customers of the contractor. Nothing was said in the local ordinance about Plaintiff, the bonding company, paying their attorneys from the proceeds of the bond. This was unjust enrichment on the part of the Bonding company as well as their attorneys and a clear violation of local ordinance.

26. It is Defendant, Robert K. Hudnall's position that the way in which this bond was handled amounted to fraud as well as a violation of the El Paso ordinance regarding Contractor Registration Requirements. Said fraud could not have been successful without the Plaintiff and their attorneys working toward the same end.

27. As to attorneys, Texas follows the American Rule whereby parties are ordinarily required to bear their own attorney's fees absent explicit statutory

authority[7]. There was no statute authorizing payment of attorney's fees out of the bond in question which was posted for a specific purpose as per local ordinance, the protection of prospective customers of the contractor of which Defendant Robert K. Hudnall was one.

28. The bond was not ordered to be posted as a protection for the attorney for the Plaintiff, or to defray Plaintiff's attorneys fees, but rather as a protection for the customer of the contractor who posted the bond and it was ordered to be placed in the amount of $25,000.00, not $12,500.00.

29. Defendant Hudnall was a third-party beneficiary to the bond in question and as such was entitled to at least one half of the bond as posted, if not all of the bond since his damages far exceeded the $25,000.00 bond.

30. Since this case is still pending, this Court still has jurisdiction over the funds in question as well as the parties.

## PRAYER FOR RELIEF

Since a Declaratory Judgment is not coercive in nature but rather remedial, this court does make the following findings based on the record and local ordinance of which this court does take judicial notice. Based on the foregoing, Defendant, Robert K. Hudnall does ask this court for the entry of a Declaratory Judgment that:

---

[7] Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 310-11 (Tex. 2006) (citing Buckhannon Bd. And Care Home, Inc. v. West Virginia Dept. Of Health and Human Res., 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001))

1. There was no initial service of process conclusively establishing service over this Defendant made a part of the record.

2. Local ordinance required the placing of the bond in question as a requirement of Contractor Registration.

3. Plaintiff did act as a surety in the posting of said $25,000.00 bond.

4. Defendant Hudnall did make demand for payment of the bond in question.

5. The Plaintiff did place the bond in the custody of the Court.

6. Attorney Kendal B. Reed did not serve notice of the setting of the hearing for April 28, 2016 on Defendant Robert K. Hudnall, a party to the action, as specifically ordered on March 11, 2016.

7. The attorney's fees granted to Attorney Kendal B. Reed by this court were not statutorily authorized nor envisioned by local ordinance and should not have been paid from the posted bond which was placed for the protection of prospective customers of the contractor not Plaintiff's attorney.

8. Under the American Rule, Plaintiff was and should have been responsible for its own attorneys' fees.

9. Since the end result of the actions of Plaintiff's attorney Kendal B. Reed resulted in Plaintiff not making the sum of $25,000.00 available to those protected by the local ordinance, Plaintiff should be required to comply with

the terms of the bond and submit the balance required to bring the total to the required $25,000.00.

Respectfully submitted,

/s/ ROBERT K. HUDNALL
ROBERT K. HUDNALL
PRO SE
5823 N. MESA, #839
EL PASO, TEXAS 79912
EMAIL: kenhudnall0@gmail..com
915-478-1114

## CERTIFICATE OF SERVICE

I certify that on July 5, 2019, a true and correct copy of this Motion for Declaratory Judgment was serviced on all parties and counsel electronically through the electronic filing manger.

/s/ ROBERT K. HUDNALL
PRO SE

Filed 7/2/2019 10:05 AM
Norma Favela Barceleau
District Clerk
El Paso County
2015DCV3677

IN THE COUNTY COURT AT LAW NUMBER THREE
EL PASO COUNTY, TEXAS

OLD REPUBLIC SURETY
COMPANY; SMITH AND RAMIREZ
RESTORATION, LLC

v.

Cause No. 2015DCV3677

ROBERT K. HUDNALL; BENJAMIN
STEVENS

### ORDER SETTING HEARING

**IT IS HEREBY ORDERED** that a ***MOTION HEARING*** is hereby scheduled for ***JULY 11, 2019*** at ***2:30 PM*** in the County Court at Law Number 3, 500 E. San Antonio Street, 10th Floor, Room 1001, El Paso, Texas 79901.

