**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| ROBERT K. HUDNALL, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-cv-00036-KC |
| STATE OF TEXAS, CITY OF EL PASO, TEXAS, JUDGE SERGIO ENRIQUEZ, ALEJANDRO C. RAMIREZ, TYRONE SMITH, dba as SMITH AND RAMIREZ RESTORATION LLC, GUY BLUFF, THE AMERICAN ARBITRATION ASSOCIATION, AND EVANSTON INSURANCE COMPANY, | § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS ALEJANDRO C. RAMIREZ, TYRONE SMITH AND**
**SMITH AND RAMIREZ RESTORATION, LLC'S MOTION TO DECLARE PLAINTIFF**
**A VEXATIOUS LITIGANT, AND IN THE ALTERNATIVE MOTION FOR**
**SANCTIONS**

1

## **TABLE OF CONTENTS**

|  |  | **Page** |
|---|---|---|
| STATEMENT OF ISSUES ……………………………………………… | | 4 |
| I. | INTRODUCTION ……………………………………………….. | 5 |
| II. | ARGUMENT …………………………………………………….  | 10 |
| III. | RELIEF REQUESTED…………………………………………….. | 14 |

# **TABLE OF AUTHORITIES**

**Page**

## **FEDERAL CASES**

1. *Allen v. Travis*, No. 3:06-CV-1361, 2007 U.S. Dist. LEXIS 103402, 2007 WL 1989592 (N.D. Tex. July 10, 2007). ……………………………………… 14

2. *Liptak v. Banner*, No. 3:01-CV-0953-M, 2002 U.S. Dist. LEXIS 940 (N.D. Tex. Jan. 18, 2002). ……………………………………………………... 14

## **STATUTES**

1. Texas Civil Practice and Remedies Code Sections 11.054, 11.055, 11.057 and 11.101     ……………………………………………………………………... 10

2.   Federal Rule of Civil Procedure 11            ………………………………………… 14

## **STATEMENT OF ISSUES**

1. Whether Plaintiff Robert K. Hudnall should be deemed a vexatious litigant under Texas Civil Practice & Remedies Code Section 11.054

2. In the alternative, whether Plaintiff Robert K. Hudnall should be sanctioned pursuant to Federal Rule of Civil Procedure 11.

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **Alejandro C. Ramirez, Tyrone Smith and Smith and Ramirez Restoration LLC**, Defendants in the above-style and numbered cause, and file this Motion to Declare Plaintiff a Vexatious Litigant and in the alternative Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c), and in support thereof would respectfully show the Court as follows:

## I.
## Introduction

1.      Defendants Alejandro C. Ramirez and Tyrone Smith own Smith and Ramirez Restoration LLC (sometimes referred to collectively as the "Defendants"). On June 9, 2014 Plaintiff Robert K. Hudnall and his spouse, Sharon Hudnall, entered into an agreement with Defendant Smith and Ramirez Restoration LLC ("S&R") for the repair of Plaintiff's home (the "Contract"). *See* Ex. A. After S&R completed the repairs to Plaintiff's home, Plaintiff refused to pay S&R in accordance with the Contract. As a result, S&R filed suit against Plaintiff on April 3, 2015 in El Paso County, Texas to recover the amount owed to it by Plaintiff in a case styled 2015DCV1113 (the "Original Lawsuit") before the Honorable Judge Sergio Enriquez, who is also a named Defendant herein. This is the first lawsuit in a long string of related lawsuits spanning from April 3, 2015 to present day. The Original Lawsuit, along with each and every subsequent lawsuit, appeal, and arbitration proceeding directly, arises from the above facts.

