IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROBERT K. HUDNALL,<br>    Plaintiff,<br><br>v.<br><br>STATE OF TEXAS; CITY OF EL PASO; JUDGE SERGIO ENRIQUEZ; ALEJANDRO C. RAMIREZ; TYRONE SMITH d/b/a SMITH AND RAMIREZ RESTORATION LLC; GUY BLUFF; AMERICAN ARBITRATION ASSOCIATION; and EVANSTON INSURANCE COMPANY,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   CAUSE NO. EP-22-CV-36-KC-RFC<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

Before the Court is Plaintiff's "Request for Remand and Request for Hearing" ("Motion"). (ECF No. 4.) On March 1, 2022, U.S. District Judge Kathleen Cardone referred the above-captioned matter to U.S. Magistrate Judge Robert Castañeda "pursuant to 28 U.S.C. § 636(b) to hear all pre-trial matters." (ECF No. 19.) For the reasons set forth below, the Court recommends that the Motion be **DENIED**.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**[1]

On December 2, 2021, Plaintiff filed suit against Defendants in County Court at Law Number 6 of El Paso County, Texas under Cause Number 2021DCV4135. (ECF No. 1-3:2.) On December 20, 2021, Plaintiff filed an Amended Petition in that same action ("Amended Complaint"). (*Id.* at 64.) Plaintiff's Amended Complaint explains that "[t]his action stems from a contract for the replacement of a roof on our home entered into between Plaintiff and Defendant,

---

[1] While recounting the factual and procedural background, the Court addresses only the facts relevant to the immediate Report and Recommendation.

1

Smith and Ramirez Restoration LLC in June of 2014" and the subsequent roof replacement ("roofing incident"). (*Id.* at 68); *see also* (*id.* at 71.)

Plaintiff's Amended Complaint also implicates several proceedings concerning the roofing incident. (*Id.* at 68.) The Amended Complaint explains that after the roofing incident, under Cause Number 2015DCV3677, a state court held that a bond issued on behalf of Defendant Smith and Ramirez Restoration LLC for completion of Plaintiff's roof replacement "would be forfeited as the roof did not meet code." (*Id.* at 73.) Under Cause Number 2015DCV1113, Defendant Smith and Ramirez Restoration LLC sued Plaintiff "claiming that the roof passed inspection and they were not paid." (*Id.*) Defendant Judge Enriquez presided over that case and sent it to arbitration. (*Id.* at 73–74.) "Plaintiff then filed a RICO [Racketeer Influenced and Corrupt Organizations Act] action . . . against the arbitrator, the roofers and their attorneys" in state court under Cause Number 2021DCV1187, which was removed to federal court and dismissed, and is now before the Fifth Circuit on appeal. (*Id.* at 75); *see also* (ECF No. 1:2–3.)

Plaintiff asserts that Defendants violated Plaintiff's rights under the U.S. Constitution, the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Act Amendments Act ("ADAAA"), and the Texas Human Resources Code ("Texas HR Code"), and violated Texas state law in other respects by committing such acts as intimidation, coercion, bribery, invasion of privacy, conspiracy, abuse of process, elder abuse, fraud, forgery, breach of contract, conflict of interest, denial of rights to third party beneficiary, and causing him to suffer "Legal Abuse Syndrome." (ECF No. 1-3:76–101.)

On January 26, 2022, Defendant Evanston Insurance Company ("Evanston") filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1331 and 1441. (ECF No. 1.) At that time, "all Defendants ha[d] been served, and all but the State of Texas and Evanston ha[d] filed answers

in the state court." (*Id.* at 2.) On February 1, 2022, Plaintiff filed the instant Motion seeking remand back to state court. (ECF No. 4.) On February 15, 2022, all Defendants except for the State of Texas ("Texas") responded in opposition to the Motion. (ECF Nos. 11–15.)

## II. DISCUSSION

### a. Legal Standard

When a plaintiff brings a claim in state court, a defendant may remove that claim to federal court if the federal court has original jurisdiction to hear the claim. 28 U.S.C. § 1441(a). One form of original jurisdiction is "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[2] Federal question jurisdiction exists if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983).

