IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROBERT K. HUDNALL,<br>    Plaintiff,<br><br>v.<br><br>STATE OF TEXAS; CITY OF EL PASO; JUDGE SERGIO ENRIQUEZ; ALEJANDRO C. RAMIREZ; TYRONE SMITH d/b/a SMITH AND RAMIREZ RESTORATION LLC; GUY BLUFF; AMERICAN ARBITRATION ASSOCIATION; and EVANSTON INSURANCE COMPANY,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  CAUSE NO. EP-22-CV-36-KC-RFC<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court is the "Motion to Declare Plaintiff a Vexatious Litigant, and in the Alternative Motion for Sanctions" ("Motion") (ECF No. 34) and "Supplemental Motion to Declare Plaintiff a Vexatious Litigant, and in the Alternative Motion for Sanctions" ("Supplemental Motion") (ECF No. 40), filed by Defendants Alejandro C. Ramirez, and Tyrone Smith doing business as Smith and Ramirez Restoration, LLC (the "Roofers"). To date, Plaintiff Robert K. Hudnall ("Plaintiff" or "Hudnall") has not responded to the Motion or Supplemental Motion.

On March 1, 2022, U.S. District Judge Kathleen Cardone referred the above-captioned matter to U.S. Magistrate Judge Robert Castañeda "pursuant to 28 U.S.C. § 636(b) to hear all pre-trial matters." (ECF No. 19.) For the reasons set forth below, the Court finds that the Motion and Supplemental Motion should be **DENIED**.[1]

---

[1] "[W]hen a district court refers a motion for sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b) supplies the proper standard of review." *Flores v. AT&T Corp.*, No. EP-17-CV-00318-DB, 2018 WL 6588586, at *3 (W.D. Tex. Nov. 8, 2018) (quoting *Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 410062, at *2 (N.D. Tex. Jan. 30, 2015)). The conclusions reached herein are nondispositive. Thus, the Court issues this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

On December 2, 2021, Hudnall filed suit against Defendants in County Court at Law Number 6 of El Paso County, Texas under Cause Number 2021DCV4135. (ECF No. 1-3:2.) On December 20, 2021, Hudnall filed an Amended Petition in that same action ("Amended Complaint"). (*Id.* at 64.) Hudnall's Amended Complaint explains that "[t]his action stems from a contract for the replacement of a roof on our home entered into between Plaintiff and Defendant, Smith and Ramirez Restoration LLC in June of 2014" and the subsequent roof replacement ("roofing incident"). (*Id.* at 68); *see also* (*id.* at 71.)

Hudnall's Amended Complaint also implicates several proceedings concerning the roofing incident. (*Id.* at 68.) The Amended Complaint explains that after the roofing incident, under Cause Number 2015DCV3677, a state court held that a bond issued on behalf of Defendant Smith and Ramirez Restoration LLC for completing Plaintiff's roof replacement "would be forfeited as the roof did not meet code." (*Id.* at 73.) Under Cause Number 2015DCV1113, Defendant Smith and Ramirez Restoration LLC sued Hudnall "claiming that the roof passed inspection and they were not paid." (*Id.*) Defendant Judge Enriquez presided over that case and sent it to arbitration. (*Id.* at 73–74.) "Plaintiff then filed a RICO [Racketeer Influenced and Corrupt Organizations Act] action . . . against the arbitrator, the roofers and their attorneys" in state court under Cause Number 2021DCV1187, which was removed to federal court and dismissed, and is now on appeal before the Fifth Circuit. (*Id.* at 75); *see also* (ECF No. 1:2–3.)

Hudnall asserts that Defendants violated his rights under the U.S. Constitution, the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Act Amendments Act ("ADAAA"), and the Texas Human Resources Code ("Texas HR Code"), and violated Texas state

---

[2] While recounting the factual and procedural background, the Court addresses only the facts relevant to the immediate Order.

law in other respects by committing intimidation, coercion, bribery, invasion of privacy, conspiracy, abuse of process, elder abuse, fraud, forgery, breach of contract, conflict of interest, denial of rights to third party beneficiary, and causing him to suffer "Legal Abuse Syndrome." (ECF No. 1-3:76–101.)

