**FILED**
September 22, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _Elizabeth Martinez_
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROBERT K. HUDNALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) EP-22-cv-00036-KC |
| | ) |
| STATE OF TEXAS; CITYOF EL PASO; JUDGE SERGIO | ) |
| ENRIQUEZ; ALEJANDRO C. RAMIREZ; TYRONE SMITH | ) |
| D/B/A SMITH AND RAMIREZ RESTORATION LLC; | ) |
| GUY BLUFF; AMERICAN ARBITRATION ASSOCIATION; | ) |
| AND EVANSTON INSURANCE COMPANY, | ) |
| Defendants | ) |

REQUEST FOR APPOINTMENT OF A SPECIAL MASTER UNDER THE PROVISIONS OF RULE 53 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Comes now the Plaintiff in the above styled action and asks this court for the appointment of a Special Master under the provisions of Rule 53 of the Federal Rules of Civil Procedure. Plaintiffs are asking for factual determination be made in regard to issues that are not subject to legal interpretations but rather are established based on appropriate documentation.

Plaintiff would show that though he is representing himself as a Pro Se Litigant, his rights and filings have taken a backseat to those of the defendants who are represented by "real attorneys". Though the actions and conduct of the Court and its agents has been in clear violation of the Americans with Disabilities Act (ADA) and the Americans with Disabilities Act Amendment Act (ADAAA) (Plaintiff Robert K. Hudnall is a 100% disabled veteran), the Court has ignored Plaintiffs numerous filings for hearings on the issues seemingly out of hand. Additionally, Plaintiff's requests for default judgment which the federal rules of civil procedure made clear should have been granted were ignored apparently due to the fact Plaintiff is pro se and some of the defendants are fine upstanding members of the bar and friends of the court.

All that being said, the crux of this series of related cases in both State and Federal Court revolves around the installation of a roof by Defendant Smith and Ramirez Restoration LLC on the home of Plaintiffs. Though the work was never completed (after the cancellation of the permit and issues of leakage arose, the Defendant roofers just walked off the job) and the installation was substandard at best, Defendants and their attorneys have maintained that it was the best roof installation anyone had ever seen. Since the Court will not take the time out of its busy schedule to examine Plaintiffs' claims that the roofing contract was breached by defendants, it is therefore requested that a Special Master be appointed to determine based on the clear evidence whether or not the roof installed by Smith and Ramirez Restoration LLC meet local code and was properly installed.

As an assist, Plaintiff would point the proposed Special Master to the following:

1. Case 2015DCV3677 filed in the County Court of Law Number Three and styled as:

    OLD REPUBLIC SURETY COMPANY V. ROBERT K. HUDNALL AND BENJAMIN STEVENS.

It should be noted that in El Paso County, there are certain contractor registration Requirements. The contractor must post a surety bond (Engineering and Construction Management Blanket Building Bond and Construction Bond No. W150126735) and show proof of liability insurance. Old Republic Surety Company was the company that furnished Smith and Ramirez's Surety Bond.

In the above cited case. Old Republic asked the court to accept forfeiture of the bond and release them from any further liability. This request was made in regard to several claims filed against the bond. The County Court of Law Number Three issued a final order on June 17, 2016 granting Old Republic's First Amended Petition in Interpleader. At that point, under local ordinance, no longer having a bond, Smith and Ramirez Restoration LLC was no longer able to operate as a contractor in El Paso.

Plaintiffs would also ask that the Special Master find that the decision of the Court in 2015DCV3677 was the basis for the application of collateral estoppel and res judicata which would answer the question of whether the roof met code and was properly installed.

In the filings on this matter it was alleged and not disputed by attorneys for Smith and Ramirez Restoration that the work on Plaintiffs' roof did not meet code and the inspection of the roof installed on Plaintiff's home by Chris Wells was done from his desk and was not a physical inspection.

2. INSPECTIONS:

- Records in possession of the City of El Paso shows that Smith and Ramirez Restoration LLC obtained a permit (BRFF14-01580) to install the roof on June 16, 2014, however, it was cancelled on December 16, 2014 due to failure to comply with the permit requirements. No final inspection of the work was requested or performed by City inspectors.