**ATTENTION: Parties shall provide a courtesy hard copy, MAILED OR HAND-DELIVERED, to the Court of motions, responses and pertinent supporting documents, no later than 7 working days before the hearing. Failure to comply with this order may result in cancellation of the hearing. \*\*By Standing Order in Civil Matters signed and entered by the Council of Judges, pursuant to the Texas Supreme Court order mandating electronic filing of civil matters effective January 1, 2014.**

*YOUR CASE MAY BE DISMISSED FOR WANT OF PROSECUTION FOR FAILURE OF ANY PARTY SEEKING AFFIRMATIVE RELIEF TO APPEAR FOR ANY HEARING OR TRIAL OF WHICH THE PARTY HAD NOTICE.*

SIGNED on this the 2nd day of July, 2019.

JAVIER ALVAREZ, Judge
County Court at Law Number 3

**eFile Texas Service:**
Kendal B Reed
Richard Deck
Michael J Zimprich

El Paso County - County Court at Law 3

Filed 7/17/2019 9:13 AM
Norma Favela Barceleau
District Clerk
El Paso County
2015DCV3677

*CAUSE NO. 2015DCV3677*

| | | |
|---|---|---|
| **Old Republic Surety Company,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | **EL PASO COUNTY, TEXAS** |
| *v.* | § | |
| | § | |
| **Robert K. Hudnall,** | § | |
| *Defendant.* | § | **COUNTY COURT AT LAW 3** |

### AMENDED ORDER RETURNING CASH BOND

The District Clerk is **ORDERED** to disburse to The Law Offices of Michael J. Zimprich,

PLLC, funds on deposit being held by the District Clerk in the sum of $12,457.76, in the above

styled and numbered cause, minus any administrative fee.

Signed this 17th day of July, 2019.

_____
Presiding Judge

APPROVED BY FORM AND SUBSTANCE:

_____
Michael J. Zimprich
Attorney for Plaintiff

_____
Robert K. Hudnall

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

448th JUDICIAL DISTRICT

SMITH and RAMIREZ RESTORATION

VS

CAUSE NO. 2015DCV1113

ROBERT K. HUDNALL and SHARON E.
HUDNALL

---

### ORDER GRANTING SMITH and RAMIREZ RESTORATION'S
### MOTION TO INVOKE PREEMPTIVE ARBITRATON CLAUSE

---

On this day, came on to be considered, Smith and Ramirez Restoration's Motion To

Invoke Preemptive Arbitration Clause which was E-filed on 8/12/2019 within Plaintiff's

Response to Defendant's Motion for Declaratory Judgment. The Court, having reviewed and

considered the Motion and Response filed is of the opinion and finds that the Motion should be

GRANTED.

IT IS THEREFORE ORDERED; ADJUDGED and DECREED that Smith and Ramirez

Restoration's Motion to Invoke Preemptive Arbitration Clause is GRANTED.

SIGNED this _28_ day of _AUGUST_, 2019.

JUDGE SERGIO H. ENRIQUEZ
448TH District Court

297 Puesta Del Sol
El Paso, Texas 79912
September 17, 2020

American Arbitration Association
Attn: Dennis Bair
Manager of ADR Services
Email: Dennisbaird@adr.org

RE: Answer and Counterclaim

Dear Sir,

On September 11, 2020, Smith and Ramirez Restoration LLC, by and through their attorney Kurt G. Paxson did file a demand for arbitration. They maintain that they provided labor and materials for construction work done at Respondents['] residence pursuant to a contract entered into by claimant and respondents. They further maintain that the respondents failed for pay claimant for the work provided under said contract. This answering statement and counterclaim is filed with the AAA under the provisions of Rule R-4(c) i and ii.