2.      The second related lawsuit was filed by Old Republic Surety Company ("ORSC") on October 30, 2015, cause number 2015DCV3677 (the "Interpleader Lawsuit") before the Honorable Judge Javier Alvarez. *See* Ex. B. This lawsuit was an interpleader action by ORSC. *Id.* ORSC sought to deposit the amount of S&R's bond, $25,000.00, into the registry of the Court. *Id.* The Interpleader Lawsuit was never joined with the Original Lawsuit. As a result, S&R filed a Petition in Intervention in the Interpleader Lawsuit in order to advise Judge Alvarez of the pending Original

Lawsuit. *See* Ex. C. On June 17, 2016, Judge Alvarez issued an Order Granting ORSC interpleader, awarded ORSC its attorneys fees, and then **directed the remaining parties (including Plaintiff and S&R, among others) to proceed on the merits of their respective claims and defenses**. *See* Ex. D. Specifically, the Order stated**, "this claim shall continue on the merits between Robert Hudnall, Benjamin Stevens, and Smith and Ramirez Restoration, LLC to determine their respective rights to any remaining funds on deposit in the registry of the Court."** *Id.* The language of the above order clearly indicates that there was no decision on the merits. Subsequently, on February 22, 2018, following more than 20 months of inactivity, Judge Alvarez issued an Order Setting a Dismissal Hearing. No objection was filed by any of the remaining parties and **the Interpleader Case was dismissed without prejudice on March 23, 2018 without there ever being a final decision on the merits.** *See* Ex. E.

3. Roughly 16 months later, and despite the fact that the Interpleader Lawsuit had already been dismissed, Plaintiff filed an Amended Motion for Declaratory Judgment. *See* Ex. F. Plaintiff's Amended Motion for Declaratory Judgment asked for the full amount of the $25,000.00 performance bond that had been deposited into the registry of the Court by ORSC. *Id.* In response to Plaintiff's Amended motion for Declaratory Judgment, Judge Alvarez conducted a hearing at which time attorney Michael J. Zimprich and Plaintiff appeared. S&R did not appear at this hearing due to lack of notice. *See* Ex. G. The Court's Order Setting Hearing dated July 2, 2019 reflects service only on Kendal B. Reed (attorney for ORSC), Richard Deck (former attorney for Plaintiff), and Michael J. Zimprich (Attorney for Benjamin Stevens). *Id*. Following the hearing, Plaintiff and Michael J. Zimprich prepared a form Amended Order Returning Cash Bond for presentment to the Court wherein Michael J. Zimprich identified himself as the "Attorney for Old Republic," although he was not in fact ORSC's attorney, and then obtained the "approval" of Plaintiff for the Order.

6

*See* Ex. H. Notably absent on this proposed Order was approval by S&R. *Id.* Mr. Zimprich and Plaintiff then presented the Amended Order Returning Cash Bond to Judge Alvarez for signature. Since the case was previously dismissed for want of prosecution, and having been presented with an "approved" form of Order from the "Attorney for the Plaintiff," Judge Alvarez did exactly that which one would expect and entered an order returning the balance of the interpleaded funds to Mr. Zimprich, the purported attorney for ORSC, on July 17, 2019. *Id.*

4.     In the meantime, after a lengthy period of inactivity, the Court in the Original Lawsuit granted S&R's Motion to Invoke Preemptive Arbitration Clause. *See* Ex. I. This decision was appealed by Plaintiff to the Fifth Court of Appeals in cases No. 08-19-00217-CV and No. 08-19-00293-CV. *See Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00293-CV, 2020 WL 401841 (Tex.App.—El Paso, Jan. 24, 2020); *Hudnall v. Smith & Ramirez Restoration L.L.C.*, No. 08-19-00217-CV, 2019 WL 4668508 (Tex.App.—El Paso, Sept. 25, 2019, no pet.)(mem. op.). The lower court's decision to order the parties to arbitration was upheld on both appeals. *Id.* Eventually, the parties attended an arbitration (the "Arbitration") with the American Arbitration Association, a Defendant herein, with Guy Bluff, also a Defendant herein, serving as Arbitrator. Prior to the final arbitration hearing, Plaintiff asserted an Objection to Arbitration wherein he made the same claims he makes in this lawsuit - that S&R's causes of action are barred by the doctrine of res judicata and collateral estoppel, based on the fact that the Court in the Interpleader Lawsuit returned the cash bond to the alleged attorney for ORSC, Mr. Zimprich. *See* Ex. L. Additionally, Plaintiff also counter-claimed for damages to his home and to his person caused by the alleged defective repairs made by S&R. *See* Ex. K.