When a case removed pursuant to federal question jurisdiction includes state law claims, the federal court shall sever any "claim not within [its] original or supplemental jurisdiction . . . or a claim that has been made nonremovable by statute" and "shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c). A court has supplemental jurisdiction over claims "that are so related to [other] claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In other words, supplemental jurisdiction exists if the federal and state law claims share a "common nucleus of operative fact," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), or are

---

[2] The other form of original jurisdiction is diversity jurisdiction. 28 U.S.C. § 1332. The Court will not address diversity jurisdiction here because the parties agree there is no basis for it. *See* (ECF Nos. 1:2, 4:3.) If federal question jurisdiction exists, diversity jurisdiction is not required. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"so interrelated that plaintiffs 'would ordinarily be expected to try them all in one judicial proceeding,'" *Espino v. Besteiro*, 708 F.2d 1002, 1010 (5th Cir. 1983) (quoting *Gibbs*, 383 U.S. at 725). A court may exercise supplemental jurisdiction at its discretion after "balancing the values of economy, convenience, fairness, federalism, and comity." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). Under 28 U.S.C. § 1367(c), courts should also consider whether the state law claim "raises a novel or complex issue of State law" or "substantially predominates" over the original jurisdiction claims, whether the original jurisdiction claims have been dismissed, or if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." No single factor is determinative. *Batiste v. Island Recs., Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

**b.  Analysis**

The Court considers each party's arguments regarding remand and whether Defendants have demonstrated that removal is proper for each cause of action raised by Plaintiff.

1. **Procedural Filing Requirements**

As a preliminary matter, the Court notes that Defendant Evanston's Notice of Removal complied with procedural requirements. Plaintiff argues that Defendant Evanston lacked standing to request removal because Defendant Evanston had not been served at the time of the request.

(ECF No. 4:2.) Plaintiff also argues that in the Notice of Removal, "Defendant [Evanston] does not allege that all defendants have agreed" to removal. (*Id.*)

However, Defendant Evanston stated in its Notice of Removal that it "ha[d] not yet formally received a copy of the Plaintiff's Amended Petition, but was informed by the Texas Department of Insurance that the Department received a copy of the pleading on January 18, 2022, and would be mailing a copy to Evanston on January 24, 2022." (ECF No. 1:1); *see also* (ECF No. 15-1.) For purposes of this Motion, the Court treats January 18, 2022, as the date when Defendant Evanston received a copy of the initial pleading "through service or otherwise." 28 U.S.C. § 1446(b).[3] Therefore, removal was timely because it was done within thirty days of Evanston's receipt of the initial pleading. *Id.* Further, Defendant Evanston noted in its Notice of Removal that "[a]ll parties who have appeared in the state court matter have consented to this removal." (ECF No. 1:3); *see* 28 U.S.C. § 1446(b)(2). Thus, the Court recommends dismissing Plaintiff's arguments regarding procedural defects.[4]

## 2. Federal Law Claims

Plaintiff argues for remand as to his claims under federal law because "in regard to the ADA and the ADAAA, Congress specifically allowed for cases arising under these laws to be brought in state court, therefore, these are not federal questions as normally defined." (ECF No. 4:5.) All responding Defendants argue that removal is proper for Plaintiff's federal law claims because this Court has original jurisdiction over those claims. (ECF Nos. 11:3–4, 12:5–6, 13:2,

---

[3] The Court notes that the Texas Department of Insurance is authorized to accept service of process for Texas insurance companies, Tex. Ins. Code § 804.202, but no completed certificate of return of service for Defendant Evanston is present in this case docket.

[4] Plaintiff's Motion also complied with procedural requirements. Defendants Judge Enriquez, American Arbitration Association ("AAA"), and Bluff argue that Plaintiff's Motion should be dismissed because "Plaintiff made no attempt to confer with any parties regarding his Motion." (ECF Nos. 11:2, 12:4). The Court finds no merit in this argument because this Court's conference requirement applies only to nondispositive motions, and a motion to remand is considered dispositive. W.D. Tex. CV-7(g); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 764 (5th Cir. 2016).