On January 26, 2022, Defendant Evanston Insurance Company ("Evanston") filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1331 and 1441.  (ECF No. 1.)  On February 1, 2022, Hudnall moved for remand back to state court.  (ECF No. 4.)  This Court issued a Report and Recommendation recommending denial of Hudnall's Motion for Remand on March 21, 2022. (ECF No. 36.)  The District Court adopted the Report and Recommendation on May 2, 2022.  (ECF No. 41.)  On March 17, 2022, the Roofers filed the instant Motion with exhibits separately filed. (ECF Nos. 34–35.)  On April 5, 2022, they filed a Supplemental Motion. (ECF No. 40.)

## II.     LEGAL STANDARDS

### A. Choice of Law for Sanctions Motions in Removed Actions

When a case is removed from state to federal court, the issue of whether to apply state or federal law to a motion for sanctions depends on whether the motion is based on actions that occurred pre-removal in state court or post-removal in federal court.  *See* Fed. R. Civ. P. 81(c)(1) (stating that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court"); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000).  In *Tompkins*, the Fifth Circuit affirmed the district court's decision to apply Texas Rule of Civil Procedure 13, instead of Federal Rule of Civil Procedure 11, to a sanctions motion concerning a filing made in state court before the case was removed to federal court.  *Tompkins*, 202 F.3d at 787–88.  The Fifth Circuit explained:

> The federal rules [for sanctions claims] do not apply to filings in state court, even if the case is later removed to federal court.  If the state pleading rules did not apply, then nothing would govern the original pleadings in these cases, and a party who filed in bad faith might escape any penalty.

3

*Id.* at 787 (internal citation omitted); *see also DTND Sierra Invs., L.L.C. v. HSBC Bank USA, N.A.*, 627 F. App'x 285, 287–88 (5th Cir. 2015) (per curiam) (affirming district court decision to implement Texas Civil Practice and Remedies Code Chapter 10 sanctions for "aspects of a case that occurred in state court prior to removal to federal court" (quoting *Taylor v. Bailey Tool & Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014))). In contrast, for a sanctions motion based on post-removal actions in federal court, courts apply Federal Rule of Civil Procedure 11. *See Tompkins*, 202 F.3d at 788; *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1998).

### B. Federal Rule of Civil Procedure 11

Under Federal Rule of Civil Procedure 11 ("Federal Rule 11"), attorneys and *pro se* litigants must follow certain standards when presenting claims before federal district courts. Fed. R. Civ. P. 11(b). Specifically, a litigant must certify, after reasonable inquiry and to the best of his knowledge, information, and belief, that his representations to the court are: (1) "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) supported by evidence, or likely to be supported by evidence "after a reasonable opportunity for further investigation or discovery;" and (4) regarding denials of factual contentions, supported by evidence or "reasonably based on belief or a lack of information." *Id.*

The party requesting Federal Rule 11 sanctions must "overcome the presumption that pleadings are filed in good faith." *Ryser v. McConnell*, No. 1:19-CV-026-RP, 2020 WL 10055658, at *2 (W.D. Tex. Jan. 13, 2020), *report and recommendation adopted*, No. 1:19-CV-026-RP, 2020 WL 10056074 (W.D. Tex. Jan. 28, 2020) (citing *Tompkins*, 202 F.3d at 788). Further, the movant must comply with the Federal Rule 11 "safe harbor" provision by serving the motion on the party

4

against whom sanctions are sought at least twenty-one days prior to filing the motion with the court, to give the party an opportunity to correct the alleged violation. Fed. R. Civ. P. 11(c)(2) & advisory committee's note to 1993 amendment; *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). The sanction may be monetary or injunctive, and "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