- However, records do show that there were three inspection. On July 18, 2014 an inspection was conducted by inspector Santa Anna but the inspection failed due to a locked gate and no extension ladder.

- The inspection by Chris Wells dated October 30, 2014, though clearly not a final inspection as work continued into December) was rated as passed, however, an audit roof investigation was conducted on May 21, 2015 by a supervising inspector named Wayne Fanning. He specifically stated in his report that the roof work did not pass code requirements and is lifting off roof decking. He cited poor workmanship and application of material used.

- A letter issued by Tony De La Cruz, Assistant Director, Planing and Inspection Department on January 27, 2021 made it very clear that the inspection conducted on May 21, 2015 which found that the roof did not meet code supersedes the inspection conducted by Chris Wells on October 30, 2014 (EXHIBIT A).

3. SUIT BY SMITH AND RAMIREZ RESTORATION LLC AGAINST PLAINTIFFS

- In an invoice dated 05/27/2014, #1010192, Smith and Ramirez Restoration LLC billed Plaintiffs' 19, 510.14. After some assistance from the adjuster for Liberty Mutual Insurance, Plaintiffs'

3

homeowner insurance company, Smith and Ramirez Restoration were paid $23,500.00. Then they wanted $10,000.00 more from VA benefits available to Robert Hudnall.

- On April 3, 2015, Smith and Ramirez Restoration LLC sued Plaintiff's in the 448th District Court for $8,965.68 plus attorneys fees in a case cited as 2015DCV1113, based on their installation of the roof in question. Smith and Ramirez Restoration LLC has claimed the roof passed inspection since this time though the records and evidence shows it did not pass inspection.

4. ARBITRATION

- In an effort to help the Defendants, the Judge of the 448th District Court sent the matter to arbitration claiming he had no choice. He ignored the decisions made in 2015DCV3677 and the audit inspection by Wayne Fanning, supervising inspector cited above.

5. PROPERTY INSPECTION REPORT

- Finally, a property inspection report was performed by a company that does inspections for the federal government. The inspection, performed one February 14, 2022 revealed that the roof (installed by Smith and Ramirez Restoration LLC) was not installed properly and the workmanship was poor and very sloppy. (EXHIBIT B)

6. CERTIFICATE OF OCCUPANCY

- The City of El Paso never issued a Certificate of Occupancy for the property in question as the structure failed to pass any inspection which means that the City could not legally issue a permit for work to be done on the property.

SUMMARY

Based on the foregoing and exhibits, it is requested that the Special Master be appointed to establish once and for all if it was properly determined by the Court or the City of El Paso if the roof installed by Defendants Smith and Ramirez Restoration LLC was installed properly and it it met code. It is

also requested that the special master also determine if a certificate of occupancy was ever issued for the property.

To this point everyone has believed the unsupported word of Smith and Ramirez Restoration LLC and has put Plaintiffs through 8 years of harassment. If their work was substandard as the court found in 2015DCV3677 then their suit and the continued efforts to obtain money to which they are not entitled constitutes fraud on the court in its worst form with the assistance of numerous "real attorneys" who see only dollar signs.

Respectfully submitted,

_____
ROBERT K. HUDNALL

CERTIFICATE OF SERVICE

I, ROBERT K. HUDNALL, do hereby certify that on the 22nd day of September 2022, a true and correct copy of the foregoing document was sent electronically to Defendants in the above styled action through personal service, through their attorneys or through certified mail.

_____
ROBERT K. HUDNALL


Carlos Rincon
Rincon Law Group, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas
Crincon@rinconlawgroup.com

Oscar Arnulfo Lara
Rincon Law Group, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas
Olara@rinconlawgroup.com

Ruben S. Robles

Robles, Bracken & Hughes
310 N. Mesa, Suite 700
El Paso, Texas 79901
Rrobles@rbch.net

Scot M. Graydon
Scot.graydon@oag.texas.gov

Raymond D. Martinez
2110 E. Yandell Dr.
El Paso, TX 79903
Raymond@martinezlawyers.com

Victor I. Martinez
Matinezvi@elpasotexas.gov

Stephen Melendi
2811 McKinney Avenue
Suite 280
Dallas, Texas 75204
Stephenm@tbmmlaw.com