1. **Answer** –

    a. Objection to Jurisdiction under Rule 9: While a contract was entered into for Smith and Ramirez Restoration, LLC to install a new roof on the Respondents' home it was breached in a number of ways by Smith and Ramirez as shown below:

        1. It is the belief of the Hudnalls that by initially filing suit in court, which was specifically prohibited by the Contract in question Smith and Ramirez waived their right to seek mediation. The sum for which they claim in this mediation was reimbursements for repairs they had to do on the residence which were caused by their own negligence.

---

[1] At the time of contract, Smith and Ramirez Restoration LLC was made fully aware that Respondent, Robert K. Hudnall, was a 100% disabled veteran who did not work. The roof would be paid for by homeowner's insurance with Liberty Mutual Insurance. After this Alex Ramirez continually made reference to all of the *free* VA money I could get and that they wanted half of it.

2. Said contract was unilaterally changed by Smith and Ramirez after Respondents' signed it and without their knowledge.

3. The roof installation failed city inspection (Exhibit 1) and Smith and Ramirez refused to stand behind their warranty or make any necessary repairs.

4. The following paragraphs of the contract were breached by the actions and/or omissions of Smith and Ramirez Restoration LLC:

    a. Paragraph 1 - Guarantee of Satisfaction: There was a guarantee that that the roofing system installed would perform as they stated. We contracted for a roof that would meet city specifications. Smith and Ramirez failed to furnish a satisfactory roof that met city specifications.

    b. Paragraph 3 – Entire Agreement – This clause specifies that this agreement is the entire agreement and yet Smith and Ramirez Restoration LLC made several side deals with the insurance adjuster for Liberty Mutual Insurance, that Respondents were never made aware of. Respondents agreed to pay the amount of $19,510.14 for a roof that would pass inspection. At no time was Respondents given an invoice for $31,879.82 and they were not made aware of the side deals or did they agree to any amounts other than the original invoice. In actuality Respondents, in addition to feeding the crew at our expense each day for lunch, paid Smith and Ramirez Restoration LLC the sum of $22,919.15.

    c. Paragraph 10 – Contractor's Warranty – Work was allegedly completed but has leaked continually. Smith and Ramirez Restoration, LLC has refused to do any warranty work. However, as a matter of Texas State Law, the work is not completed until the roof passed a city inspection. It has not done so to this date

as shown by the letter at Exhibit 1. In fact, the roof failed inspection badly and has only gotten worse with time. No representative of Smith and Ramirez Restoration LLC has set foot on Respondents' property since December 27, 2014. Therefore, respondents have not received the benefit of the contract for which they paid.

d. Paragraph 13 – Settlement of Disputes – According to the terms of the contract, in the event that any dispute shall arise between the parties to this contract, customer and Contractor agreed that final and binding Arbitration under the rules of the AAA shall be the sole and exclusive means of resolving such disputes. However, the first thing that Smith and Ramirez Restoration LLC did was file suit ignoring this paragraph in its entirety – after a large expenditure of time and money by Respondents to defend this frivolous suit, the Court referred the matter to the AAA. This force Respondents to pay again to litigate this matter and would be in effect a form of double jeopardy since their filing of suit in court required the payment of attorney's fees and costs for the court proceeding for which Respondents' received nothing.

e. The Contract called for a $25,000.00 bond to be put up by Smith and Ramirez Restoration LLC to indemnify respondents in case of issues. When Respondents tried to get the bond after roof failed, the attorney for Smith and Ramirez fought it being released to Respondents for almost 3 years. When it was released to Respondents by the Court on July 11, 2019, Respondents received only $6,000.00. The attorney for the bonding company demanded $12,500.00 for his need to come to El Paso and there was another claimant that

had also been seriously damaged by the substandard work of Smith and Ramirez Restoration LLC who demanded half of the bond. Thus, Respondents were not protected by a $25,000.00 bond as warranted by Smith and Ramirez.

f.  The contract was also based upon Smith and Ramirez Restoration LLC having suitable liability insurance which has refused to pay anything to rectify these issues based on the refusal of Smith and Ramirez Restoration to file a claim.

2. **COUNTERCLAIM** – Under the provisions of Rule R-4(ii)

   a.  In addition to not getting the agreed upon roof (Replacement cost $25,000.00 plus), Respondents were damaged as follows and do counterclaim for $1,303,000.00 which is explained by for the following amounts.