5.     Plaintiff's Objection to Arbitration was overruled based on the above cited language in Judge Alvarez's Order ("this claim shall continue on the merits…") and on the simple fact that no

trial on the merits ever took place in the Interpleader Lawsuit. *See* Ex. L and E. In response to Plaintiff's Objection to Arbitration, the Arbitrator held that, …"Hudnall's arguments that Judge Alvarez has issued a FINAL ruling on the merits thus precluding this Arbitration [are] not supported by the evidence." *See* Ex. L. The Arbitrator further stated, "Hudnall attempts to now capitalize on what can be nothing less than fraud upon the court and now seeks to avoid an agreed upon and Court Ordered Arbitration based on the principals of res judicata and collateral estoppel." *Id.* Not coincidentally, all of Plaintiff's claims against S&R in the current lawsuit are the same claims, or arise from the same claims, that Plaintiff made in the Arbitration proceeding - that S&R's claims against him are barred by collateral estoppel and res judicata based upon the court's decision to return the interpleaded funds to Mr. Zimprich in the Interpleader Lawsuit. *See* Plaintiff's Original Petition.

6.      With Plaintiff's Objection to Arbitration now thoroughly denied, the Arbitration was scheduled to take place June 16, 2021. However, it was vacated to accommodate Plaintiff filing a subsequent Complaint in the County Court at Law 6, El Paso County, which was them removed to the United States District Court for the Western District of Texas, (the "Third Lawsuit") Cause No. 3:21-CV-00106 before the honorable Judge Montalvo. *See* Ex. M. There, based on the same facts before this Court, Plaintiff alleged an assortment of civil RICO violations, breach of contract, fraud, and conspiracy against, inter alia, the same Defendants who are presently before this Court. *See* Ex. N.  and Plaintiff's Original Petition. There, Plaintiff claimed that S&R did not properly repair his roof and that S&R then conspired with the other Defendants to prevent Plaintiff from receiving the justice he believes he deserved. *See* Ex. N. The majority of these claims have already been dismissed.

7.      In the meantime, the Arbitration between Plaintiff and S&R, as ordered in the Original Lawsuit, was held on October 18, 2021. *See* Ex. O. Plaintiff did not bother to attend the Arbitration, despite receiving the required notice. *Id.* During the final arbitration hearing, the Arbitrator found that "S&R completed all contracted for work in a timely and workmanship manner…" *Id.* Further, the Arbitrator found that Plaintiff materially breached its contractual obligations with S&R by failing to pay the amount it was still owed for the roofing work. *Id.* **All of Plaintiff's counterclaims against S&R, which were again based on alleged roofing defects, the same facts which form the basis of this lawsuit, were denied on the merits.** S&R has filed suit in the County Court at Law 6 to confirm the arbitration award in the case numbered 2021DCV4380. *See* Ex. P.

8.      All of the above lawsuits, appeals, and arbitration have led us to the lawsuit currently before the Court. Here, in Plaintiff's latest attempt to re-litigate issues that have already been decided on the merits, Plaintiff alleges causes of action against S&R, Mr. Smith, and Mr. Ramirez for Fraud, Elder Abuse, Exploitation, Abuse of Process, Invasion of Privacy, Breach of Contract, Forgery, Conspiracy, Extortion, and Bribery. *See* Plaintiff's Original Petition. Every single one of these claims arises form the same underlying facts which were the basis of Plaintiff's previous lawsuits and counterclaims – the repair of Plaintiff's home by S&R. *See* Plaintiff's Original Lawsuit; Ex. K; Ex. N. In direct contravention to the Arbitrator's findings on the merits, Plaintiff again alleges that S&R did not correctly repair his home and thereby breached its contract with him. *See* Plaintiff's Original Petition; Ex. O. Plaintiff also tries to relitigate his collateral estoppel and res judicata arguments based on the court in the Interpleader Lawsuit returning the interpleaded funds to Mr. Zimprich. *See* Plaintiff's Original Petition. In addition, Plaintiff then takes his argument a step further, as he did in the Third Lawsuit, and argues that all Defendants herein have conspired against