14:4, 15:2.)  Defendant Evanston also responds that concurrent state and federal jurisdiction over federal claims "is not a basis for remand."  (ECF No. 15:2.)

The Court finds that it has original jurisdiction to hear Plaintiff's federal law claims.  The ADA and ADAAA are federal statutes codified at 42 U.S.C. §§ 12101–12213.  From the face of Plaintiff's Amended Complaint, it is clear that he seeks remedies created by those statutes.  For example, he describes his status as a "qualified individual with a disability as outlined in both the ADA and ADAAA as he is rated as 100% disabled by the Department of Veterans Affairs and walks with the aid of braces and a cane."  (ECF No. 1-3:64.)  He lists the ADA and ADAAA as causes of action against all Defendants except for Defendants Ramirez, Smith, and Smith and Ramirez Restoration LLC (collectively, "Defendant Roofers," *see* (*id.* at 89)) and Defendant Evanston.  (*Id.* at 64–67, 69–71, 74, 76, 79, 82–83, 87, 96–98.)  He also cites to Supreme Court case law explaining the ADA's abrogation of Eleventh Amendment state immunity, *Tennessee v. Lane*, 541 U.S. 509 (2004), and the limits on judicial immunity for administrative, executive, and legislative actions, *Forrester v. White*, 484 U.S. 219, 224–25 (1988).  (ECF No. 1-3:66–67.)

Additionally, Plaintiff cites to the Fourteenth Amendment when arguing that Defendants Texas, City of El Paso ("El Paso"), and Judge Enriquez violated his due process rights.  (*Id.* at 65, 68, 83.)  Plaintiff also broadly invokes the denial of his "rights to due process of law and equal protection of the law" as causes of action against Defendants Texas, El Paso, Judge Enriquez, Roofers, Bluff, and American Arbitration Association ("AAA").  (*Id.* at 76, 78, 84, 89, 96, 99.)  The Court presumes that Plaintiff's invocation of such rights is in reference to the U.S. Constitution rather than the Texas Constitution because Plaintiff does not cite to the Texas Constitution in his Amended Complaint.  Plaintiff also cites to 42 U.S.C. § 1983 as a source of the remedy he seeks for such violations against state actors.  (*Id.* at 101–02.)

Thus, it is clear on the face of Plaintiff's Amended Complaint that he seeks remedies created by federal law and dependent on the resolution of substantial questions of federal law. *Franchise Tax Bd.*, 463 U.S. at 27–28.  The Court also notes that concurrent jurisdiction does not preclude removal.  *White v. Enron Corp. Merger Severance Plan*, 686 F. Supp. 582, 583 (N.D. Tex. 1988).  Therefore, Defendants have met their burden of showing that removal is proper for Plaintiff's federal law claims because this Court has original jurisdiction to hear those claims. Accordingly, the Court recommends denying Plaintiff's Motion as to the federal claims.

### 3. State Law Claims

Plaintiff's Motion does not address the issue of supplemental jurisdiction over Plaintiff's state law claims.  But Plaintiff does argue that remand is proper because "the state courts have jurisdiction since the crux of his complaint revolves around an ignored court case in the County Court of Law #3," "[t]he physical evidence is . . . all located in the State Court system," and "to move to federal court is to deny him a chance to plead his case properly before Judges who are well familiar with the parties to this action and the operation of the [state] court in question." (ECF No. 4:2–3.) Defendants Judge Enriquez, AAA, and Bluff respond that Plaintiff's state law claims "are not legal causes of action" (ECF Nos. 11:1, 12:1–2), while the remaining responding Defendants contend that this Court has supplemental jurisdiction over the claims (ECF Nos. 1:2, 13:2, 14:4).