### C. Texas Civil Practice and Remedies Code

Under Chapter 11 of the Texas Civil Practice and Remedies Code ("Texas Chapter 11"), a court may deem a *pro se* plaintiff a "vexatious litigant." *See* Tex. Civ. Prac. & Rem. Code. §§ 11.002, 11.051, 11.054. A defendant seeking such a declaration must first "show[] that there is not a reasonable probability that the plaintiff will prevail in the litigation." *Id.* § 11.054. Then, the defendant must show that the plaintiff either: (1) has brought "at least five litigations as a *pro se* litigant other than in a small claims court" within the preceding seven years that were either (a) adversely determined against plaintiff, (b) left pending for at least two years, or (c) deemed frivolous or groundless; (2) "repeatedly relitigates or attempts to relitigate" the underlying issues or validity of a determination made against the plaintiff in favor of the moving defendant; or (3) has already been deemed vexatious "in an action or proceeding based on the same or substantially similar facts, transition, or occurrence." *Id.*

If the court declares a plaintiff to be a vexatious litigant, the court "shall order the plaintiff to furnish security for the benefit of the moving defendant." *Id.* § 11.055(a). If the plaintiff fails to do so, the court shall dismiss the claims against the moving defendant. *Id.* § 11.056.

### III.   DISCUSSION

The Roofers ask the Court to declare Hudnall a vexatious litigant under Texas Civil Practice and Remedies Code § 11.054, or alternatively, to sanction Hudnall pursuant to Federal Rule of Civil Procedure 11.  (ECF No. 34:14–15.)[3]  The Roofers' requests under each authority are similar: that the Court (1) order Hudnall to post security in the amount of $25,000, and (2) enter an order requiring Hudnall to obtain permission from either a local administrative judge or a district judge before he can file a new *pro se* civil action in Texas.  (*Id.*)

Because this is a removed action, the Court will apply Texas Chapter 11 to the extent that the Motion concerns Hudnall's pre-removal actions, and Federal Rule 11 to the extent it concerns his post-removal actions.  *Tompkins*, 202 F.3d at 787; *Edwards*, 153 F.3d at 245.

Though the Motion is not entirely clear to what extent it is directed at Hudnall's actions in state court versus federal court, the Court finds that it primarily concerns Hudnall's initiation of this action in state court.  *See* (ECF No. 34:15) (requesting an order requiring Plaintiff to post security "to assure Defendants that they will recover [their] reasonable expenses, including costs and attorney fees, should the case be dismissed on the merits").  Plaintiff has not amended his Complaint since before removal.  *See* (ECF No. 1-3:64.)  Therefore, the Court will assess the Motion under Texas Chapter 11.

---

[3]  The Roofers move under Texas Chapter 11 and alternatively Federal Rule 11 because district courts are not consistent as to which rule to apply on the question of vexatiousness.  *See* (ECF No. 34:14.)  The Court acknowledges this inconsistency even amongst removed cases.  For example, some courts have applied Federal Rule 11 instead of Texas Chapter 11 to a motion to declare plaintiff vexatious in a removed case "because the substance of the state statute is subsumed in Rule 11."  *E.g.*, *Lander v. JPMorgan Chase Bank Nat'l Ass'n*, No. 4:21-CV-00353-ALM-CAN, 2022 WL 819213, at *1–2 (E.D. Tex. Feb. 21, 2022), *report and recommendation adopted*, No. 4:21-CV-353, 2022 WL 813810 (E.D. Tex. Mar. 16, 2022).  Other courts have instead applied Texas Chapter 11 while acknowledging that Federal Rule 11 simultaneously governs.  *See Marinez v. Wells Fargo Bank, N.A.*, No. 5:12-CV-01008-OLG, 2013 WL 12094212, at *5 (W.D. Tex. May 31, 2013).  Regardless, this Court will follow the Fifth Circuit standards outlined in Section II.A. *supra* for the instant Motion.

The Roofers argue that the elements of Texas Civil Practice and Remedies Code § 11.054 are met to support a declaration that Hudnall is a vexatious litigant.  First, the Roofers argue that there is no probability of Hudnall's success in the instant case because all of his claims "arise[] from Plaintiff's breach of contract claim" which "was already decided on the merits in favor of Defendants."  (ECF No. 34:10–11); *see* Tex. Civ. Prac. & Rem. Code. § 11.054.  They also argue that Hudnall's claims lack evidentiary or legal support.  *See* (ECF No. 34:10–13.)