# Planning and Inspections

**MAYOR**
Oscar Leeser

**CITY COUNCIL**

**District 1**
Peter Svarzbein

**District 2**
Alexsandra Annello

**District 3**
Cassandra Hernandez

**District 4**
Joe Molinar

**District 5**
Isabel Salcido

**District 6**
Claudia L. Rodriguez

**District 7**
Henry Rivera

**District 8**
Cissy Lizarraga

**CITY MANAGER**
Tommy Gonzalez

To: Mr. Robert Hudnall
297 Puesta Del Sol
El Paso, Texas 79912

January 27, 2021

Re: BRFF14-01580

Dear Mr. Hudnall,

This letter provides clarification based, on our phone conversation on January 25, 2021, regarding the status of the inspections conducted at your residence under roofing permit BRFF14-01580.

Based on information available in city records, the permit for 297 Puesta Del Sol, was issued on June 18, 2014 to Smith and Ramirez Restoration LLC. Following the completion of the work, the permit was issued for, three inspections were conducted by city staff with the following results.

July 18, 2014: An inspection was conducted by Inspector Santa Anna, the inspection was failed due to "Wrought iron gate at front courtyard locked, cannot get to front door. Contractor needs to provide 2 ladder set up or extension ladder for inspection of 2 story dwelling with parapet walls."

October 30, 2014: An inspection was conducted by Inspector Wells. The inspection was passed.

May 21, 2015: an Audit Roof Investigation inspection was conducted by Inspector Fanning. At this time Inspector Fanning stated in his report, "Roof investigation - reroof work did not pass code requirements and is lifting off roof decking. Poor workmanship and application of material used."

A copy of the investigation report detailing the code discrepancies was mailed to your home address on May 26, 2015 by Inspector Fanning. A copy of this report is attached for your reference.

Based on city records, the inspection conducted on May 21, 2015 supersedes the inspection conducted on October 30, 2014.

Please contact me if you have any questions.

Thank you,

Tony De La Cruz
Assistant Director, Planning and Inspections Department

Philip F. Etiwe, Director
Planning and Inspections Department  |  801 Texas Ave.  |  El Paso, TX 79901
Office: (915) 212-0104  |  FAX: (915) 212-0084



EXHIBIT A

DELIVERING EXCEPTIONAL SERVICES

Report Identification ___ ___
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net
I=Inspected  NI=Not Inspected  NP=Not Present  D=Deficient

| I | NI | NP | D |
|---|----|----|---|

# PROPERTY INSPECTION REPORT

____Robert Hudnall____                    __2/14/22__
Name of Client                                   Date of Inspection

__297 Puesta Del Sol, El Paso TX 79912__
Address of Inspected Property

TIMOTHY ALAN SANK                         7144
Name of Inspector                               TREC License #

## PURPOSE OF INSPECTION
A real estate inspection is a visual survey of a structure and a basic performance evaluation of the systems and components of a building. It provides information regarding the general condition of a residence at the time the inspection was conducted. *It is important* that you carefully read ALL of this information. Ask the inspector to clarify any items or comments that are unclear.

## RESPONSIBILITY OF THE INSPECTOR
This inspection is governed by the Texas Real Estate Commission (TREC) Standards of Practice (SOPs), which dictates the minimum requirements for a real estate inspection.

The inspector IS required to:
- use this Property Inspection Report form for the inspection;
- inspect only those components and conditions that are present, visible, and accessible at the time of the inspection;
- indicate whether each item was inspected, not inspected, or not present;
- indicate an item as Deficient (D) if a condition exists that adversely and materially affects the performance of a system or component OR constitutes a hazard to life, limb or property as specified by the SOPs; and
- explain the inspector's findings in the corresponding section in the body of the report form.

The inspector IS NOT required to:
- identify all potential hazards;
- turn on decommissioned equipment, systems, utilities, or apply an open flame or light a pilot to operate any appliance;
- climb over obstacles, move furnishings or stored items;
- prioritize or emphasize the importance of one deficiency over another;
- provide follow-up services to verify that proper repairs have been made; or
- inspect system or component listed under the optional section of the SOPs (22 TAC 535.233).