      1.  As shown by a scientific report prepared by Sun City Analytics (Exhibit 2) the continual leaks caused due to the substandard roof caused the growth of toxic mold in and throughout the walls of the house.

      2.  As shown by medical reports (available upon request- protected by HIPPA due to confidential information contained in said reports), this continual exposure to the toxic mold caused Robert K. Hudnall a number of serious medical problems to include pulmonary disease with lung scarring which is a permanent condition and a long-term disability.

      3.  The widespread leaks were directly caused by the negligence of Smith and Ramirez Restoration, LLC and its employees.

      4.  In addition to the medical problems suffered by both respondents, the presence of toxic mold resulted in damage to furniture and the necessity for moving an art collection and book collection out of the house. The storage, restoration and care

of the art collection has cost as of the filing of this counterclaim in excess of $35,000.00 which has been fully paid by Respondents. The storage of the book collection has, to date, cost in excess of $15,000.00 which has been paid by Respondents.

5. Furniture damaged by leaking roof that could not be salvaged - $20,000.00.

6. It has been discovered that there were a number of areas that were damaged by the workmen and kept secret from Respondents. One of these was severe damage to the bathtub, ceiling and wallpaper in the guest room bathroom. Cost to repair/replace the fixtures, repairs the ceiling and repaper the walls in the bathroom $11,000.00.

7. Estimates to remove the mold, replace damaged drywall and insulation and restore the house to its original condition, according to the most recent estimate will cost in excess of $178,000.00 (proof available upon request).

8. Balance of the $25,000.00 bond that Respondents were entitled to but failed to receive due to multiple claimants for said funds, $19,000.00.

9. Medical costs for the respiratory problems and other permanent medical issues caused to both of the Respondents by the mold that has infested the house due to the substandard installation - $1,000,000.00 – estimated over projected lifetime.

Respectfully submitted

/s/ ROBERT K. HUDNALL
Robert K. Hudnall
297 Puesta Del Sol
El Paso, Texas 79912
915-478-1114
Kenhudnall0@gmail.com

/s/ SHARON E. HUDNALL
Sharon E. Hudnall
297 Puesta Del Sol
El Paso, Texas 79912
915-478-1114
kenhudnall@gmail.com

cc. Kurt G. Paxson paxson@mgmsg.com



**Planning & Inspections Department**

Mayor
Oscar Leeser

City Council

District 1
Ann Morgan Lilly

District 2
Larry Romero

District 3
Emma Acosta

District 4
Carl L. Robinson

District 5
Dr. Michiel R. Noe

District 6
Claudia Ordaz

District 7
Lily Limón

District 8
Cortney C. Niland

City Manager
Tommy Gonzalez

May 26, 2015

Hudnall Robert
297 Puesta Del Sol Ln.
El Paso, Texas 79912

RE: BRFF14-01580

A building investigation was conducted on May 21, 2015 at 297 Puesta Del Sol Ln. and the following violations as per the 2009 International Residential Building Code and the El Paso Municipal Code of Ordinances Title 18 (Building and Construction):

1) IRC 2009 Section 903.1 General, Roof assemblies shall be designed and installed in accordance with this code and the approved manufacture's installation instructions as such that the roof assembly shall serve to protect the building or structure.( There are many collapsible spots on roof decking, Overlapping of roll roofing material flaps are not adhered properly at various locations.)

2) IRC 2009 Section 903.2 Flashing, Flashings shall be installed in a manner that prevents moisture from entering the wall and roof through joints in copings, through moisture permeable materials and at other penetrations through the roof plane.

3) IRC 2009 Section 904.2 Compatibility of materials, Roof assemblies shall be of materials that are compatible with each other and with the building or structure to which the materials are applied.

If you have any additional questions, please call me at (915) 235-7502.

Wayne B. Fannin, Jr.
Residential Combination Inspector Supervisor



Planning & Inspections Department
City 3 | 801 Texas Avenue | El Paso, Texas 79901 | (915) 212-0083

*Dedicated to Outstanding Customer Service for a Better Community*

EXHIBIT 1