9

him to somehow deny him due process. *See* Plaintiff's Original Petition. Finally, Plaintiff alleges S&R procured this conspiracy through bribery of sundry personnel. *See* Plaintiff's Original Petition. Notably absent is any evidence supporting these claims. *See Id.*

## II.
## Argument and Authorities

   a. *Plaintiff is a Vexatious Litigant under Texas Civil Practice & Remedies Code section 11.054*

9.     Under Texas Civil Practice & Remedies Code Section 11.054, a plaintiff can be declared a vexatious litigant if the defendant shows (1) there is no reasonable probability that the plaintiff will prevail in the current litigation and (2) another civil action between the parties was finally determined against the plaintiff and the plaintiff, as a pro se party, has repeatedly relitigated or is attempting to relitigate against the same defendant the validity of either the final judgment or the same cause of action, claim, controversy, issues of fact, or issues of law. Tex. Civ. Prac. & Rem. Code § 11.054(2).

10.    If the Court finds that a plaintiff is a vexatious litigant under Texas Civil Practice & Remedies Code section 11.054, the Court (1) must order the plaintiff to post security to assure defendant that it will recover its reasonable expenses, including costs and attorney fees, should the case be dismissed on the merits, and (2) may sign an order prohibiting the plaintiff from filing any new civil action in Texas as a pro se party without first obtaining permission from a local administrative judge. *See Id.* at §§ 11.055, 11.057, 11.101.

   i. *There is no probability that plaintiff will prevail against Defendants in the current litigation*

11.    Every single cause of action brought by Plaintiff in this lawsuit directly arises from Plaintiff's breach of contract claim which he brought against Defendants in the Arbitration Proceeding. *See* Plaintiff's Original Petition and Ex. K. As more thoroughly outlined above, this

10

cause of action was already decided on the merits in favor of Defendants. *See* Ex. O. The evidence has shown that there is no probability that Plaintiff will prevail on these same claims in the instant lawsuit. *See* Ex. O.

12. Going through each of Plaintiff's claims one-by-one, Plaintiff first alleges elder abuse because Plaintiff was allegedly personally injured when Defendants failed to properly replace the roof on Plaintiff's home. *See* Plaintiff's Original Petition. This is merely a re-framing of the breach of contract action brought by Plaintiff in the previous proceedings. *See* Plaintiff's Original Petition, Ex. K and Ex. N. The Arbitrator already decided that, "no evidence was provided…as to causation of any serious medical problems…" *See* Ex. O. The result would be the same in the instant case. There is no evidence that Plaintiff was injured by Defendants not properly replacing the roof of his home because Defendants did in fact properly replace Plaintiff's roof of his home as evidenced by the holding in the Arbitration Proceeding, and as further evidenced by the fact that the home actually passed inspection after Defendants completed its repairs. *See* Ex. O and Q.

13. Next, Plaintiff asserts a vague cause of action based on "exploitation." *See* Plaintiff's Original Petition. Plaintiff alleges that Defendants and himself have an, "ongoing 8-year relationship…as a result of the baseless legal actions they have filed." *Id.* There is no case law in support of Plaintiff's theory that being on opposite sides of several lawsuits over the course of several years creates any an exploitative relationship. Furthermore, it is unclear what statute or common law, if any, Plaintiff basis his exploitation allegation as there is no such cause of action recognized in Texas as alleged by Plaintiff.

14. Third, Plaintiff claims that his right to due process has been violated by Defendants continuing to claim that the roof in question passed inspection when it has been found deficient by a court of competent jurisdiction. *Id.* As detailed above, this claim is unfounded. No court has

found that the roof was deficient. In fact, the complete opposite was found by the Arbitrator. *See* Ex. O.