Without addressing the merits or plausibility of Plaintiff's state law claims at this stage of litigation, the Court finds that it has supplemental jurisdiction over those claims because they arise from a "common nucleus of operative fact" with the federal question claims. *Gibbs*, 383 U.S. at 725. Defendant Evanston explains in its Notice of Removal that the state law allegations stem from "a dispute over alleged defective roof repairs to Plaintiff's home" and "events transpiring after the roof repairs, including a dispute with the roofing contractor (Smith & Ramirez), a claim

7

against a performance bond, an arbitration involving the claim against the roofing contractor, and a state district court case involving these same disputes." (ECF No. 1:2.) Plaintiff similarly acknowledges that this lawsuit derives from the roofing incident, its underlying contract, and its subsequent litigation. (ECF No. 1-3:68.) To verify, the Court compares Plaintiff's state and federal law claims against each Defendant to discern the facts underlying those claims.

### i. Claims Against Defendant State of Texas

Plaintiff alleges that Defendant Texas violated the Texas HR Code by committing "abuse, neglect[,] and exploitation of an elderly person or person with a disability" because various Texas state agencies "ignored" his complaints about the roofing incident, intimidated him for raising such complaints, and "made every effort to coerce [him into] dropping his complaint." (*Id.* at 76–78.)

Plaintiff also frames these same allegations as violations of his Fourteenth Amendment "rights to due process of law and equal protection." (*Id.* at 76); *see also* (*id.* at 64–65.) Thus, Plaintiff's state and federal claims against Defendant Texas are based on the same factual allegations, warranting the Court's exercise of supplemental jurisdiction.

### ii. Claims Against Defendant City of El Paso

Plaintiff claims that Defendant El Paso violated his rights "under local ordinances" for failing to investigate or otherwise remedy his complaints about the roofing incident. (*Id.* at 79–81.) He also alleges that after filing a police report regarding Defendant Roofers, he suffered an "invasion of [his] right to privacy under State law" when he "was told by officers from the El Paso Police Department that since he did not pay property taxes, the City was not going to spend money helping him." (*Id.* at 80.) Plaintiff further claims that Defendant Roofers bribed Defendant El Paso's inspectors and consequently, Defendant El Paso "refused to take action" after the state court in 2015DCV3677 found that the roof installment "failed to meet code." (*Id.* at 79.)

Plaintiff also frames these same allegations as violations of the ADA and the Fourteenth Amendment. (*Id.* at 65, 78–79.) Thus, Plaintiff's state and federal claims against Defendant El Paso are based on the same factual allegations, warranting the Court's exercise of supplemental jurisdiction.

### iii. Claims Against Defendant Judge Enriquez

Plaintiff alleges that Defendant Judge Enriquez violated the Texas HR Code "[b]y refusing to allow Plaintiff to fully participate[] as a pro se litigant" in the litigation of the roofing incident under Cause Number 2015DCV1113. (*Id.* at 88.) He further argues that "[t]he actions in the lower courts were so blatantly anti-pro se litigant, that it almost became a case of conspiracy with [Defendant] Judge Enriquez and the attorneys for the roofers working in concert to obtain a recovery for the roofers to which they were not entitled." (*Id.* at 75.) He similarly argues that Defendant Judge Enriquez "allowed and supported abuse of process by Defendant[] [Roofers] in allowing [them] a third opportunity to get a favorable ruling by ignoring res judicata and collateral estoppel by sending the matter to arbitration." (*Id.* at 88.) Plaintiff also claims that he suffered "elder abuse" and "Legal Abuse Syndrome" because in 2015DCV1113, Defendant Judge Enriquez "attack[ed] Plaintiff for deciding to represent himself," "refus[ed] to apply res judicata and collateral estoppel" with respect to the holding in 2015DCV3677, and "assisted [Defendant Roofers] in committing fraud." (*Id.* at 87–88.)