Next, the Roofers argue that Hudnall is attempting to relitigate issues that have already been determined against him in the Roofers' favor.  (*Id.* at 13); *see* Tex. Civ. Prac. & Rem. Code. § 11.054(2).  The Roofers assert that Hudnall's present claims are "merely an attempt to re-frame and re-litigate those same issues that have already been decided against him" and "[f]urthermore, Plaintiff had the opportunity to raise these causes of action, and any other related cause of action, during the Arbitration and chose not to do so."  (ECF No. 34:13.)

The Roofers support their Motion by providing a history of their litigation against Hudnall in both federal and state courts, spanning from April 3, 2015, to present.  (*Id.* at 5–10.)  The Roofers also provide exhibits related to past litigation, including the "Arbitration Rulings and Award" issued by Defendant Arbitrator Guy Bluff on November 12, 2021, in the Roofers' favor ("Arbitration Award").  *See* (ECF No. 35-1:161–69.)  The Supplemental Motion clarifies that on March 30, 2022, the El Paso County Court at Law Number Six issued a Final Judgment on the Arbitration Award.  (ECF No. 40:4–6.)  The Roofers claim this further supports their Motion because "[t]he preclusive effect of the Final Judgment prevents Plaintiff from attempting to prosecute his claims against Defendants in the instant case."  (*Id.* at 2.)

Applying Texas Chapter 11, the court declines to declare Hudnall vexatious, particularly since the statute is permissive rather than mandatory.  *See* Tex. Civ. Prac. & Rem. Code. § 11.054

7

("A court *may* find a plaintiff a vexatious litigant . . . ." (emphasis added)).  However, the Court finds it appropriate to issue a warning, especially given Hudnall's extensive litigation history involving the same underlying facts and the final judgment issued by the El Paso County Court on March 30, 2022.  *See* (ECF Nos. 34:5–10; 40:4–6.)  Hudnall should consider himself officially on notice that further duplicative filings in state or federal court may result in monetary sanctions or a pre-filing injunction.  *See, e.g.*, *Baldwin v. Zurich Am. Ins. Co.*, No. 1:18-CV-996-RP, 2019 WL 7759520, at *6 (W.D. Tex. July 12, 2019).

To the extent that the Motion implicates Hudnall's actions in federal court, the Court denies the Motion under Federal Rule 11 because the Roofers failed to comply with the safe harbor provision.  "Compliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11."  *In re Pratt*, 524 F.3d 580, 586 (5th Cir. 2008).  For both the Motion and Supplemental Motion, the Roofers' certificates of service indicate that they served the Motion and Supplemental Motion on Hudnall by certified mail on the same day that each respective document was filed with the Court.  *See* (ECF Nos. 34:16; 40:3.)  Thus, the Roofers have not shown that they served Hudnall with the Motion or Supplemental Motion at least twenty-one days before filing such motions with the Court.  Fed. R. Civ. P. 11(c)(2).  Therefore, the Court denies the Motion for failure to comply with the Rule 11 safe harbor provision.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants Alejandro C. Ramirez, and Tyrone Smith doing business as Smith and Ramirez Restoration, LLC's "Motion to Declare Plaintiff a Vexatious Litigant, and in the Alternative Motion for Sanctions" (ECF No. 34) and "Supplemental Motion to Declare Plaintiff a Vexatious Litigant, and in the Alternative Motion for Sanctions" (ECF No. 40) are **DENIED**.  Given Plaintiff Hudnall's history of filing cases asserting

the same or substantially similar claims, the Court hereby **WARNS** Hudnall that if any additional suit filed by Hudnall is found to be vexatious, harassing, or duplicative, he may be subject to monetary sanctions or a pre-filing injunction.

**SIGNED** this 21st day of July, 2022.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**