## RESPONSIBILTY OF THE CLIENT
While items identified as Deficient (D) in an inspection report DO NOT obligate any party to make repairs or take other actions, in the event that any further evaluations are needed, it is the responsibility of the client to obtain further evaluations and/or cost estimates from qualified service professionals regarding any items reported as Deficient (D). It is recommended that any further evaluations and/or cost estimates take place prior to the expiration of any contractual time limitations, such as option periods.

**Please Note:** Evaluations performed by service professionals in response to items reported as Deficient (D) on the report may lead to the discovery of additional deficiencies that were not present, visible, or accessible at the time of the inspection. Any repairs made after the date of the inspection may render information contained in this report obsolete or invalid.

## REPORT LIMITATIONS
This report is provided for the benefit of the named client and is based on observations made by the named inspector on the date the inspection was performed (indicated above).

ONLY those items specifically noted as being inspected on the report were inspected.

1 | Page
Promulgated by the Texas Real Estate Commission · (512) 936-3000

REI 7-6 (8/9/21)
www.trec.texas.gov

EXHIBIT B

Report Identification _____
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net

| I=Inspected | NI=Not Inspected | NP=Not Present | D=Deficient |
|---|---|---|---|
| I | NI | NP | D |

This inspection IS NOT:
- a technically exhaustive inspection of the structure, its systems, or its components and may not reveal all deficiencies;
- an inspection to verify compliance with any building codes;
- an inspection to verify compliance with manufacturer's installation instructions for any system or component and

   DOES NOT imply insurability or warrantability of the structure or its Components.

### NOTICE CONCERNING HAZARDOUS CONDITIONS, DEFICIENCIES, AND CONTRACTUAL AGREEMENTS

Conditions may be present in your home that did not violate building codes or common practices in effect when the home was constructed but are considered hazardous by today's standards. Such conditions that were part of the home prior to the adoption of any current codes prohibiting them may not be required to be updated to meet current code requirements. However, if it can be reasonably determined that they are present at the time of the inspection, the potential for injury or property loss from these conditions is significant enough to require inspectors to report them as Deficient (D). Examples of such hazardous conditions include:

- malfunctioning, improperly installed, or missing ground fault circuit protection (GFCI) devices and arc-fault (AFCI) devices;
- ordinary glass in locations where modern construction techniques call for safety glass;
- malfunctioning or lack of fire safety features such as smoke alarms, fire-rated doors in certain locations, and functional
    - emergency escape and rescue openings in bedrooms;
- malfunctioning carbon monoxide alarms;
- excessive spacing between balusters on stairways and porches;
- improperly installed appliances;
- improperly installed or defective safety devices;
- lack of electrical bonding and grounding; and
- lack of bonding on gas piping, including corrugated stainless steel tubing (CSST).

Please Note: items identified as Deficient (D) in an inspection report DO NOT obligate any party to make repairs or take other actions. The decision to correct a hazard or any deficiency identified in an inspection report is left up to the parties to the contract for the sale or purchase of the home.

This property inspection report may include an inspection agreement (contract), addenda, and other information related to property conditions.

INFORMATION INCLUDED UNDER "ADDITIONAL INFORMATION PROVIDED BY INSPECTOR", OR PROVIDED AS AN ATTACHMENT WITH THE STANDARD FORM, IS NOT REQUIRED BY THE COMMISSION AND MAY CONTAIN CONTRACTUAL TERMS BETWEEN THE INSPECTOR AND YOU, AS THE CLIENT. THE COMMISSION DOES NOT REGULATE CONTRACTUAL TERMS BETWEEN PARTIES. IF YOU DO NOT UNDERSTAND THE EFFECT OF ANY CONTRACTUAL TERM CONTAINED IN THIS SECTION OR ANY ATTACHMENTS, CONSULT AN ATTORNEY.