15. Plaintiff's fourth cause of action is for forgery. *See* Plaintiff's Original Petition. Plaintiff makes the naked assertion that "Defendants did unilaterally modify the contract between the parties in an attempt to illegally obtain more money to which they were not entitled. *Id.* Again, it has already been decided that S&R was entitled to the money because it actually performed the services for which Plaintiff contracted it to hire. *See* Ex. O.

16. Next, Plaintiff claims Defendant breached the contract by refusing to honor the warranty in the contract. *See* Plaintiff's Original Petition. The opposite has already been found to be true by the Arbitrator. *See* Ex. O. The Arbitrator held, "Hudnall materially breached its contractual obligations with [S&R] by failing to pay such amount when due making this arbitration necessary for [S&R] to protect its rights." *Id.*

17. Plaintiff next claims that Defendant conspired with the city inspector and with "various attorneys" to have the roof pass inspection and to obtain funds from Plaintiff to which Defendants are not entitled. *See* Plaintiff's Original Petition. This is yet another unhelpful rephrasing of Plaintiff's breach of contract claim. The roof actually passed inspection and S&R is actually entitled to certain funds pursuant to the Contract. *See* Ex. O and Q. There is no evidence otherwise.

18. Plaintiff then claims Defendants committed fraud and conspiracy. *See* Plaintiff's Original Petition. Plaintiff alleges Defendants represented to him that the roof was suitable for its purpose, but the roof that was actually installed was not suitable for such purpose. *Id.* Plaintiff further alleges that Defendants conspired to commit such fraud upon him. *See* Plaintiff's Original Petition. For the reasons repeatedly stated above, this claim fails.

19.     Next, Plaintiff claims Defendants committed abuse of process. *See* Plaintiff's Original Petition. Plaintiff argues, "Even though the issue of the roof not meeting code was established by a final decision in 2015DCV3677, Defendants then sued Plaintiff in 2015DCV1113 in violation of the terms of the contract…" *Id.* No court has held that that the roof did not meet code. Instead, based on suspicious circumstances, the Court in the Interpleader Lawsuit merely returned the bond to Mr. Zimprich, the purported attorney for ORSC. *See* Ex. H. The only decision on the merits in regard to the actual condition of the roof was made by the Arbitrator who found that, "S&R completed all contracted for work in a timely and workmanship manner." *See* Ex. O.

20.     Lastly, Plaintiff claims that Defendants committed bribery. *See* Plaintiff's Original Petition. Plaintiff alleges that, "[S&R] regularly took city inspectors out to lunch or took them sacks of hamburgers in order to ensure preferential treatment." *Id.* For the reasons and described above, this claim is clearly erroneous. **Therefore, as a result of the foregoing arguments and evidence presented, there is no probability that Plaintiff will prevail against Defendants in the current litigation.**

   ii.     *Plaintiff is attempting to relitigate issues that were determined adversely against him.*

21.     Each of the issues alleged by Plaintiff arise from the contract entered into by Plaintiff and S&R back in 2015. These issues were actually litigated in the Arbitration proceeding and decided in favor of Defendants. *See* Ex. O. Plaintiffs latest lawsuit, and the myriad of cause of action asserted therein, is merely an attempt to re-frame and re-litigate those same issues that have already been decided against him. *Id.* Furthermore, Plaintiff had the opportunity to raise these causes of action, and any other related cause of action, during the Arbitration and chose not to do so.

    b. *In the alternative, Defendant requests this Court sanction Plaintiff pursuant to Fed. R. Civ. P. 11.*

22.    Federal courts in Texas have not clearly endorsed the application of the "*Erie Doctrine*" to a Motion to Declare a Plaintiff a Vexatious Litigant pursuant to Section 11.054 of the Texas Civil Practice and Remedies Code. *See Allen v. Travis*, No. 3:06-CV-1361, 2007 U.S. Dist. LEXIS 103402, 2007 WL 1989592 (N.D. Tex. July 10, 2007); *see also Liptak v. Banner*, No. 3:01-CV-0953-M, 2002 U.S. Dist. LEXIS 940 (N.D. Tex. Jan. 18, 2002). As a result, some Courts have treated such a motion filed in a federal court as a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. *Id.* In those cases, the court indicated that the same sanctions that may be requested pursuant to Texas Civil Practice and Remedies Code section 11.054 may be requested and granted pursuant to Federal Rule of Civil Procedure 11. *Id.*