Plaintiff's state and federal claims against Defendant Judge Enriquez share the same factual basis. Plaintiff alleges that "[t]hrough his verbal anti-pro se litigant stance, his abusive manner[,] and his refusal to apply res judicata and collateral estoppel to the matters raised in 2015DCV1113, Judge Enriquez denied Plaintiff meaningful access to the legal proceedings . . . and violated Plaintiff's rights under the ADA and the ADAAA." (*Id.* at 87.) He also attributes Judge Enriquez's

9

actions to the alleged denial of his due process rights. (*Id.* at 83, 86–87.) Thus, Plaintiff's state and federal law claims against Defendant Judge Enriquez are all based on Defendant Judge Enriquez's conduct and decision-making while presiding over 2015DCV1113. Therefore, the state and federal law claims against Defendant Judge Enriquez are sufficiently related to warrant the Court's exercise of supplemental jurisdiction.

### iv. Claims Against Defendants American Arbitration Association ("AAA") and Bluff

Plaintiff's claims against Defendants AAA and Bluff are similar because they stem from the fact that Defendant AAA appointed Defendant Bluff as arbitrator in 2015DCV1113. *See* (*id.* at 94–96.) Plaintiff alleges that Defendant Bluff violated Texas law "vis a vis conflict of interest" because Defendant Bluff made comments about Plaintiff that "called into question his fairness as an arbitrator" and "proceeded to sit in judgment on the Plaintiff" during Plaintiff's pending RICO lawsuit against Defendant Bluff. (*Id.* at 95–96, 98.) Likewise, Plaintiff says that Defendant AAA "supported" that conflict by allowing the arbitration to proceed despite Plaintiff's objections. (*Id.* at 98.) Additionally, Plaintiff alleges that Defendant Bluff committed conspiracy and fraud during the arbitration by refusing to apply the decision of 2015DCV3677 and ignoring Defendant Roofers' use of a forged contract for the purpose of aiding Defendant Roofers and "punish[ing] Plaintiff for suing [Defendant] Bluff." (*Id.* at 75–76, 96–97.)

For federal law claims, Plaintiff alleges that Defendants AAA and Bluff violated Plaintiff's due process and equal protection rights because, after Plaintiff underwent spinal surgery "and was forbidden by his doctor from taking part in any proceedings until receiving a medical release," Defendant Bluff "intentionally set hearings on days he knew that Plaintiff was unable to take part in order to favor the [Defendant] Roofers," while Defendant AAA allowed such to continue "over the objections of Plaintiff's physician." (*Id.* at 96, 99.) Plaintiff claims that Defendant Bluff

10

further violated his due process and equal protection rights because Defendant Bluff refused to recuse himself from the arbitration and "completely ignored the decision . . . in 2015DCV3677." (*Id.* at 96.) Plaintiff also claims that such "actions in limiting Plaintiff's access to the proceedings" by Defendants AAA and Bluff violated the ADA and ADAAA. (*Id.* at 96–97.)

Plaintiff's federal and state law claims against Defendants AAA and Bluff depend on the same underlying facts. Specifically, all claims against these Defendants derive from Defendant AAA's appointment and subsequent monitoring of Defendant Bluff as arbitrator in 2015DCV1113 and Defendant Bluff's actions as arbitrator in that case. Therefore, the state and federal law claims are sufficiently related to warrant the Court's exercise of supplemental jurisdiction.

### v. Claims Against Defendants Ramirez, Smith, and Smith and Ramirez Restoration LLC ("Defendant Roofers")

Plaintiff alleges that Defendant Roofers violated the Texas HR Code by "failing to properly replace [his] roof," which caused leakage and "mold exposure caus[ing] pulmonary disease with lung scarring on Plaintiff." (*Id.* at 90.) Additionally, he claims they "attempted to use the resources of Plaintiff for monetary or personal benefit" through "baseless legal actions" regarding the roofing incident and used a "forged contract submitted to arbitration." (*Id.* at 90.) Plaintiff also asserts that Defendant Roofers committed breach of contract because they "unilaterally modif[ied] the [roofing] contract . . . in an attempt to illegally obtain more money" and "intentionally breach[ed] the original [roofing] contract . . . by refusing to honor the warranty in the contract." (*Id.* at 90–91.) He also alleges that Defendant Roofers committed fraud by misrepresenting the suitability of the roof installation and "proposed that phony invoices be submitted in order to gain funds from grants to which Plaintiff was entitled." (*Id.* at 91, 94.) Further, he claims that Defendant Roofers bribed Defendant El Paso inspectors "to ensure preferential treatment" as to their completion of Plaintiff's roof replacement. (*Id.* at 93.) Similarly, Plaintiff claims that Defendant Roofers