### ADDITIONAL INFORMATION PROVIDED BY INSPECTOR

Start Time of Inspection _9:00____, _x_AM, __PM, End Time _9:57_____, _x_AM, ___PM

Temp. ___60_____   Weather ___ Cloudy, _x__ Clear, ___ Raining, ___ Other _____

___ Un-Occupied at the time of Inspection, _x__ Occupied, (when home is occupied no furniture is moved, some areas cannot be seen or inspected)

Charge $_250.00____ Payment Method: Check #__3323, 3324_____, Cash/Cash App____ Yes, ____ No, Card_____, Paid _x__ Yes, ____ No, Zelle _____ PO#_____

No warranty, condition of the house on date of inspection. Claims limited to amount of inspection charge.

2 | Page
Promulgated by the Texas Real Estate Commission · (512) 936-3000 ·
REI 7-6 (8/9/21)
www.trec.texas.gov

Report Identification _____

Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net

| I=Inspected | NI=Not Inspected | NP=Not Present | D=Deficient |
|---|---|---|---|
| I | NI | NP | D |

## I. STRUCTURAL SYSTEMS

☐ ☒ ☐ ☐ **A. Foundations**
  Type of Foundation(s): __ Slab-on-grade, __ Pier and Beam, __ Monolithic Slab, __ Other
  Comments: Functioning as intended.

  Craw space accessible? __ Yes, __ No, __ N/A
  Method used to inspect craw space: _____

☐ ☒ ☐ ☐ **B. Grading & Drainage**
  Comments:

☐ ☐ ☐ ☒ **C. Roof Covering Materials**
  Types of Roof Covering: __ 3-Tab/_x_ 20 year or __ 30 year, __ 90# Rolled, __ Wood/Cedar, __ Tile, __ Slate, __ Metal, __ T-Loc, __ Built-Up,
  __ Other ___(Plastic Roof Covering)_____
  Viewed From: _x_ on Roof, __ Ground, __ Other_____
  Comments: 1. Damage and/or gaps around the edge flashing on the walls is allowing water into the wall system.

3 | Page
REI 7-6 (8/9/21)    Promulgated by the Texas Real Estate Commission · (512) 936-3000 ·
www.trec.texas.gov

Report Identification _____
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net
I=Inspected    NI=Not Inspected    NP=Not Present    D=Deficient

| I | NI | NP | D |
|---|----|----|---|



2. Old roofing was not removed before new roofing material was installed.



Report Identification ___ ___
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net
I=Inspected      NI=Not Inspected      NP=Not Present      D=Deficient

| I | NI | NP | D |
|---|----|----|---|
|   |    |    |   |

3. Standard roofing instillation was not followed:
   A. Roofing material should be installed starting at the low end of the roof. Then, each additional layer is installed higher on the roof and will then drain on to the lower material.
   B. The roofing material should run accost the (perpendicular) to the roof slope.

Both of these standard was not used, the roofing material was started at the high end and layered down the slope so that water could run under the lower layer. Also, on some of the slopes the material was installed parallel to the slope of the roof, allowing water under the edges to seep into the house.



Report Identification _____
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net
I=Inspected    NI=Not Inspected    NP=Not Present    D=Deficient

| I | NI | NP | D |
|---|----|----|---|

3. Vent pipes and Air vents were covered over, trapping moisture in the house.



4. Very poor workmanship, sloppy.
Unknow why previous roof inspection did not identify these instillation flaws.



Report Identification _____
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net
I=Inspected    NI=Not Inspected    NP=Not Present    D=Deficient

| I | NI | NP | D |   |
|---|----|----|---|---|

Evidence of Previous Repairs _x_ Yes, ___ No, ___ N/A

| ☐ | ☒ | ☐ | ☐ | **D. Roof Structure and Attic** |

Viewed From: ____ On Roof, ____ Inside Attic, ____ No attic available
Approximate Average Depth of Insulation: _ ____ inches.
Approximate Average Thickness of Vertical Insulation: _____ inches,
___ N/A
Comments:

Proper Ventilation of roof and attic ___ Yes, ___ No

Report Identification _____
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net
I=Inspected       NI=Not Inspected      NP=Not Present    D=Deficient

| I | NI | NP | D | |
|---|----|----|---|---|
| ☐ | ☒ | ☐ | ☐ | E. Walls (Interior and Exterior)<br>Comments: |
| ☐ | ☒ | ☐ | ☐ | F. Ceilings and Floors<br>Comments: |
| ☐ | ☒ | ☐ | ☐ | G. Doors (Interior and Exterior)<br>Comments: |
| ☐ | ☒ | ☐ | ☐ | H. Windows<br>Comments:<br><br>Missing or Damaged Screens ___ Yes, ___ No<br>Functional Emergency Openings in Bedrooms ___ Yes, ___ No |
| ☐ | ☒ | ☐ | ☐ | I. Stairways (Interior and Exterior)<br>Comments: |
| ☐ | ☒ | ☐ | ☐ | J. Fireplace/Chimney<br>Comments:<br><br>Gas Log Only ___ Yes, ___ No, ___ N/A |
| ☐ | ☒ | ☐ | ☐ | K. Porches, Balconies, Decks and Carports<br>Comments: |
| ☐ | ☒ | ☐ | ☐ | L. Other _____<br>Comments: |

8 | Page
REI 7-6 (8/9/21)                Promulgated by the Texas Real Estate Commission · (512) 936-3000
www.trec.texas.gov

Report Identification _____
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net
I=Inspected   NI=Not Inspected   NP=Not Present   D=Deficient

| I | NI | NP | D | |
|---|---|---|---|---|
| | | | | **II. ELECTRICAL SYSTEMS** |
| ☐ | ☒ | ☐ | ☐ | **A. Service Entrance and Panels** |

Comments:

AFCI present: ___ Yes, ___ No (Arc Fault Circuit Interrupter, used for fire protection)
Service From: ___ Overhead, ___ Underground
Visible wiring type:   Service: ___ Copper, ___ Aluminum
                       Feeders: ___ Copper, ___ Aluminum
Appropriate connections? ___ Yes, ___ No

☐ ☒ ☐ ☐   **B. Branch Circuits, Connected Devices and Fixtures**
Type of Wiring: ___ Copper, ___ Aluminum, ___ Other
Comments:

GFCI Lacking in: ___ Bathrooms, ___ Kitchen, ___ Garage, ___ Outside, ___ Basement/Craw Space, ___ Laundry/Utility, ___ Wet Bar. (Ground Fault Circuit Interrupter, for shock protection)

Smoke Alarms:
   Working, ___ Yes, ___ No
   Present in All Bedrooms, ___ Yes, ___ No
   Present outside Bedrooms, ___ Yes, ___ No
   Present on other floors, ___ Yes, ___ No, ___ N/A

☐ ☒ ☐ ☐   **C. Other** _____
Comments:

9 | P a g e
REI 7-6 (8/9/21)   Promulgated by the Texas Real Estate Commission · (512) 936-3000 ·
www.trec.texas.gov

Report Identification _____
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net

| I=Inspected | NI=Not Inspected | NP=Not Present | D=Deficient |
|---|---|---|---|
| I | NI | NP | D |

## III. HEATING, VENTILATION AND AIR CONDITIONING SYSTEMS

☐ ☒ ☐ ☐ **A. Heating Equipment**
Type of System: ___ Forced air, ___ Wall Units, ___ Base board, ___ other
Energy Source: ___ natural gas, ___ Electric, ___ other
Comments:

___ There is rust inside the heat exchange, have unit checked by an HVAC company for CO leaks.
___ The unit was not on at the time of inspection could not check operation.

☐ ☒ ☐ ☐ **B. Cooling Equipment:**
Type of System: ___ Evaporative Cooler,
   ___ One Speed, ___ Two Speeds
   ___ Copper, ___ Plastic (Water Line)
___ Refrigerated Air
___ Other
Comments:

___ The unit was not on at the time of inspection could not check operation.
___ Winterized

☐ ☒ ☐ ☐ **C. Duct System, Chases, and Vents**
Comments:

☐ ☒ ☐ ☐ **D. Other** _____
Comments:

10 | P a g e
REI 7-6 (8/9/21)   Promulgated by the Texas Real Estate Commission · (512) 936-3000 ·
www.trec.texas.gov