23.    Here, in the alternative, if the Court finds that the substance of Texas' Texas Civil Practice and Remedies Code Section 11.054 has been subsumed by Federal Rule of Civil Procedure 11, Defendants ask the Court to sanction Plaintiff. Specifically, Defendants asks that this Court sanction Plaintiff by ordering him to post security in the amount of $25,000.00 to assure Defendants that they will recover its reasonable expenses, including costs and attorney fees, should the case be dismissed on the merits, and (2) sign an order prohibiting Plaintiff from filing any new civil action in Texas as a pro se party without first obtaining permission from a United States District Judge for the Western District of El Paso.

## III.
## Relief Requested

24.    Defendant asks the Court to declare Plaintiff a vexatious litigant pursuant to Texas Civil Practice and Remedies Code Section 11.054. Furthermore, to assure defendant that it will recover reasonable expenses (including costs and attorney fees) should Plaintiff's case be dismissed on the

merits, Defendants ask the Court to order Plaintiff to post security in the amount of $25,000.00 representing an estimated cost of defending this lawsuit through trial, and to stay the proceedings until such payment is made. In addition to posting security, Defendants also ask the Court to sign an order prohibiting Plaintiff from filing any new litigation in Texas as a pro se party without first obtaining permission to sue from a local administrative judge.

25.     In the alternative, Defendants ask the Court to sanction Plaintiff pursuant to Federal Rule of Civil Procedure 11. Specifically, Defendants asks that this Court sanction Plaintiff by ordering him to post security in the amount of $25,000.00 to assure Defendants that they will recover its reasonable expenses, including costs and attorney fees, should the case be dismissed on the merits, and (2) sign an order prohibiting Plaintiff from filing any new civil action in Texas as a pro se party without first obtaining permission from a United States District Judge for the Western District of El Paso

WHEREFORE, PREMISES CONSIDERED, Defendants pray Plaintiff be declared a vexatious litigant, that he be required to post security in the amount of $25,000.00, representing an estimated cost of defending this lawsuit through trial, and that Plaintiff be prohibited from filing any new litigation in Texas as a pro se party without first obtaining permission to sue from a United States District Judge for the Western District of El Paso, and for such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

Respectfully submitted,

*/S/ JAMES A. MARTINEZ*
**JAMES A. MARTINEZ**
State Bar No. 00791192
Mounce, Green, Myers, Safi, Paxson & Galatzan
100 N. Stanton, Suite 1000
El Paso, Texas 79901
915/532-2000
915/541-1549 fax
martinez@mgmsg.com

*Attorney for Defendants Alejandro C. Ramirez, Tyrone Smith, and Smith and Ramirez Restoration LLC*

**CERTIFICATE OF SERVICE**

In compliance with Texas Rule of Civil Procedure 21a (e), I, **James A. Martinez**, hereby certify that on the 17th day of March, 2022, a true and correct copy of the foregoing document was emailed/mailed to the following parties or attorney(s,) to: Nicole J. Anchondo, AnchondoNJ@elpasotexas.gov, PO Box 1890, El Paso, Texas 79950-1890; Scot Graydon, Assistant Attorney General, Scot.Graydon@oag.texas.gov, Office of the Attorney General, PO Box 12548, Capitol Station, Austin, Texas 78711-2548, and Raymond D. Martinez, raymond@martinezlawyers.com; Martinez & Martinez Law Firm, PLLC, 2110 E. Yandell Dr., El Paso, Texas 79903.

and

Sent via certified mail to:

Robert K. Hudnall
5823 N. Mesa, #839
El Paso, Texas 79912
#7021 0350 0001 8981 4799

on this the 17th day of March, 2022.

*/S/ JAMES A. MARTINEZ*
**JAMES A. MARTINEZ**