conspired with "Chris Wells, a former employee of the Department of Planning and Inspection for the City of El Paso to pass the roof without an inspection" and "conspire[d] with their various attorneys to obtain funds from Plaintiff to which they were not entitled by law." (*Id.* at 91.) Likewise, he argues that Defendant Roofers committed "abuse of process" and Defendant Judge Enriquez "allowed and supported" that abuse of process. (*Id.* at 88, 92–93.)

Plaintiff brings only one federal law claim against Defendant Roofers, that they "violate[d] Plaintiff's right to due process of law by continuing to claim that the roof in question passed inspection when it has been found deficient." (*Id.* at 90); *see also* (*id.* at 101.) At first glance, it may seem that Plaintiff's state law claims against Defendant Roofers "substantially predominate" over the due process claim. 28 U.S.C. § 1367(c)(2). However, "consider[ing] the proof required, scope of issues, and 'comprehensiveness of the remedy sought'" for each claim, the Court finds that the state law claims do not substantially predominate to warrant remand. *ESI/Emp. Sols., L.P. v. City of Dallas*, 450 F. Supp. 3d 700, 730 (E.D. Tex. 2020) (quoting *Gibbs*, 383 U.S. at 726). Generally, the state law claims against Defendant Roofers are substantially related to claims against other Defendants over which the Court may exercise original or supplemental jurisdiction. Specifically, the bribery and conspiracy claims against Defendant Roofers parallel those against Defendant El Paso (ECF No. 1-3:79, 91, 93), and the "abuse of process" claim parallels that against Defendant Judge Enriquez (*id.* at 88, 92–93). Additionally, the allegations under the Texas HR Code regarding the arbitration and use of forged contract are related to the claims against Defendants AAA and Bluff. (*Id.* at 75–76, 90, 96–97.) Thus, the "proof required" and "scope of issues" for these state law claims against Defendant Roofers are not distinct from the other claims before the Court. *ESI/Emp. Sols.*, 450 F. Supp. 3d at 730. Ultimately, these claims are so related as to form a part of the same case. 28 U.S.C. § 1367(a).

It is less clear, but the Court finds ultimately true, that Plaintiff's claims against Defendant Roofers for breach of contract, fraud, and violation of Texas HR Code as to the roofing incident are so related to the other claims as to justify the Court's exercise of supplemental jurisdiction. The roofing incident comprises the facts underlying those claims, and the roofing incident itself is the factual basis of the subsequent litigation and arbitration. Additionally, it appears that the 2015DCV1113 arbitration was likely based on an arbitration clause in the roofing contract. (ECF No. 1-3:164) ("The Demand for Arbitration . . . arises out of a written contract agreement and in particular a written construction contract."). Thus, there is a "common nucleus of operative fact" connecting these claims. *Gibbs*, 383 U.S. at 725. Finally, the Court finds that maintaining all of Plaintiff's claims against Defendant Roofers in one judicial proceeding, rather than separating some by partial remand to state court, supports judicial economy, convenience, and fairness. *Parker & Parsley*, 972 F.2d at 585; *Rosado v. Wyman*, 397 U.S. 397, 405 (1970) (naming "conservation of judicial energy and avoidance of multiplicity of litigation" as a "common sense" value of pendent jurisdiction). Therefore, the state law claims against Defendant Roofers are sufficiently related to the claims against the other Defendants to warrant the Court's exercise of supplemental jurisdiction.