Report Identification _____
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net
I=Inspected    NI=Not Inspected    NP=Not Present    D=Deficient

| I | NI | NP | D | |
|---|---|---|---|---|
| | | | | **IV. PLUMBING SYSTEM** |
| ☐ | ☒ | ☐ | ☐ | **A. Plumbing Supply, Distribution System and Fixtures** <br> Location of water meter: ___ Street, ___ Front of House, ___ Back of House, <br> ___ Side of House, ___ Allie, ___ Other <br> Location of main water supply valve: ___ Water Meter, ___ In House, ___ Garage <br> Static water pressure reading: _____ PSI <br> ___ Less Than 40, ___ Greater Than 80 <br> Type of Supply piping material: ___ Copper, ___ CPVC, ___ Plastic, ___ Other <br> Comments: |
| ☐ | ☒ | ☐ | ☐ | **B. Drains, Wastes, Vents** <br> Type of Drain piping Material: ___ PVC, ___ Copper, ___ Metal, ___ Other <br> Comments: |
| ☐ | ☒ | ☐ | ☐ | **C. Water Heating Equipment** <br> Energy Source: ___ Natural Gas, ___ LP Gas, ___ Electric, ___ Other <br> Capacity: ___ 20, ___ 30, ___ 40, ___ 50, ___ Other (Gallons) <br> Comments: <br><br> T & P Valve working ___ Yes, ___ No (Temperature and Pressure Relief Valve) <br> ___ Gas shut off type (Watts 210) |
| ☐ | ☒ | ☐ | ☐ | **D. Hydro-Massage Therapy Equipment** <br> Comments: |
| ☐ | ☒ | ☐ | ☐ | **E. Gas Distribution Systems and Gas Appliances** <br> Location of gas meter: ___ Front, ___ Right side, ___ Left side, ___ Back yard, ___ Other _____ <br> Type of gas distribution piping material: ___ Black Pipe, ___ Flex/ CST, ___ Other <br> Comments: |
| ☐ | ☒ | ☐ | ☐ | **F. Other** _____ <br> Comments: |

11 | Page
REI 7-6 (8/9/21)    Promulgated by the Texas Real Estate Commission · (512) 936-3000
www.trec.texas.gov

Report Identification _____
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net

| I | NI | NP | D |
|---|---|---|---|
| I=Inspected | NI=Not Inspected | NP=Not Present | D=Deficient |

## V. APPLIANCES

☐ ☒ ☐ ☐  **A. Dishwashers**
Comments:

☐ ☒ ☐ ☐  **B. Food Waste Disposers**
Comments:

☐ ☒ ☐ ☐  **C. Range Hood and Exhaust Systems**
Comments:

___ Built into Microwave Oven

☐ ☒ ☐ ☐  **D. Ranges, Cooktops, and Ovens**
___ Natural Gas, ___ LP Gas, ___ Electric
___ Tip Protection __ _ Yes, ___ No, ___ N/A
350° test of Oven = ____, Pass ___, Fail ___
Comments:

☐ ☒ ☐ ☐  **E. Microwave Oven**
Comments:

☐ ☒ ☐ ☐  **F. Mechanical Exhaust Vents and Bathroom Heaters**
Comments:

___ Fan present, Operating ___ Yes, ___ No
___ Heater present, Operating ___ Yes, ___ No

REI 7-6 (8/9/21)
www.trec.texas.gov
12 | Page
Promulgated by the Texas Real Estate Commission · (512) 936-3000 ·

Report Identification _____
Timothy A. Sank, 915-346-9553, timsproinspection@sbcglobal.net
I=Inspected    NI=Not Inspected    NP=Not Present    D=Deficient

| I | NI | NP | D | |
|---|----|----|---|---|
| ☐ | ☒ | ☐ | ☐ | **G. Garage Door Operator(s)**<br>Comments:<br>___ Manual Operation OK<br>___ Power Operation OK<br>___ Auto Reverse OK |
| ☐ | ☒ | ☐ | ☐ | **H. Dryer Exhaust Systems**<br>Comments:<br>___ Through Wall, ___ Through Roof (Clean vent line out for safety) |
| ☐ | ☒ | ☐ | ☐ | **I. Other:**  **Doorbell and Chimes**<br>Comments: |
| ☐ | ☒ | ☐ | ☐ | **J. Other** _____<br>Comments: |