### vi.  Claims Against Defendant Evanston

Plaintiff asserts that Defendant Evanston committed breach of contract and "denial of rights as [third] party beneficiary" when Defendant Evanston, "through merger, became the general liability insurance company furnishing liability coverage for the roofers in regard to Plaintiff's roof" and "refused to honor its obligation owed to Plaintiff" in that capacity. (ECF No. 1-3:100.) He also argues that Defendant Evanston committed fraud and conspiracy with Defendant Roofers by "fund[ing] the 8-year harassment campaign conducted by [Defendant]

13

[R]oofers against Plaintiff," presumably meaning the litigation and arbitration of the roofing incident. (*Id.* at 101.)

Defendant Evanston is the only Defendant against whom Plaintiff does not explicitly raise federal law claims. However, the fact that a party faces only state law claims does not preclude the Court from exercising supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(a); *Jackson v. City of San Antonio*, 220 F.R.D. 55, 59 (W.D. Tex. 2003). Here, Plaintiff's claims against Defendant Evanston are based on Defendant Evanston's involvement in the roofing incident and its subsequent litigation and arbitration. Thus, such claims are sufficiently related to the claims against the other Defendants to warrant the Court's exercise of supplemental jurisdiction.

### vii.  Conclusion as to Supplemental Jurisdiction

All of the foregoing alleged state law claims arise from the roofing incident and its subsequent litigation and arbitration—the same operative facts underlying Plaintiff's federal law claims. The Court notes that the state law claims do not "substantially predominate" over the original jurisdiction claims and do not present "novel or complex" issues of state law, and there are no "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The Court further notes that containing all of Plaintiff's claims in one judicial proceeding, rather than separating claims through partial remand, supports the interests of judicial economy, convenience, and fairness. *Parker & Parsley*, 972 F.2d at 585; *Rosado*, 397 U.S. at 405. Thus, without addressing the merits or plausibility of Plaintiff's claims, the Court finds it proper to exercise supplemental jurisdiction over Plaintiff's state law claims. Therefore, Defendants have met their burden of showing that removal is proper. Thus, the Court recommends exercising supplemental jurisdiction and denying Plaintiff's Motion as to the state law claims.

### 4. Removal as a Rights Violation

Plaintiff argues for remand because he "has a clear right to choose which court he wants his case to be heard in." (ECF No. 4:3.) He argues that removal would "overrule Congressional approval for these cases to be brought in state court which would, in and of itself be a violation of Plaintiff's right to due process of law, equal protection of the law[,] and right to full access to the Court as stated in the ADA and the ADAAA." (*Id.* at 5.) He further argues that removal would violate his due process and equal protection rights because state law was "ignored" during the underlying litigation and arbitration and because this Court allegedly "does not like pro se litigants." (*Id.* at 3.) Defendant El Paso responds that Plaintiff does not cite "to any legal authority as to why his preference [for state court over federal court] should prevail." (ECF No. 13:2.) Defendant Roofers respond that Plaintiff cites to no authority to support his claim that removal would violate his due process rights. (ECF No. 14:3.)

A plaintiff has the right to file an action in state or federal court. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). "[A] plaintiff is the master of his complaint and may avoid federal jurisdiction by pleading only state-law causes of action . . . ." *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 356 F. Supp. 3d 612, 615 (N.D. Tex. 2019). However, when a plaintiff chooses to file a complaint in state court that could have also been brought in federal court, the removal statute "provides the defendant with an opportunity to substitute his choice of forum for the plaintiff's original choice." *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 459 (5th Cir. 1982). Further, the removal statute provides a remedy for improper removal in the form of costs and expenses. 28 U.S.C. § 1447(c). Here, Plaintiff exercised his right to file his complaint originally in state court. Similarly, Defendants exercised their right to remove the case to federal court. Accordingly, the Court finds that proper jurisdictional procedure has been followed, and

therefore Plaintiff's rights have not been violated. Thus, the Court recommends denying Plaintiff's Motion as to any potential rights violations resulting from the removal.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that this Court has jurisdiction to hear the instant case and thus, removal was proper. Accordingly, the Court **RECOMMENDS** that Plaintiff's Request for Remand be **DENIED** and Request for Hearing be **DENIED**.

**SIGNED** this 21st day of March, 2022.

*[signature]*

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**